IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRAUNHOFER-GESELLSCHAFT ZUR FÖRDERUNG DER ANGEWANDTEN FORSCHUNG E.V., | ) ) ) ) |
| Plaintiff, | Case No. _____ ) ) |
| vs. | ) **DEMAND FOR JURY TRIAL** ) ) |
| SIRIUS XM RADIO INC., | ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Fraunhofer-Gesellschaft Zur Förderung der angewandten Forschung e.V. ("Fraunhofer") hereby pleads the following claims for relief against Defendant Sirius XM Radio Inc. ("Sirius XM") and alleges as follows:

## NATURE OF THE ACTION

1. Fraunhofer is one of the largest and most successful applied research organizations in Europe and the world. Founded in 1946, Fraunhofer now includes over 60 institutes and research units dedicated to developing real-world innovations in the fields of health, communications, security, transportation, and energy, both for private industry contracts and publicly funded projects. One of Fraunhofer's most famous inventions is the MP3, a compressed audio recording format that has become the standard for digital audio around the world. Fraunhofer has been named to the Thomson Reuters Top 100 Global Innovators list three times in the five years since the list's inception.

2. In the late 1990s, Fraunhofer's institutes began developing technology for a Digital Audio Radio Service ("DARS"), now more commonly known as satellite radio. Satellite radio has transformed the way that consumers experience radio, both in their homes and while traveling. Before satellite radio, radio listeners were restricted by the

9898763

geographical limitations of traditional AM and FM radio. Most traditional radio signals extend only 30 or 40 miles from their source, and radio listeners were forced to change stations as they traveled in and out of range.

3. Satellite radio eliminates these geographic restrictions. With satellite radio, instead of broadcasting directly from a ground station, a radio broadcaster transmits its signal more than 22,000 miles away to a satellite, which then transmits the signal back to radio receivers installed in cars and homes nationwide.

4. Satellite radio operates by transmitting a signal from a satellite orbiting the planet to terrestrial radio receivers or ground repeaters. However, because the satellite and the ground receivers and repeaters are moving at different relative speeds, the signal can become disrupted in a process known as "channel fading." To reduce the effect of channel fading—and thereby ensure the clarity of satellite broadcasts—Fraunhofer developed certain multicarrier modulation ("MCM") technologies for use in satellite radio broadcasting. MCM is a method of transmitting data by splitting it into several components and sending each of the components over separate carrier signals. Fraunhofer's novel inventions contributed to the development of a satellite radio system that permit listeners to access hundreds of music, news, and entertainment broadcasts anywhere in the United States, with absolute clarity.

5. Fraunhofer has sought to protect its hard work and ingenuity by seeking and obtaining extensive intellectual property protection for its innovations. As of the end of 2015, Fraunhofer held a portfolio of more than 6,500 patent families. This portfolio includes more than 1,500 issued United States patents on Fraunhofer's inventions, including more than 50 directly related to Fraunhofer's work on satellite communications, such as

patented inventions relating to signal transmission, data coding, and receiver processing, among others.

6. Sirius XM is the only satellite radio provider in the United States. It broadcasts hundreds of radio channels from studios in New York City, Washington, D.C., Nashville, Memphis, and Los Angeles to more than 30.6 million subscribers across the country. In addition to the subscription service, Sirius XM also sells and supplies satellite radio receiver units directly to consumers and to major auto manufacturers for pre-installation into new vehicles.

7. Sirius XM is capitalizing on Fraunhofer's innovation and success by making, selling, and using satellite radios and subscription satellite radio services that infringe Fraunhofer's patents. Sirius XM is utilizing Fraunhofer's patented inventions without license or authority from Fraunhofer.

8. Fraunhofer has brought this action to remedy Sirius XM's infringement.

## PARTIES

9. Plaintiff Fraunhofer is a non-profit corporation organized and existing under the laws of the Federal Republic of Germany, with its principal place of business at Postfach 20 07 33, 80007 Munich, Germany.

