# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRAUNHOFER-GESELLSCHAFT ZUR FÖRDERUNG DER ANGEWANDTEN FORSCHUNG E.V., | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 17-00184-VAC-SRF |
| vs. | ) ) | |
| SIRIUS XM RADIO INC., | ) ) | |
| Defendant. | ) | |

## DEFENDANT SIRIUS XM RADIO INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO STAY PENDING RESOLUTION OF ITS MOTION TO DISMISS

OF COUNSEL:

Jonathan S. Caplan
Mark A. Baghdassarian
P. Bradley O'Neill
Shannon H. Hedvat
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
 (212) 715-9100

Dated: May 15, 2017

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendant
Sirius XM Radio Inc.*

# TABLE OF CONTENTS

                                                                                       **Page**

TABLE OF AUTHORITIES .................................................................................................... ii

I. INTRODUCTION ........................................................................................................... 1

II. NATURE AND STAGE OF THE PROCEEDINGS AND BACKGROUND ................... 2

III. LEGAL STANDARD ..................................................................................................... 3

IV. SUMMARY OF THE ARGUMENT .............................................................................. 3

      A. Granting Sirius XM's Motion to Dismiss Would Be Case Dispositive .................. 4

      B. The Early Stage of This Action Strongly Favors a Stay ........................................ 5

      C. A Stay Will Not Unduly Prejudice or Present a Clear Tactical Disadvantage to Fraunhofer ........................................................................................ 6

      D. Sirius XM Would Face Significant Inequity in the Absence of a Stay ................... 9

V. FRAUNHOFER'S CURRENT POSITION FOR OPPOSING A STAY IS UNAVAILING ................................................................................................................. 9

VI. CONCLUSION ............................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Celorio v. On Demand Books LLC*,
    No.12-821-GMS, 2013 WL 4506411 (D. Del. Aug. 21, 2013) ........................................6, 7, 8

*Coastal States Gas Corp. v. Dep't of Energy*,
    84 F.R.D. 278 (D. Del. 1979) .................................................................................................5

*Cooper Notification, Inc. v. Twitter, Inc.*,
    2010 WL 5149351 (D. Del. Dec. 13, 2010) ...........................................................................3

*Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*,
    No.09-571-JJF, 2010 WL 2573925 (D. Del. June 25, 2010) ..................................................7

*Ever Win Int'l Corp. v. RadioShack Corp.*,
    902 F. Supp. 2d 503 (D. Del. 2012) ........................................................................................6

*Implicit Networks Inc. v. Advanced Micro Devices, Inc.*,
    No. C 08–184 JLR, 2009 WL 357902 (W.D. Wash. Feb.9, 2009) .........................................9

*Kaavo Inc. v. Cognizant Tech. Solutions Corp.*,
    No. 14-1192-LPS-CJB, 2015 WL 1737476 (D. Del. Apr. 9, 2015) ............................... *passim*

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ................................................................................................................3

*Mission Abstract Data LLC v. Beasley Broad. Grp.*,
    No. 11–176–LPS, 2011 U.S. Dist. LEXIS 130934 (D. Del. Nov. 14, 2011) ..........................9

*Robert Bosch LLC v. Alberee Products, Inc.*,
    171 F.Supp.3d 283 (D. Del. 2016) ........................................................................................10

*St. Clair Intellectual Prop. Consultants, Inc. v. Motorola Mobility LLC*,
    No. 11-1305-LPS, 2012 WL 4321743 (D. Del. Sept. 20, 2012) ........................................3, 10

*Walker Digital, LLC v. Google, Inc.*,
    No. 11–309–SLR, 2013 U.S. Dist. LEXIS 52176 (D. Del. Apr. 11, 2013) .............................9

**Other Authorities**

Chief Judge Stark's "Revised Procedures for Managing Cases –
    www.ded.uscourts.gov/judge/chief-judge-leonard-p-stark ................................................9, 10

Federal Rules of Civil Procedure 12(b)(6) .................................................................................. 1-3

Defendant Sirius XM Radio Inc. ("Sirius XM") respectfully submits this opening brief in support of its motion to stay this case pending adjudication of Sirius XM's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.I. 10, the "Motion to Dismiss").

## I. INTRODUCTION

This litigation should be stayed as all of the stay factors weigh heavily in favor of granting a stay.

