**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

FRAUNHOFER-GESELLSCHAFT ZUR )
FÖRDERUNG DER ANGEWANDTEN )
FORSCHUNG E.V., )
)
     Plaintiff, ) C.A. No. 17-00184-VAC-SRF
)
     vs. )
)
SIRIUS XM RADIO INC., )
)
     Defendant. )

## [PROPOSED] SCHEDULING ORDER

This 23rd day of __May__ , 20 17 , the Court having conducted an initial Rule 16

scheduling and planning conference pursuant to Federal Rule of Civil Procedure 16(b) and

Local Rule 16.1 on May 16, 2017, and the parties having determined after discussion that

the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding

arbitration;

     IT IS ORDERED that:

    1.    **Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard**.

     Unless otherwise agreed to by the parties, the parties shall make their initial

disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within ten (10) days of the

Rule 16 Conference (May 26, 2017). If they have not already done so, the parties are to

review the Default Standard for Discovery of Electronic Documents (the "E-Discovery

Order"), which is posted on Magistrate Judge Fallon's section of the Court's website

(http://www.ded.uscourts.gov) under the "Guidelines" tab, and is incorporated herein by

reference. The deadlines pursuant to Paragraph 4 of the E-Discovery Order shall be as

follows:

(a) Paragraph 4(a) requirements are due on: **June 15, 2017**

(b) Paragraph 4(b) requirements are due on: **July 14, 2017**

(c) Paragraph 4(c) requirements are due on: **September 15, 2017**

(d) Paragraph 4(d) requirements are due on: **November 17, 2017**

2.    **Joinder of Other Parties and Amendment of Pleadings**.  All motions to
join other parties and to amend or supplement the pleadings shall be filed on or before:
**December 14, 2017.**

3.    **Discovery**.  Unless otherwise ordered by the Court, the limitation on
discovery set forth in Local Rule 26.1 shall be strictly observed.

    a.    Depositions.

        i.    Limitations on Hours for Fact Deposition Discovery.  Each
side is limited to a total of 70 hours of taking testimony by deposition upon oral examination
of fact witnesses.

        ii.    Location of Depositions.  Any party or representative (officer,
director, or managing agent) of a party filing a civil action in this district court must
ordinarily be required, upon request, to submit to a deposition at a place designated within
this district, or at the offices of counsel of record.  Exceptions to this general rule may be
made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant,
or third-party plaintiff shall be considered as having filed an action in this Court for the
purpose of this provision.

    b.    Discovery Cut Off.  All discovery in this case shall be initiated so that
it will be completed on or before **July 31, 2018.**  Document production is to be substantially
completed by **January 31, 2018**.  Unless otherwise ordered by the Court, the limitations on
discovery set forth in Local Rule 26.1 shall be strictly observed.

2

c.   Disclosure of Expert Testimony.

i.   Expert Reports.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **August 24, 2018**.  The supplemental expert disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **October 26, 2018**.  Reply expert reports directed to rebuttal opinions regarding objective indicia of non-obviousness from the party with the initial burden of proof are due on or before **November 16, 2018**.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  All expert discovery in this case will be completed on or before **December 17, 2018**.

ii.   Objections to Expert Testimony.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

d.   Discovery Matters and Disputes Relating to Protective Orders.

Should counsel find they are unable to resolve a discovery matter or those other matters covered by this paragraph,[1] the parties involved shall contact chambers at (302) 573-4551 to schedule a telephone conference.  After the parties have contacted chambers and have scheduled a teleconference, the moving party or parties should file a "[Joint] Motion for Teleconference To Resolve [Protective Order or Discovery] Dispute."  The suggested text

---

[1] Counsel are expected to *verbally* discuss the issues/concerns before seeking the Court's intervention.

3

for this motion can be found in Magistrate Judge Fallon's section of the Court's website in the "Forms" tab, under the heading "Discovery Matters-Motion to Resolve Discovery Disputes."

