

March 6, 2018

**VIA E-FILING**
The Honorable Sherry R. Fallon
J. Caleb Boggs Federal Building
844 N. King Street
Room 3124, Unit 14
Wilmington, DE 19801-3555

    Re:    <u>Fraunhofer-Gesellschaft Zur Förderung der angewandten Forschung e.V. v. Sirius XM Radio Inc. (C.A. No. 17-cv-184-JFB-SRF)</u>

Dear Judge Fallon:

Plaintiff Fraunhofer submits this letter brief to address an urgent dispute with Defendant Sirius XM ("SXM"). *See* 3/6/2018 Order & Scheduling Order (D.I. 26) at 3-4. SXM has chosen to rely heavily on a 90-page declaration from its expert, Mr. Nigel Jones, in support of SXM's claim construction positions in this case, yet has timely refused to produce him for deposition.

*Background*

The basic facts underlying this dispute are straightforward. The Scheduling Order sets forth a number of basic deadlines pertaining to the claim construction phase of this case, as further elaborated in an oral order issued on February 6, 2018. D.I. 26; Ex. A (2/6/2018 Tr.). Pursuant to these orders, the parties submitted a Joint Claim Construction Chart ("JCCC") identifying 14 terms to be address at the *Markman* stage along with intrinsic evidence supporting those proposed constructions. D.I. 112. SXM submitted lengthy constructions for several of the claim terms, and took the position that many of Fraunhofer's claims should be invalidated altogether as indefinite under 35 U.S.C. § 112. *See, e.g., id.* at 2, 4, 6, 8.

The Court also provided for a "technical tutorial" to be submitted along with the parties' opening claim construction briefs. D.I. 26 at 6. The Court explained that such a tutorial could be submitted either "separately or jointly" and should take the form of a "DVD of not more than 30 minutes." *Id.* The Court also mandated that any such tutorial "should focus on the technology in issue and should not be used to argue the parties' claim construction contentions." *Id.* On February 16, 2018, Fraunhofer timely submitted a tutorial DVD to the Court in accordance with these requirements. *See* D.I. 114.

SXM did not submit a tutorial DVD along with its opening claim construction brief. Instead, SXM chose to accompany its brief by a 90-page declaration from its technical expert. D.I. 117. The declaration was captioned "DECLARATION OF NIGEL JONES PROVIDING A TECHNOLOGY TUTORIAL FOR THE ASSERTED PATENTS **AND IN SUPPORT OF [SXM's] OPENING CLAIM CONSTRUCTION BRIEF**." *Id.* at 1 (emphasis added). SXM cited to and relied extensively on the Jones Declaration throughout its opening claim construction brief. *See generally* D.I. 115 (citing paragraphs 13-46, 48-71, 95-119, 122-130, 132-187, 189-222, and 224-228 of the Jones Declaration).

Upon performing an initial analysis of SXM's opening brief and the supporting Jones Declaration, Fraunhofer realized the extent to which SXM's claim construction positions were premised upon the mistaken and unfounded opinions of its expert. Accordingly, less than one week after SXM had served the Jones Declaration, Fraunhofer served a notice seeking to depose Mr. Jones and cross-examine him regarding the basis (or lack thereof) for the many substantive positions taken in his declaration that SXM was relying upon. D.I. 120 (served the morning of February 22, 2018). Because the Scheduling Order provided one month between the opening and answering claim construction briefs (*see* D.I. 26 at 7), there was plenty of time for this deposition to be completed and the testimony incorporated into Fraunhofer's answering brief.

Nevertheless, after repeated requests, SXM ultimately informed Fraunhofer that it would not produce Mr. Jones for deposition. *See* Ex. B (email chain) at 4-5. In so doing, SXM characterized the 90-page Jones Declaration as a mere "technical tutorial" and argued that the Scheduling Order did not allow for the requested deposition. *Id.* at 4. Fraunhofer pointed out in response that the Jones Declaration was not a proper technical tutorial but rather contained extensive argument in support of SXM's substantive claim construction positions that Fraunhofer had a right to probe via cross-examination. *Id.* at 2 (citing cases). The parties held a meet-and-confer on the issue on March 1, 2018 (after getting postponed at SXM's request), but were ultimately unable to reach agreement on the matter.

### *SXM's Substantive Expert Testimony Must Be Subject To Cross-Examination*

SXM cannot rely upon testimonial expert evidence in support of its substantive claim construction positions in this case while simultaneously shielding its expert from cross-examination. The cross-examination right is fundamental to the American judicial system and has been repeatedly reaffirmed, including in contexts where expert testimony was submitted via declaration. *See, e.g.*, *Cox v. Commonwealth Oil Co.*, 31 F.R.D. 583, 584 (S.D. Tex. 1962); *U.S. v. Hooker Chemicals & Plastics Corp.*, 112 F.R.D. 333, 338 341 (W.D.N.Y. 1986); *Positive Techs., Inc. v. Sony Elecs., Inc.*, 2013 WL 1402337, at *2 (N.D. Cal. Apr. 5, 2013); *see also* N.D. Cal. Patent Rule 4-4 (providing for deposition of claim construction experts); S.D. Cal. Patent Rule 4.3 (same); W.D. Pa. Patent Rule 4.3(a) (same).

