

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984 6000
www.potteranderson.com

**Philip A. Rovner**
**Partner**
provner@potteranderson.com
(302) 984-6140 Direct Phone
(302) 658-1192   Fax

March 7, 2018

**BY CM/ECF AND HAND DELIVERY**

The Honorable Sherry R. Fallon
U.S. District Court for the District of Delaware
U.S. Courthouse
844 North King Street
Wilmington, DE 19801

      Re:    *Fraunhofer-Gesellschaft Zur Forderung der angewandten Forschung e.V. v. Sirius XM Radio, Inc.* (C.A. No. 17-184-JFB-SRF)

Dear Judge Fallon:

Sirius XM Radio Inc. ("SXM") submits this letter in response to Fraunhofer's March 6 letter demanding an immediate deposition of SXM's expert.  Fraunhofer's demand is premised on a number of fundamental errors meant to create a tactical advantage for itself.  As explained below, SXM offered to make Mr. Jones available for deposition following completion of claim construction briefing.  That way, if Fraunhofer submits a responsive declaration, both experts can be deposed at the same time.  Fraunhofer, however, rejected this fair and balanced approach.

**The Scheduling Order Provides Definitive Instructions for Claim Construction Briefing**

Contrary to Fraunhofer's assertion, nothing in the Scheduling Order or in this Court's Local Rules prohibits submitting a declaration as a technology tutorial or in support of an opening claim construction brief.

*First*, the Scheduling Order, in paragraph 10, states that "the parties *shall* provide . . . a tutorial on the technology at issue."  Dkt. 26 at ¶ 10 (emphasis added).  In the very next sentence, the Scheduling Order states  that "the parties *may* separately or jointly submit a DVD of not more than 30 minutes."  *Id.* (emphasis added).  The Scheduling Order does not, as Fraunhofer contends, require that the tutorial "*should take the form* of a 'DVD of not more than 30 minutes.'"  Dkt. 124 at 1.  Consistent with the Scheduling Order's actual directive, SXM submitted a technology tutorial in the form of the Declaration of Nigel Jones (the "Jones Declaration"), while Fraunhofer submitted a narrated DVD where neither the identity of the narrator nor the evidentiary basis for that tutorial is revealed.  The Scheduling Order then provides that "[e]ach party may comment, in writing (in no more than 5 pages) on the opposing

The Honorable Sherry R. Fallon
Page 2

party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due." Dkt. 26 at ¶ 10.

*Second*, the Scheduling Order provides that the parties have until the filing of their answering claim construction briefs to "request leave to present testimony at the hearing." Dkt. 26 at ¶ 14. Consistent with this portion of the Scheduling Order, the Jones Declaration, ***in addition to the technology tutorial***, provides the Court with a detailed description of portions of the patents and a discussion of the related technical issues relevant to resolution of the claim construction disputes. Mr. Jones expressly states that he is prepared to testify regarding the disclosures in his declaration. If Fraunhofer disagrees with Mr. Jones's declaration, it should submit an expert declaration of its own. Both experts can then be deposed before the *Markman* hearing.

**The Jones Declaration Properly Provides a Technology Tutorial and Other Guidance for the Court's Consideration**

Fraunhofer incorrectly contends that the Jones Declaration comprises a 90-page technology tutorial. It does not. The Jones Declaration expressly states, on the second page, that it has two components – (1) a tutorial of the technology background relating to the Asserted Patents and (2) a description of how one of ordinary skill in the art would understand the claim terms in dispute:

> Outlined below are the basic fundamentals of communications related to the Asserted Patents followed by a discussion of relevant technological background for each of the Asserted Patents. Within the discussion of each of the Asserted Patents, I have provided (A) a tutorial for the technology relevant to the Asserted Patents; and (B) a general description relating to each of the Asserted Patents with an explanation of the technical terms and concepts that relate to each of the patents and the particular claim limitations at issue in this case and at issue in the context of the claim construction briefing that has been submitted to the Court.

Dkt. 117 at ¶ 12. The Jones Declaration, therefore, is consistent with the Scheduling Order and is also exemplary of the type of additional evidence this District permits and considers in *Markman* proceedings. *See President & Fellows of Harvard Coll. v. Micron Tech., Inc.*, C.A. No. 17-1729-LPS-SRF, 2018 WL 565309, at *1 (D. Del. Jan. 26, 2018) ("The parties submitted technology tutorials . . . claim construction briefs . . . and expert declarations."). It is black letter law that patent claims must be interpreted from the perspective of a person of ordinary skill in the relevant art at the time of the invention (a "POSITA") and the Jones Declaration provides guidance from such a person. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005); *see also President & Fellows of Harvard Coll.*, 2018 WL 565309, at *2 ("expert testimony can be useful 'to ensure that the court's understanding of the technical aspects of the patent is consistent with that of a person of skill in the art, or to establish that a particular term in the patent or the prior art has a particular meaning in the pertinent field'" (citing *Phillips*, 415 F.3d at 1318)).

The Honorable Sherry R. Fallon
Page 3

**Deposition Discovery Should Follow Briefing by the Parties**

Fraunhofer erroneously suggests that the Scheduling Order mandates a deposition. Although other cases in this District have contemplated deposition discovery in connection with *Markman* proceedings, the Scheduling Order in this case does not. *See e.g.*, *Biovail Labs. Int'l SRL v. Cary Pharm. Inc.*, C.A. No. 09-605-JJF-LPS, 2010 WL 2132021, at *1 (D. Del. May 26, 2010) (Scheduling Order specifically provided for "Depositions of experts who submitted declarations"). Nevertheless, Fraunhofer erroneously asserts that SXM refused a deposition. Dkt. 124 at 2. That is not true. SXM offered a fair and balanced solution whereby any depositions would follow the completion of claim construction briefing. Fraunhofer rejected that approach.