10. Defendant Sirius XM is a corporation organized and existing under the laws of Delaware with its principal place of business at 1221 Avenue of the Americas, New York, New York 10020. Upon information and belief, Sirius operates through an agent, The Corporation Trust Company, with its principal place of business at 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

11. This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction over the claims of patent infringement alleged in this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

12. This Court has personal jurisdiction over Sirius XM because it is organized and existing under the laws of Delaware. Furthermore, Fraunhofer is informed and believes, and on that basis alleges, that Sirius has committed and continues to commit acts of infringement in Delaware in violation of 35 U.S.C. § 271 by, among other things, using, selling, and offering to sell infringing products and services in this judicial district.

13. Venue in the District of Delaware is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) because, among other reasons, Sirius XM resides and is subject to personal jurisdiction in this judicial district. Furthermore, a substantial part of the events or omissions giving rise to claims alleged herein occurred in this judicial district. Sirius XM has committed acts of infringement in this judicial district by, among other things, marketing, selling, and offering for sale infringing products and services in this judicial district.

## FACTUAL BACKGROUND

14. Fraunhofer's investment in research and development has resulted in more than 1,500 patents recognized by the United States Patent and Trademark Office. This case involves four of those patents.

15. Fraunhofer is the owner of the entire right, title, and interest in and to U.S. Patent No. 6,314,289 ("the '289 Patent"), entitled "Apparatus and Method for Transmitting Information and Apparatus and Method for Receiving Information," which was duly issued

on November 6, 2001. Fraunhofer holds the exclusive rights to bring suit with respect to any past, present, and future infringement of the '289 Patent. A copy of the '289 Patent is attached as Exhibit A hereto.

16.     Fraunhofer is the owner of the entire right, title, and interest in and to U.S. Patent No. 6,931,084 ("the '1084 Patent"), entitled "Differential Coding and Carrier Recovery for Multicarrier Systems," which was duly issued on August 16, 2005. Fraunhofer holds the exclusive rights to bring suit with respect to any past, present, and future infringement of the '1084 Patent. A copy of the '1084 Patent is attached as Exhibit B hereto.

17.     Fraunhofer is the owner of the entire right, title, and interest in and to U.S. Patent No. 6,993,084 ("the '3084 Patent"), entitled "Coarse Frequency Synchronization in Multicarrier Systems," which was duly issued on January 31, 2006. Fraunhofer holds the exclusive rights to bring suit with respect to any past, present, and future infringement of the '3084 Patent. A copy of the '3084 Patent is attached as Exhibit C hereto.

18.     Fraunhofer is the owner of the entire right, title and interest in and to U.S. Patent No. 7,061,997 ("the '997 Patent"), entitled "Method and Apparatus for Fine Frequency Synchronization in Multi-Carrier Demodulation Systems," which was duly issued on June 13, 2006. Fraunhofer holds the exclusive rights to bring suit with respect to any past, present, and future infringement of the '997 Patent. A copy of the '997 Patent is attached as Exhibit D hereto.

19.     The '289, '1084, '3084, and '997 Patents are directed to apparatuses and methods used to receive and decode encoded satellite signals, identify any "channel fading" effects, such as offsets in the phase shift, frequency, or amplitude of the signal waves, and

correct for those offsets. This correction process occurs using a channel decoder, which is a component of a satellite radio receiver.

20. Fraunhofer developed the patented MCM technologies under a "Frame Agreement" it entered with WorldSpace on July 3, 1996.

21. In 1998, Fraunhofer granted an exclusive right to WorldSpace International Network Inc. ("WorldSpace") to license all Fraunhofer intellectual property rights for MCM technologies suitable for use with digital satellite broadcasts, including patents to be sought relating to MCM. Fraunhofer subsequently applied for and obtained the '289, '1084, '3084, and '997 Patents, all of which relate to MCM technologies and are covered by this exclusive license to WorldSpace (the "MCM License").

22. WorldSpace in turn granted a sub-license under the MCM License to American Mobile Radio Corporation, which was later renamed as XM Satellite Radio, Inc. ("XM Satellite"). XM Satellite sought to use the sublicensed technology in connection with the development of XM Satellite's Digital Audio Radio Services System (the "XM DARS System").