First, a stay will simplify the issues in this case because Sirius XM's Motion to Dismiss is not the typical motion to dismiss based on an insufficient pleading, but instead is case dispositive. Plaintiff Fraunhofer-Gesellschaft Zur Förderung der angewandten Forschung e.V.'s ("Fraunhofer") sued Sirius XM for patent infringement, but Sirius XM has – and for nearly twenty years has had – an *irrevocable* license to the Asserted Patents. Sirius XM promptly filed the Motion to Dismiss setting forth the clear and unambiguous contractual provisions that granted this license. If the Court grants the Motion to Dismiss, the instant action *ends* as the Court would have confirmed Sirius XM's license to the Asserted Patents – the ultimate simplification of issues for trial.

Second, no discovery has been propounded, a schedule has not been entered in the case and a trial date has not been set.

Third, a stay would not prejudice Fraunhofer as Fraunhofer waited at least five years to bring the instant action. By contrast, it would be extremely prejudicial and inequitable to force Sirius XM to defend against a case that should have never been brought in the first place.

This and other Courts have routinely granted stays until a motion to dismiss is decided before proceeding with the case schedule where, as here, (i) the Motion to Dismiss would end the

case, (ii) the action is in its infancy as no discovery has been propounded and no schedule has been entered, and (iii) *only* the moving party, Sirius XM, would suffer inequity and prejudice without a stay.

In light of the foregoing, Sirius XM approached Fraunhofer, requesting that the parties agree to stay the case until the Court decides the Motion to Dismiss to conserve both judicial and party resources. Fraunhofer refused and demanded that Sirius XM file the instant motion.

For the reasons described below, Sirius XM requests that the Court stay the instant action until a decision on the Motion to Dismiss is entered.

## II. NATURE AND STAGE OF THE PROCEEDINGS AND BACKGROUND

On February 22, 2017, Fraunhofer filed a complaint against Sirius XM (D.I. 1, the "Complaint"), alleging direct, induced and contributory infringement of U.S. Patent Nos. 6,314,289; 6,913,084; 6,993,084; and 7,061,997 (collectively, the "Asserted Patents").

On April 17, 2017, Sirius XM moved to dismiss Fraunhofer's Complaint in its entirety with prejudice under Federal Rule of Civil Procedure 12(b)(6), on the grounds that Sirius XM is licensed under the Asserted Patents pursuant to a clear, unambiguous and irrevocable license between Sirius XM's predecessor, American Mobile Radio Corporation ("AMRC"), and Fraunhofer's licensee, WorldSpace International Network, Inc. ("WorldSpace"). D.I. 11.

On April 28, 2017, the parties held a meet and confer during which Sirius XM raised waiting for the Court's decision on the Motion to Dismiss before proceeding with the case schedule. While Fraunhofer indicated that it would consider such an approach, on May 8, 2017, Fraunhofer rejected it, instead demanding that Sirius XM file a motion to stay "so as to provide both parties a full and fair opportunity to brief the issues and argue their positions." D.I. 16 at 1. In response, Sirius XM agreed to file the instant motion to stay and requested that the parties

jointly ask the Court to decide the motion to stay before entering a schedule in the instant action, but Fraunhofer refused. *Id.* at 2-3.

The Court has scheduled a Rule 16 conference for May 16, 2017. The parties have not exchanged initial disclosures, and no discovery has been propounded. Sirius XM now moves the Court for a stay of the proceedings until the Motion to Dismiss is decided.

## III. LEGAL STANDARD

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see Kaavo Inc. v. Cognizant Tech. Solutions Corp.*, No. 14-1192-LPS-CJB, 2015 WL 1737476, at *1 (D. Del. Apr. 9, 2015) ("A court has discretionary authority to grant a motion to stay.") (citing *Cost Bros., Inc. v. Travelers Indent. Co.*, 760 F.2d 58, 60-61 (3d Cir. 1985)).

In determining whether to exercise its inherent authority to stay an action, this Court typically considers three factors: "(1) whether a stay will simplify the issues for trial, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *St. Clair Intellectual Prop. Consultants, Inc. v. Motorola Mobility LLC*, No. 11-1305-LPS, 2012 WL 4321743, at *1 (D. Del. Sept. 20, 2012). Courts may also consider whether the moving party would face undue hardship or inequity in the absence of a stay. *See Cooper Notification, Inc. v. Twitter, Inc.*, 2010 WL 5149351, at *2 (D. Del. Dec. 13, 2010).