Not less than seventy-two (72) hours prior to the conference, excluding weekends and holidays, the party seeking relief shall file with the Court a letter, not to exceed four (4) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than forty-eight (48) hours prior to the conference, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12-point font, outlining that party's reason for its opposition. Courtesy copies of the letters are to be hand delivered to the Clerk's Office within one hour of e-filing.

Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes or issues regarding protective orders, or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in accordance with this paragraph.

No motions to compel or motions for protective order shall be filed absent approval of the Court. Absent express approval of the Court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

4. **Application to Court for Protective Order**. Should counsel find it will be necessary to apply to the Court for a protective order specifying the terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by **June 15, 2017.** Should

4

counsel be unable to reach an agreement on a proposed form of protective order, counsel must follow the provisions of Paragraph 3(d) above.

Any proposed protective order should include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who in other proceedings becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding.

5. **Papers Filed Under Seal**. When filing papers under seal, counsel should deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

6. **Courtesy Copies**. The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.

7. **ADR Process**. This matter will be discussed during the Rule 16 scheduling conference.

8. **Interim Status Report**. On **January 24, 2018**, counsel shall submit a joint interim report to the Court on the nature of the matters in issue and the progress of discovery to date.

9. **Status Conference**. On **April 24, 2018**, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at **1:00 p.m.** Plaintiff's counsel

shall initiate the telephone call.  At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussion and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.  If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

10.  **Tutorial Describing the Technology and Matters in Issue**.  Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes.  The tutorial should focus on the technology in issue and should not be used to argue the parties' claim construction contentions.  The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect.  Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial.  Any such comment shall be filed no later than the date on which the answering claim construction briefs are due.  As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

11.  **Case Dispositive Motions**.  All case dispositive motions, as well as opening briefs and affidavits, if any, in support of the motions, shall be served and filed on or before **January 16, 2019.**  Oppositions to any dispositive motions shall be served and filed on or before **February 15, 2019**.  Replies to any dispositive motions shall be served and filed on or before **March 1, 2019**.  If the matter is scheduled for a bench trial, no case dispositive motions shall be filed without prior authorization of the Court.  In all other respects, briefing will be presented pursuant to the Court's Local Rules, except as modified during the

scheduling conference. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

Any reference to exhibits in the briefs must refer to the specific pages of the exhibit proffered in support of a party's argument. If the exhibit is a deposition, both the page and line numbers must be specified.[2]

12.    **Claim Construction Issue Identification**. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s) on **December 15, 2017.** This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **January 26, 2018.** The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

13.    **Claim Construction Briefing**. The parties shall contemporaneously submit initial briefs on claim construction issues on **February 9, 2018.** The parties' answering/responsive briefs shall be contemporaneously submitted on **March 9, 2018.** No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.

---

[2] For example, a reference to an exhibit that refers to the entire document will not be accepted and is not consistent with this provision.

7

Local Rule 7.1.3(a)(4) shall control the page limitation for initial (opening) and responsive (answering) briefs.

14. **Hearing on Claim Construction**. Beginning at **1:00 p.m.** on **April 4, 2018**, the Court will hear evidence and argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they would like to have allocated to them for the hearing. The Court will issue its decision on claim construction on or before **May 11, 2018**.

15. **Applications by Motion**. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

16. **Pretrial Conference**.[3] On **June 5, 2019**, the Court will hold a Pretrial Conference in Court with counsel beginning at **1:00 p.m.** Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before **May 22, 2019**. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

---

[3] The pretrial order, pretrial conference, and trial dates are subject to the availability of the District Judge pending such assignment.

8

17.    **Motions *in Limine***.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to five (5) *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single on (1) page reply), unless otherwise permitted by the Court.

18.    **Jury Instructions, Voir Dire, and Special Verdict Forms**.  Where a case is to be tried to a jury, pursuant to Local Rule 47 and 51 the parties should file **joint** (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference.  That submission shall be accompanied by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

19.    **Trial**.  This matter is scheduled for a **8** day jury trial beginning at 9:30 a.m. on **July 8, 2019**, with the subsequent trial days beginning at 9:00 a.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

/s/ _____

UNITED STATES MAGISTRATE JUDGE