For example, in the *Positive Technologies* case, a patentee submitted an expert declaration in support of its substantive positions, but took the position that this expert should not be deposed as his testimony was only in declaration form and he would not be called to testify live at trial. *Positive Techs.*, 2013 WL 1402337, at *1 (citing Fed. R. Civ. P. 26(b)(4)(D)). The court rejected this argument and ordered that the expert should be produced for deposition. *Id.* at *2. The court observed the broad scope of discovery allowed under the Federal Rules, including with respect to "sworn testimony" submitted via declaration. *Id.* ("affidavits and depositions are a substitute for live testimony at trial"). Thus, the patentee had "opened the door" to deposition discovery by submitting and relying upon an expert declaration in support of its substantive positions in the case. *Id.* The same rule applies here, where SXM is relying heavily on its expert to have the claims construed in an extraordinarily narrow manner—a result that SXM appears to believe will have a case-dispositive impact. Given the scope of what SXM is attempting to do

with the opinions set forth in the Jones Declaration, due process mandates that Fraunhofer be given a full and fair opportunity to probe the opinions of Mr. Jones via cross-examination.

SXM mistakenly claims that Mr. Jones should be immune from cross-examination because the Jones Declaration is purportedly nothing more than a "technical tutorial." But the Jones Declaration itself states that it is submitted "IN SUPPORT OF [SXM's] OPENING CLAIM CONSTRUCTION BRIEF," and in fact it contains numerous argumentative passages that directly advocate for SXM's chosen claim construction. *See, e.g.*, D.I. 117 at ¶ 188 ("For these reasons, in my opinion, SXM has proposed the correct construction for this term."). Moreover, the Jones Declaration is in the wrong format for a technical tutorial under the Scheduling Order (it is not a DVD) and provides much more material in writing than ever could have been included in a 30-minute audiovisual presentation, which is the upper limit allowed under the Scheduling Order. D.I. 26 at 6. (For example, reading only pages 4 and 5 of the Jones Declaration out loud appears to take about three minutes, suggesting that the entire 90-page declaration would have been well over an hour if submitted in DVD form.)

SXM has now further disclosed – for the first time yesterday afternoon – that its expert is not available for deposition between now and the deadline for answering briefs on March 16, 2018. This is no excuse for SXM. It was SXM's decision to submit and rely upon its expert for purposes of the claim construction phase of this case, and it knew or should have known that this would include the obligation to make him available for deposition in the month between opening and answering briefs. Moreover, SXM had a window of over three weeks to produce its expert for deposition at the time it received the deposition notice from Fraunhofer. SXM should not be rewarded for its delay. Finally, SXM has failed to disclose what are the alleged conflicts that might prevent a timely deposition.

Accordingly, the Court should order Mr. Jones to appear for deposition regarding his claim construction declaration by March 14, 2018, if at all possible. Alternatively, if the Court concludes that Mr. Jones is truly unavailable before then, Fraunhofer submits that the Court should order the deposition to go forward at the earliest available date before the claim construction hearing, and that Fraunhofer be given the opportunity to present a supplemental brief to the Court setting forth any relevant cross-examination testimony.

As a further alternative, Fraunhofer proposes that the Jones Declaration be stricken in its entirety such that SXM may not rely upon it in support of its claim construction positions. As explained above, the Jones Declaration is not a proper technical tutorial under the requirements of the Scheduling Order. Case law further demonstrates that substantive testimony such as that set forth in the Jones Declaration may be stricken where it has not been vetted through discovery via deposition or otherwise. *See, e.g.*, *INVISTA N. Am. S.a.r.l. v. M & G USA Corp.*, 951 F. Supp. 2d 604, 610 (D. Del. 2013) (striking expert declaration submitted with claim construction brief); *see also Biovail Labs. Int'l SRL v. Cary Pharm. Inc.*, No. CIV.09-605-JJF-LPS, 2010 WL 2132021, at *3 (D. Del. May 26, 2010) (ordering deposition of claim construction expert and noting that failure to do so would result in prejudice to opposing party). Striking this expert testimony will not prejudice SXM in any way, as expert testimony is heavily disfavored in claim construction in any event. *See Phillips v. AWH Corp.*, 415 F. 3d 1303, 1318-19 (Fed. Cir. 2005)

(en banc) (noting limitations on usefulness of expert testimony and impact of bias on opinions not subject to cross-examination).

        Respectfully submitted,

        /s/ Brian E. Farnan

        Brian E. Farnan

cc: Counsel of Record (Via E-Filing)