More specifically, when Fraunhofer first raised the issue of a deposition nearly a week after the Jones Declaration was submitted, SXM promptly responded and met and conferred with Fraunhofer. SXM asked Fraunhofer whether it plans to submit a responsive declaration (which could result in testimony at the *Markman* hearing), but Fraunhofer refused to so inform SXM. When SXM further suggested that any deposition should be conducted after the parties exchanged their responsive claim construction briefs so that both parties would have the equitable benefit of the other side's responses and full set of evidence, Fraunhofer refused. SXM then suggested that depositions conducted after the completion of claim construction briefing could be followed by short supplemental submissions to the Court (with the Court's permission), but Fraunhofer once again refused.

In contrast, Fraunhofer demanded an immediate deposition of Mr. Jones followed by Fraunhofer unilaterally deciding whether it would then submit any responsive declaration after completing that deposition. Leaving aside that SXM should have the benefit of Fraunhofer's position (including its responsive brief and any declaration that might be submitted in support) before a deposition occurs, Fraunhofer refused to even contemplate affording SXM a supplemental submission in the event Fraunhofer submitted an expert declaration with its responsive claim construction brief. In short, as SXM explained to the Court in the e-mail that raised this dispute, SXM has no objection to a schedule for deposition discovery, but it should be one that provides for ***two-way discovery*** and not the one-way discovery Fraunhofer proposed to create a tactical advantage for itself.

This Court has permitted SXM's reasonable and balanced approach. *See Forest Labs., Inc. v. Teva Pharm. USA, Inc.*, C.A. No. 14-1058-LPS, 2016 WL 54910, at *3 (D. Del. Jan. 5, 2016), *aff'd*, No. 2016-2550, 2017 WL 6311688 (Fed. Cir. Dec. 11, 2017) (parties stipulated to "take expert depositions and file reply claim construction briefs that would address 'expert witness issues only'"). This Court has also rejected Fraunhofer's prejudicial and imbalanced approach. For example, in *Biovail Labs.*, a case that Fraunhofer relies upon in its letter,[1] the Court granted the deposition of an expert where the party filed a "rebuttal expert declaration in connection with its *answering* claim construction brief . . . without prior notice to [the opposing party]." *Biovail Labs*, 2010 WL 2132021 at *2 (emphasis added). This is the exact scenario SXM is seeking to avoid by asking that Fraunhofer confirm whether it intends to submit such a declaration.

---

[1] Fraunhofer's reliance on *Biovail Labs.* is also misplaced because, there, the Scheduling Order specifically provided for expert depositions. *Biovail Labs.*, 2010 WL 2132021, at *1.

The Honorable Sherry R. Fallon
Page 4

Fraunhofer's imbalanced approach is not surprising given its other conduct surrounding claim construction. As SXM explained to the Court at the February 6 hearing, Fraunhofer failed to propose any terms for construction during the initial exchange of terms on December 15, 2017. Fraunhofer justified this failure by later explaining that only after receiving SXM's constructions would it then "provide a response [to SXM's proposals] in due time (including specific counter-proposals and additional proposed constructions as appropriate)." Dkt. 104 at 1-2. Now, after opening claim construction briefs have been filed, Fraunhofer *again* seeks to gain a tactical advantage by demanding a deposition of SXM's expert in advance of responsive claim construction briefs without (1) any regard for the directives in the Scheduling Order or SXM's request for a reciprocal deposition or (2) an indication as to whether Fraunhofer will provide an expert declaration in support of its answering brief. SXM asks that the Court reject Fraunhofer's request.

**The Jones Declaration Should Not Be Stricken**

Striking the Jones Declaration is an extreme remedy that is not appropriate. *First*, SXM is not refusing to provide Mr. Jones for a deposition – rather, it simply requests that the parties be afforded equitable opportunities for such depositions whereby all positions and evidence are known before such depositions take place. *Second*, Fraunhofer's only support for its position consists of cases that are clearly inapposite. For example, in *INVISTA N. Am. S.a.r.l. v. M & G USA Corp.*, 951 F. Supp. 2d 604 (D. Del. 2013), the Court granted a motion to strike expert testimony only where the testimony "was submitted…with [the] opening claim construction brief . . . *just hours before the close of expert discovery*." *Id.* at 610 n.7 (emphasis added). Here, the Jones Declaration was submitted with SXM's opening claim construction brief and there is ample opportunity for a deposition at the appropriate time – that is, after briefing is complete and all the evidence is in. Fraunhofer's other cases are outside the context of claim construction proceedings. *Third*, courts regularly consider expert declarations, like the Jones Declaration, during claim construction in order to confirm the understanding of a POSITA and thus striking it would be improper. *President & Fellows of Harvard Coll.*, 2018 WL 565309, at *2 (internal citations omitted); *Forest Labs.*, 2016 WL 54910, at *2.

For these reasons, SXM respectfully requests that the Court deny Fraunhofer's request for an immediate deposition prior to the completion of claim construction briefing, order Fraunhofer to disclose whether it intends to submit a responsive declaration and, if so, direct the parties to devise a schedule for depositions and supplemental submissions to the Court.

    Respectfully,

    */s/ Philip A. Rovner*

    Philip A. Rovner (#3215)

cc: Counsel of Record – by CM/ECF and E-mail