23. In July 1999, XM Satellite entered into a Technical Consulting Contract with Fraunhofer to facilitate its development efforts (the "XM Radio Contract"). Under the terms of that contract, Fraunhofer was to engineer the XM DARS System for XM Satellite, and develop and test the equipment needed to generate, receive, and decode satellite and terrestrial signals. Although the parties acknowledged that certain "background intellectual property" owned by Fraunhofer would be used to complete the development of the DARS System, the contract specifically excluded the MCM technologies that Fraunhofer had exclusively licensed to WorldSpace, for which XM Satellite had already obtained a separate

sublicense from WorldSpace. A copy of the XM Radio Contract is attached as Exhibit E hereto.

24. To fulfill its obligations under the XM Radio Contract, Fraunhofer worked in close cooperation with STMicroelectronics (an agent of XM Satellite) to develop the channel decoder IC, a decoding device that performed the phase offset correction. The channel decoder IC was the initial basis for all XM receiver developments, and is a critical component of the XM DARS System. Since 2001, STMicroelectronics chips bearing the designations STA400 (Channel Decoder), STA850 (Channel and Service & Source Decoder), STA875 (Channel and Service & Source Decoder with EEPROM), and STA895 (system on a chip ("SOC") containing a Channel Decoder) have been used in XM Satellite's satellite radio receivers.

25. Fraunhofer specifically developed the channel decoder to implement the MCM methods and apparatuses patented by Fraunhofer and licensed to WorldSpace. Thus, Fraunhofer built the infringing aspects of the XM DARS System at the request of XM Satellite using the technologies covered by the '289, '1084, '3084, and '997 Patents.

26. In 2008, XM Satellite merged with a company named Sirius Satellite Radio, which had developed its own satellite radio system, to form Sirius XM.

27. On October 17, 2008, WorldSpace filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. On June 1, 2010, the Bankruptcy Court approved an agreement between Fraunhofer, WorldSpace, and a potential buyer of WorldSpace's assets that unambiguously rejected the MCM License.[1] As a result, WorldSpace lost all rights relating to Fraunhofer's

---

[1] The agreement stated: "In the event that Fraunhofer and Yazmi [the buyer] have not entered into an agreement on the going forward business arrangements as provided for in

MCM technologies. By the same token, all WorldSpace sub-licensees, including Sirius XM, also lost any rights to the MCM technologies that had been conferred or sublicensed based on WorldSpace's License.

28. On June 12, 2012, WorldSpace's Chapter 11 case was converted to Chapter 7. Pursuant to 11 U.S.C. § 365(d), the MCM License was confirmed rejected as of August 12, 2012, when the bankruptcy trustee failed to assume either the MCM License or the sub-license to Sirius XM within sixty days after the conversion. Accordingly, Sirius XM's license terminated, at the latest, by August 12, 2012.

29. In operating the XM DARS System as well as making, using, and selling satellite radios as part of that system, Sirius XM continues to use the technologies covered by the '289, '1084, '3084, and '997 Patents for which Sirius XM no longer holds a license.

30. In October 2015, Fraunhofer informed Sirius XM that Sirius XM was infringing on Fraunhofer's valid patents and attempted to ascertain the basis upon which Sirius XM was continuing to use the patented MCM technologies. Sirius XM advised Fraunhofer that it believed that it had authority to continue using the patented MCM technologies. However, as shown above, any license or authority that Sirius XM may have had to the patented MCM technologies was terminated in connection with the bankruptcy proceedings involving WorldSpace.

31. Sirius XM offers the XM DARS System on a subscription basis to its more than 30.6 million customers. Fraunhofer is informed and believes, and on that basis alleges, that certain Sirius XM radio receivers, which are required to use the XM DARS System, contain a channel decoder IC. Thus, the XM DARS System uses Fraunhofer's MCM

---

the agreement, the license agreement will be deemed rejected." Fraunhofer and Yazmi never entered into an agreement relating to the MCM License.

technology, including the '289, '1084, '3084, and '997 Patents, to compensate for channel fading effects, without license or authority from Fraunhofer.