## IV. SUMMARY OF THE ARGUMENT

All of the stay factors weigh heavily in favor of staying this case pending the Court's decision on Sirius XM's Motion to Dismiss. First, a stay will end this matter should the Court

3

agree with Sirius XM and grant its Motion to Dismiss – there is no greater simplification of issues for trial. Second, this case is in its infancy – no discovery has been propounded, a scheduling order has not yet been entered, and minimal resources have been spent by the parties and the Court. Third, Fraunhofer would not be unduly prejudiced or disadvantaged by a stay because the parties are not competitors, but rather have had a substantial on-going business relationship for the past 18 years – making monetary damages an adequate remedy for any alleged infringement. Finally, Sirius XM would suffer significant prejudice by having to expend money and company resources to defend against a patent infringement action when it has a license to the Asserted Patents for almost twenty years.

> **A. Granting Sirius XM's Motion to Dismiss Would Be Case Dispositive**

The first of the three factors heavily weighs in favor of a stay as the pending Motion to Dismiss, if granted, would dispose of this case *in its entirety*. Sirius XM seeks dismissal of Fraunhofer's Complaint *with prejudice* on the grounds that Sirius XM has – and for nearly twenty years has had – a license to the Asserted Patents pursuant to clear and unambiguous agreements. *See generally* D.I. 11. Indeed, as set forth more fully in Sirius XM's opening brief, the facts that demonstrate Sirius XM's license to the Asserted Patents are simple and undisputed.

First, Fraunhofer admits that it granted WorldSpace an irrevocable license to the Asserted Patents. D.I. 11 at Statement of Undisputed Facts ¶ 2; Complaint at ¶ 21.

Second, Fraunhofer admits that WorldSpace, in turn, granted Sirius XM's predecessors, AMRC and XM Satellite Radio Inc., a sublicense to the Asserted Patents which extends to Sirius XM. Complaint at ¶ 22. This sublicense was also irrevocable. D.I. 11 at Statement of Undisputed Facts ¶ 8.

Third, Fraunhofer admits that both its license to WorldSpace, and WorldSpace's sublicense to Sirius XM, encompass the Asserted Patents. Complaint at ¶¶ 21-23.

4

Realizing that a license is a complete defense to patent infringement, Fraunhofer tries to escape its own admitted facts by alleging that Sirius XM's license was terminated as a result of bankruptcy proceedings involving WorldSpace, and thus Sirius XM no longer has a license to the Asserted Patents. Complaint at ¶¶ 27-28. However, Fraunhofer ignores that the operative agreements granted "irrevocable" license rights to both WorldSpace and Sirius XM that would both survive any alleged termination. D.I. 11 at 9-11. Fraunhofer relies on a legally erroneous theory that bankruptcy law can undo or terminate Sirius XM's duly granted license to the Asserted Patents – but there is no such operation of bankruptcy law as Sirius XM explains in its Motion to Dismiss. D.I. 11 at 11-16.

As a result, a decision in favor of Sirius XM on its Motion to Dismiss will end this case, as no re-pleading by Fraunhofer could overcome Sirius XM's complete license defense to Fraunhofer's allegations of patent infringement.

Where, as here, a motion to dismiss would be case dispositive, this Court has recognized that a stay is "an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979); *see also Kaavo*, 2015 WL 1737476, at *1 ("The fact that the motion, if resolved a certain way, could be entirely case-dispositive as to all asserted claims of the one patent-in-suit (and thus, of the entire suit against all Defendants seeking a stay), is certainly a fact inuring to Defendants' benefit here.").

### B. The Early Stage of This Action Strongly Favors a Stay

The second of the three stay factors also strongly weighs in favor of a stay.

A stay is particularly appropriate here because neither the parties nor the Court have expended significant resources and the case is in its very early stages. *Kaavo*, 2015 WL 1737476, at *3. Sirius XM filed its Motion to Dismiss at the very outset of the case, and is

5

bringing the instant motion to stay a mere three weeks later, and only days after Fraunhofer demanded that such a motion be filed and then refused to stipulate to a stay before the schedule proceeds in earnest.

Sirius XM has not answered the Complaint in light of its Motion to Dismiss, the Court has yet to hold a Case Management Conference or enter a scheduling order, and discovery has not commenced in any form. Here, the benefits of a stay at this early juncture of the action are maximized. Neither the Court nor the parties have yet devoted any resources associated with discovery, invalidity and infringement contentions, or claim construction. Given that all of the foregoing activities will prove unnecessary should the Court grant Sirius XM's Motion to Dismiss, a stay pending the Court's decision would conserve both judicial and party resources.