33. Sirius XM also develops and supplies the equipment, including satellite radios, needed to use the XM DARS system. Sirius XM sells these satellite radios directly to consumers and businesses. Sirius XM also supplies satellite radios to the largest automakers in the world, including but not limited to Toyota, General Motors, Volkswagen, Nissan, and Hyundai. Sirius XM's website identifies the full list of automakers that make Sirius XM satellite radios available for installation. *See* http://www.siriusxm.com/vehicleavailability. In 2015, Sirius XM radios were available in more than 75% of all new cars sold, and approximately one third of cars currently on the road in America are equipped with a factory-installed satellite radio. Thus, Sirius XM has caused its infringing satellite radios to be widely deployed without license or authority from Fraunhofer. These satellite radios include but are not limited to radios bearing the model designations XEZ1V1, SXPL1V1, SSV7V1, SST8V1, and GDI-SXBR1 and other radios having the same or similar functionality with respect to the '289, '1084, '3084, and '997 Patents (the "Sirius XM Satellite Radios"). The ability to access the XM DARS System on the Sirius XM Satellite Radios is an essential feature and function of these devices.

33. Fraunhofer is informed and believes that Sirius XM was well aware of Fraunhofer and had knowledge of Fraunhofer's '289, '1084, '3084, and '997 Patents before the filing of this action.

34. For example, Sirius XM obtained knowledge of Fraunhofer's patents through the contractual agreements between and among Fraunhofer, WorldSpace, and XM Satellite related to the licensing of Fraunhofer's MCM technologies.

35. In addition, Sirius XM obtained knowledge of Fraunhofer's patents and its infringement through communications from Fraunhofer in 2015 informing Sirius XM of its infringement.

36. Sirius XM also gained knowledge of Fraunhofer, Fraunhofer's patents, and its infringement of the '289, '1084, '3084, and '997 Patents as a result of this Complaint.

## FIRST CLAIM FOR RELIEF
### Infringement of U.S. Patent No. 6,314,289

37. Fraunhofer realleges and incorporates by reference Paragraphs 1 through 36 of this Complaint, as if fully set forth herein.

38. Fraunhofer is the owner of the entire right, title, and interest in and to the '289 Patent.

39. Sirius XM has infringed and is currently infringing one or more claims of the '289 Patent, in violation of 35 U.S.C. § 271.

40. Sirius XM has infringed and continues to infringe the '289 Patent in violation of 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, the XM DARS System and the Sirius XM Satellite Radios and related products and/or processes falling within the scope of one or more claims of the '289 Patent.

41. Sirius XM has infringed and continues to infringe the '289 Patent in violation of 35 U.S.C. § 271(b) by actively inducing infringement of the '289 Patent, literally and/or under the doctrine of equivalents, with knowledge of the '289 Patent and knowledge that it was inducing the infringement of the '289 Patent by, among other things, actively and knowingly aiding and abetting, assisting and encouraging others, including without limitation Toyota, General Motors, Volkswagen, Nissan, and Hyundai, and other

automakers, and other customers and end users of Sirius XM products and services, to directly infringe the '289 Patent with respect to the making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, the XM DARS System and the Sirius XM Satellite Radios and related products and/or processes falling within the scope of one or more claims of the '289 Patent. Moreover, Sirius XM had knowledge of its infringement of the Fraunhofer patents, as set forth in Paragraphs 32 through 36.

42.    Sirius XM has infringed and continues to infringe the '289 Patent in violation of 35 U.S.C. § 271(c) by contributing to infringement of the '289 Patent, literally and/or under the doctrine of equivalents, by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, the XM DARS System and the Sirius XM Satellite Radios and related products and/or processes falling within the scope of one or more claims of the '289 Patent, with knowledge of the '289 Patent knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '289 Patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.  Moreover, Sirius XM had knowledge of its infringement of the Fraunhofer patents, as set forth in Paragraphs 32 through 36.

43.    Fraunhofer is informed and believes, and on that basis alleges, that Sirius XM's infringement of the '289 Patent has been and continues to be willful and deliberate, entitling Fraunhofer to increased damages under 35 U.S.C. § 284.  Fraunhofer is informed and believes, and on that basis alleges, that Sirius XM had knowledge of the '289 Patent and its infringement, and nonetheless engaged in objectively reckless conduct by continuing to

engage in infringing activity in the face of an objectively high risk that Sirius XM was infringing Fraunhofer's valid '289 Patent.