As this Court has recognized, where, as here, "the Court and the parties hav[e] invested relatively few resources in the case[]," the second factor "*strongly* favors a stay." *Kaavo*, 2015 WL 1737476, at *3 (emphasis added); *see also Celorio v. On Demand Books LLC*, No.12-821-GMS, 2013 WL 4506411, at *1, n.1 (D. Del. Aug. 21, 2013) (stay would "promote judicial efficiency and will avoid wasting the parties' efforts and expense in parallel proceedings" where the case was "in its infant stages" as no scheduling order was entered and no trial date set); *Ever Win Int'l Corp. v. RadioShack Corp.*, 902 F. Supp. 2d 503, 507 (D. Del. 2012) ("This Court is more likely to grant stays early in a case because they are then more likely to advance judicial efficiency and 'maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims.'") (quoting *Gioello Enters. Ltd. v. Mattel, Inc.*, No. C.A. 99–375 GMS, 2001 WL 125340, at *2 (D. Del. Jan. 29, 2001).

## C. A Stay Will Not Unduly Prejudice or Present a Clear Tactical Disadvantage to Fraunhofer

The third of the stay factors also weighs heavily in favor of granting a stay.

Fraunhofer will not be unduly prejudiced or disadvantaged by a stay of this action. At most, a stay will result in a minor delay while this Court resolves Sirius XM's Motion to Dismiss. While some delay is inherent to any stay, that delay "alone does not warrant a finding that [a plaintiff] will be unduly prejudiced." *Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, No.09-571-JJF, 2010 WL 2573925, at *3 (D. Del. June 25, 2010). Instead, the Court "must assess a variety of sub-factors to determine whether granting a stay will result in undue prejudice to the non-moving party, including the timing of the stay request ... the relationship between the parties and the related question of whether the plaintiff may be compensated through future money damages." *See Celorio*, 2013 WL 4506411, at *1 n.1 (citation omitted). Here, all of these considerations weigh heavily in favor of a stay.

More particularly, Sirius XM filed its Motion to Dismiss, in lieu of an answer, less than two months after Fraunhofer commenced this action, and then filed the instant motion only days after Fraunhofer refused to stipulate to a stay and demanded that the issue be fully briefed. Given Sirius XM's timely and prompt filings of both the Motion to Dismiss and the instant motion for a stay, there is no question that Sirius XM will not gain any unfair tactical advantage from the requested stay. *See id.* (observing that prompt filings of both petition for reexamination and motion to stay counseled against inference that defendant was attempting to gain an unfair tactical advantage).

Moreover, Fraunhofer will not be prejudiced or suffer any tactical disadvantage. In fact, Fraunhofer waited nearly *five years* before filing this action because it alleges in the Complaint (based on a legally erroneous theory theory) that Sirius XM's license to the Asserted Patents terminated by August 12, 2012 . Complaint at ¶ 28. For Fraunhofer to now claim that it would be unduly prejudiced by a minor delay pending the Court's resolution of the Motion to Dismiss

7

after having waited for at least five years before commencing the instant action strains credulity. To the contrary, Fraunhofer's own delay in bringing this suit confirms that no such prejudice would occur. *See*, *e.g.*, *Kaavo*, 2015 WL 1737476, at *4 n.9 (holding that period of two years between issuance of patent and filing of law suit weighed against a finding of undue prejudice).

The relationship between the parties also mitigates against a finding of undue prejudice. Fraunhofer is not a competitor of Sirius XM, but rather a research organization with a long-standing business relationship with Sirius XM who already licensed Sirius XM under the Asserted Patents. The absence of a competitive relationship means that typical rationales which might counsel against a stay, such as the potential for price erosion, loss of market share and negative impact on customer goodwill, are simply not implicated in this case. *See*, *e.g.*, *Celorio*, 2013 WL 4506411, at *1 n.1 ("[B]ecause Celorio has failed to demonstrate that the parties are currently direct competitors, it is clear that the rationale behind the 'direct competitor' consideration—protection of market share and good will—are not implicated in this case and, as a result, the court does not consider it."). Having already been paid for a license to the Asserted Patents, Fraunhofer has established that monetary damages are a sufficient remedy – albeit an undeserved one as set forth in Sirius XM's pending Motion to Dismiss.