44. Sirius XM's acts of infringement have caused damage to Fraunhofer in an amount to be proven at trial. As a consequence of Sirius XM's infringement, Fraunhofer is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

45. Fraunhofer has suffered irreparable injury as a direct and proximate result of Sirius XM's infringement for which there is no adequate remedy at law. Unless Sirius XM is enjoined, Fraunhofer will continue to suffer such irreparable injury as a direct and proximate result of Sirius XM's conduct.

## SECOND CLAIM FOR RELIEF
### Infringement of U.S. Patent No. 6,931,084

46. Fraunhofer realleges and incorporates by reference Paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

47. Fraunhofer is the owner of the entire right, title, and interest in and to the '1084 Patent.

48. Sirius XM has infringed and is currently infringing one or more claims of the '1084 Patent, in violation of 35 U.S.C. § 271.

49. Sirius XM has infringed and continues to infringe the '1084 Patent in violation of 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, the XM DARS System and the Sirius XM Satellite Radios and related products and/or processes falling within the scope of one or more claims of the '1084 Patent.

50. Sirius XM has infringed and continues to infringe the '1084 Patent in violation of 35 U.S.C. § 271(b) by actively inducing infringement of the '1084 Patent, literally and/or under the doctrine of equivalents, with knowledge of the '1084 Patent and knowledge that it was inducing the infringement of the '1084 Patent by, among other things, actively and knowingly aiding and abetting, assisting and encouraging others, including without limitation Toyota, General Motors, Volkswagen, Nissan, and Hyundai, and other automakers, and other customers and end users of Sirius XM products and services, to directly infringe the '1084 Patent with respect to the making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, the XM DARS System and the Sirius XM Satellite Radios and related products and/or processes falling within the scope of one or more claims of the '1084 Patent. Moreover, Sirius XM had knowledge of its infringement of the Fraunhofer patents, as set forth in Paragraphs 32 through 36.

51. Sirius XM has infringed and continues to infringe the '1084 Patent in violation of 35 U.S.C. § 271(c) by contributing to infringement of the '1084 Patent, literally and/or under the doctrine of equivalents, by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, the XM DARS System and the Sirius XM Satellite Radios and related products and/or processes falling within the scope of one or more claims of the '1084 Patent, with knowledge of the '1084 Patent knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '1084 Patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use. Moreover, Sirius XM had knowledge of its infringement of the Fraunhofer patents, as set forth in Paragraphs 32 through 36.

52. Fraunhofer is informed and believes, and on that basis alleges, that Sirius XM's infringement of the '1084 Patent has been and continues to be willful and deliberate, entitling Fraunhofer to increased damages under 35 U.S.C. § 284. Fraunhofer is informed and believes, and on that basis alleges, that Sirius XM, had knowledge of the '1084 Patent and its infringement, and nonetheless engaged in objectively reckless conduct by continuing to engage in infringing activity in the face of an objectively high risk that Sirius XM was infringing Fraunhofer's valid '1084 Patent.

53. Sirius XM's acts of infringement have caused damage to Fraunhofer in an amount to be proven at trial. As a consequence of Sirius XM's infringement, Fraunhofer is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

54. Fraunhofer has suffered irreparable injury as a direct and proximate result of Sirius XM's infringement for which there is no adequate remedy at law. Unless Sirius XM is enjoined, Fraunhofer will continue to suffer such irreparable injury as a direct and proximate result of Sirius XM's conduct.

### THIRD CLAIM FOR RELIEF
### Infringement of U.S. Patent No. 6,993,084

55. Fraunhofer realleges and incorporates by reference Paragraphs 1 through 54 of this Complaint, as if fully set forth herein.

56. Fraunhofer is the owner of the entire right, title, and interest in and to the '3084 Patent.

57. Sirius XM has infringed and is currently infringing one or more claims of the '3084 Patent, in violation of 35 U.S.C. § 271.

58. Sirius XM has infringed and continues to infringe the '3084 Patent in violation of 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents by, among

other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, the XM DARS System and the Sirius XM Satellite Radios and related products and/or processes falling within the scope of one or more claims of the '3084 Patent.