Under such circumstances, courts have routinely held that "a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement." *Implicit Networks Inc. v. Advanced Micro Devices, Inc.*, No. C 08–184 JLR, 2009 WL 357902, at *3 (W.D. Wash. Feb.9, 2009); *see also Walker Digital, LLC v. Google, Inc.*, No. 11–309–SLR, 2013 U.S. Dist. LEXIS 52176, at *7 (D. Del. Apr. 11, 2013) (concluding that "because [the plaintiff] is a non-practicing entity, any prejudice that may result from a stay can be remedied by monetary damages."); *Mission Abstract Data LLC v. Beasley Broad. Grp.*, No. 11–176–LPS,

2011 U.S. Dist. LEXIS 130934, at *12–13 (D. Del. Nov. 14, 2011) (concluding that the relationship between the parties favored a stay because the plaintiff was "a non-practicing entity, which does not manufacture or sell the products covered by the patents in suit and seeks to collect licensing fees.").

D.  **Sirius XM Would Face Significant Inequity in the Absence of a Stay**

Whereas Fraunhofer would suffer no prejudice if this action were stayed, Sirius XM would suffer significant inequity and prejudice if required to go forward with the litigation before a decision on its Motion to Dismiss. Sirius XM has had a license to the Asserted Patents for almost twenty years. Fraunhofer now attempts to terminate and undo that license by making legally erroneous allegations and intentionally disregarding the unequivocal, irrevocable and exclusive rights to the Asserted Patents that are duly sublicensed to Sirius XM. This Court should exercise its inherent authority to stay this action to prevent against the inequity of forcing Sirius XM to expend significant resources defending against a case that should never have been brought in the first instance.

V.  **FRAUNHOFER'S CURRENT POSITION FOR OPPOSING A STAY IS UNAVAILING**

In the parties' Proposed Scheduling Order, Fraunhofer cites Chief Judge Stark's "Revised Procedures for Managing Cases" (the "Revised Procedures") as support for the proposition that "the general practice in this District is to not defer the scheduling process solely due to the pendency of a motion to dismiss." D.I. 16. Fraunhofer's reliance on the Revised Procedures is unavailing. The Revised Procedures state that "[e]ach patent case will initially be treated as its own case," and grant the Magistrate Judge "full authority to work with the parties to craft a schedule appropriate to the particular circumstances of each patent case." Honorable Leonard P.

9

Stark, Revised Procedures for Managing Patent Cases (June 18, 2014), at 1, 5, available at

http://www.ded.uscourts.gov/judge/chief-judge-leonard-p-stark.

Moreover, this Court has emphasized that Chief Judge Stark's "procedure certainly leaves plenty of room for the Court to stay discovery and defer entry of a schedule if a case-dispositive motion to dismiss is pending." *Kaavo*, 2015 WL 1737476, at *3 n.6. Indeed, Chief Judge Stark himself has granted stays pending case dispositive motions on numerous occasions. *See*, *e.g.*, *Robert Bosch LLC v. Alberee Products, Inc.*, 171 F.Supp.3d 283 (D. Del. 2016) (granting defendant's motion to stay proceedings pending resolution of motion to dismiss for discovery violations); *St. Clair Intellectual Property Consultants, Inc. v. Motorola Mobility LLC*, No. 11-1305-LPS (D. Del. Sept. 20, 2012) (granting defendant's motion to stay proceedings pending resolution of multiple summary judgment motions, including several seeking to invalidate the asserted patents, filed in related patent infringement cases). Similar to these cases, Sirius XM's request should be granted because, as explained above, neither party would be prejudiced, the case is in its very early stages, and a stay would benefit both the parties' and the Court's time and resources.

## VI. CONCLUSION

For the foregoing reasons, Sirius XM respectfully requests that this case be stayed pending a decision on its Motion to Dismiss.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON CORROON LLP |
| Jonathan S. Caplan<br>Mark A. Baghdassarian<br>P. Bradley O'Neill<br>Shannon H. Hedvat<br>KRAMER LEVIN NAFTALIS<br> & FRANKEL LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br> (212) 715-9100 | By: */s/ Philip A. Rovner*<br>Philip A. Rovner (# 3215)<br>Jonathan A. Choa (#5319)<br>1313 North Market Street 6th Floor<br>Wilmington, Delaware 19801<br>Tel: (302) 984-6000<br>provner@potteranderson.com<br>jchoa@potteranderson.com<br><br>*Attorneys for Defendant*<br>*Sirius XM Radio Inc.* |

Dated: May 15, 2017
5161187