59. Sirius XM has infringed and continues to infringe the '3084 Patent in violation of 35 U.S.C. § 271(b) by actively inducing infringement of the '3084 Patent, literally and/or under the doctrine of equivalents, with knowledge of the '3084 Patent and knowledge that it was inducing the infringement of the '3084 Patent by, among other things, actively and knowingly aiding and abetting, assisting and encouraging others, including without limitation Toyota, General Motors, Volkswagen, Nissan, and Hyundai, and other automakers, and other customers and end users of Sirius XM products and services, to directly infringe the '3084 Patent with respect to the making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, the XM DARS System and the Sirius XM Satellite Radios and related products and/or processes falling within the scope of one or more claims of the '3084 Patent. Moreover, Sirius XM had knowledge of its infringement of the Fraunhofer patents, as set forth in Paragraphs 32 through 36.

60. Sirius XM has infringed and continues to infringe the '3084 Patent in violation of 35 U.S.C. § 271(c) by contributing to infringement of the '3084 Patent, literally and/or under the doctrine of equivalents, by, among other things, selling, offering for sale, and/or importing within this judicial district and elsewhere in the United States, without license or authority, the XM DARS System and the Sirius XM Satellite Radios and related products and/or processes falling within the scope of one or more claims of the '3084 Patent, with knowledge of the '3084 Patent knowing that such products and/or components are

especially made or especially adapted for use in the infringement of the '3084 Patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use. Moreover, Sirius XM had knowledge of its infringement of the Fraunhofer patents, as set forth in Paragraphs 32 through 36.

61. Fraunhofer is informed and believes, and on that basis alleges, that Sirius XM's infringement of the '3084 Patent has been and continues to be willful and deliberate, entitling Fraunhofer to increased damages under 35 U.S.C. § 284. Fraunhofer is informed and believes, and on that basis alleges, that Sirius XM, had knowledge of the '3084 Patent and its infringement, and nonetheless engaged in objectively reckless conduct by continuing to engage in infringing activity in the face of an objectively high risk that Sirius XM was infringing Fraunhofer's valid '3084 Patent.

62. Sirius XM's acts of infringement have caused damage to Fraunhofer in an amount to be proven at trial. As a consequence of Sirius XM's infringement, Fraunhofer is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

63. Fraunhofer has suffered irreparable injury as a direct and proximate result of Sirius XM's infringement for which there is no adequate remedy at law. Unless Sirius XM is enjoined, Fraunhofer will continue to suffer such irreparable injury as a direct and proximate result of Sirius XM's conduct.

**FOURTH CLAIM FOR RELIEF**
**Infringement of U.S. Patent No. 7,061,997**

64. Fraunhofer realleges and incorporates by reference Paragraphs 1 through 63 of this Complaint, as if fully set forth herein.

65. Fraunhofer is the owner of the entire right, title, and interest in and to the '997 Patent.

66.     Sirius XM has infringed and is currently infringing one or more claims of the '997 Patent, in violation of 35 U.S.C. § 271.

67.     Sirius XM has infringed and continues to infringe the '997 Patent in violation of 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents by, among other things, making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, the XM DARS System and the Sirius XM Satellite Radios and related products and/or processes falling within the scope of one or more claims of the '997 Patent.

68.     Sirius XM has infringed and continues to infringe the '997 Patent in violation of 35 U.S.C. § 271(b) by actively inducing infringement of the '997 Patent, literally and/or under the doctrine of equivalents, with knowledge of the '997 Patent and knowledge that it was inducing the infringement of the '997 Patent by, among other things, actively and knowingly aiding and abetting, assisting and encouraging others, including without limitation Toyota, General Motors, Volkswagen, Nissan, and Hyundai, and other automakers, and other customers and end users of Sirius XM products and services, to directly infringe the '997 Patent with respect to the making, using, offering for sale, selling, and/or importing within this judicial district and elsewhere in the United States, without license or authority, the XM DARS System and the Sirius XM Satellite Radios and related products and/or processes falling within the scope of one or more claims of the '997 Patent. Moreover, Sirius XM had knowledge of its infringement of the Fraunhofer patents, as set forth in Paragraphs 32 through 36.

69.     Sirius XM has infringed and continues to infringe the '997 Patent in violation of 35 U.S.C. § 271(c) by contributing to infringement of the '997 Patent, literally and/or under the doctrine of equivalents, by, among other things, selling, offering for sale, and/or

importing within this judicial district and elsewhere in the United States, without license or authority, the XM DARS System and the Sirius XM Satellite Radios and related products and/or processes falling within the scope of one or more claims of the '997 Patent, with knowledge of the '997 Patent knowing that such products and/or components are especially made or especially adapted for use in the infringement of the '997 Patent, and not staple articles or commodities of commerce suitable for substantial noninfringing use.  Moreover, Sirius XM had knowledge of its infringement of the Fraunhofer patents, as set forth in Paragraphs 32 through 36.

70. Fraunhofer is informed and believes, and on that basis alleges, that Sirius XM's infringement of the '997 Patent has been and continues to be willful and deliberate, entitling Fraunhofer to increased damages under 35 U.S.C. § 284.  Fraunhofer is informed and believes, and on that basis alleges, that Sirius XM, had knowledge of the '997 Patent and its infringement, and nonetheless engaged in objectively reckless conduct by continuing to engage in infringing activity in the face of an objectively high risk that Sirius XM was infringing Fraunhofer's valid '997 Patent.

71. Sirius XM's acts of infringement have caused damage to Fraunhofer in an amount to be proven at trial.  As a consequence of Sirius XM's infringement, Fraunhofer is entitled to recover damages adequate to compensate it for the infringement complained of herein, but in no event less than a reasonable royalty.

72. Fraunhofer has suffered irreparable injury as a direct and proximate result of Sirius XM's infringement for which there is no adequate remedy at law.  Unless Sirius XM is enjoined, Fraunhofer will continue to suffer such irreparable injury as a direct and proximate result of Sirius XM's conduct.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Fraunhofer hereby demands a trial by jury on all issues so triable of right by a jury raised in this Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Fraunhofer respectfully requests that the Court enter judgment as follows:

1. That Sirius XM has directly infringed the '289, '1084, '3084, and '997 Patents;

2. That Sirius XM has induced the infringement of the '289, '1084, '3084, and '997 Patents;

3. That Sirius XM has contributorily infringed the '289, '1084, '3084, and '997 Patents;

4. That Sirius XM and any of their affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, be enjoined from infringing, inducing others to infringe or contributing to the infringement of the '289, '1084, '3084, and '997 Patents;

5. That Sirius XM be ordered to pay compensatory damages to Fraunhofer, together with pre-judgment interest and post-judgment interest as allowed by law;

6. That Sirius XM be ordered to provide an accounting;

7. That Sirius XM be ordered to pay supplemental damages to Fraunhofer, including without limitation interest;

8. That the infringement by Sirius XM be adjudged willful and that the damages be increased under 35 U.S.C. § 284 to three times the amount found or measured;

9. That the Court enter judgment against Sirius XM, and in favor of Fraunhofer, in all respects;

10. That the Court determine this is an exceptional case under 35 U.S.C. § 285 and an award of attorneys' fees and costs to Fraunhofer is warranted in this action; and

11. For any such other and further relief as this Court may deem just and proper.

                                      FARNAN LLP

                                      By: /s/ Brian E. Farnan
                                          Brian E. Farnan (Bar No. 4089)
                                          Michael J. Farnan (Bar No. 5165)
                                          919 N. Market Street, 12th Floor
                                          Wilmington, Delaware 19801
                                          (302) 777-0300
                                          (302) 777-0301 (fax)
                                          bfarnan@farnanlaw.com
                                          mfarnan@farnanlaw.com

Of Counsel:
Ben J. Yorks
David McPhie (231520)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:     (310) 277-1010
Facsimile:     (310) 203-7199
byorks@irell.com
dmcphie@irell.com

                                      Attorneys for Plaintiff FRAUNHOFER- GESELLSCHAFT ZUR FÖRDERUNG DER ANGEWANDTEN FORSCHUNG E.V

Dated: February 22, 2017