

April 2, 2018

**VIA E-FILING**
The Honorable Sherry R. Fallon
J. Caleb Boggs Federal Building
844 N. King Street
Room 3124, Unit 14
Wilmington, DE 19801-3555

      Re:    **Fraunhofer-Gesellschaft Zur Förderung der angewandten Forschung e.V. v. Sirius XM Radio Inc.**
              **C.A. No. 17-cv-184-JFB-SRF**

Dear Judge Fallon:

      Pursuant to Your Honor's March 29, 2018 Oral Order, the parties submit this joint letter setting forth their respective positions on whether the Court should proceed with the April 4, 2018 claim construction hearing.

Fraunhofer's Position

Fraunhofer respectfully requests that the parties go forward with Wednesday's *Markman* hearing, which has long been on calendar and is scheduled to begin in less than 48 hours. The parties have already poured a tremendous amount of resources into the claim construction proceedings for this case, and the only step remaining is to conduct the hearing itself. Given these efforts and preparations, It makes much more sense to see these proceedings through to completion rather than leave things open. Moreover, Fraunhofer intends to timely file objections to the recent report and recommendation, as well as a motion for leave to amend the complaint. There is no reason to attempt to prejudge the outcome of these actions at this stage. The lengthy argument presented by SXM below is nothing more than an improper motion for reconsideration of the stay motion that it already presented and lost. Accordingly, Fraunhofer submits that the Court should order the *Markman* hearing to go forward as planned.

Sirius' Position

Sirius XM Radio Inc. ("SXM") respectfully requests that the Court postpone the *Markman* hearing currently scheduled for April 4, 2018 until such time that the District Court Judge decides whether to adopt Your Honor's March 29, 2018 Report and Recommendation dismissing Fraunhofer's Complaint ("the R&R").

Now that the Court has confirmed SXM's license to the asserted patents, this case is subject to dismissal with prejudice. Principles of judicial economy, therefore, dictate postponement of the *Markman* hearing. At this stage, there is no reason for the Court, with its busy docket, to devote further resources to this case, including engaging in a lengthy *Markman* hearing when a motion to dismiss has been granted pending confirmation from the District Court. Moreover, the

inefficiencies from proceeding with a *Markman* hearing would not end at the hearing – not only would the Court need to prepare for and conduct the hearing, but also would have to expend additional resources ruling on the significant claim construction disputes between the parties by May 11, 2018 (pursuant to the Scheduling Order). Consistent with the Court's Order stating that SXM's request for a stay was moot, any ruling on disputed claim construction issues would be rendered moot if the R&R is adopted.

In the unlikely event that the R&R is not adopted, the parties can simply pick up where things currently stand — that is, proceed with a first *Markman* hearing (to be followed by others because of the additional claim terms in dispute), and proceed with fact discovery, including depositions which have yet to take place, propound and respond to written discovery and have the Court resolve the numerous on-going discovery disputes that remain, such as Fraunhofer's improperly redacted e-mails. This is the most efficient approach and the one that makes most sense under the circumstances.

Fraunhofer's attempt to proceed with business as usual would only serve to compound the prejudice and inequity that SXM has suffered from being forced to litigate a case that the Court has now confirmed should have never been brought. Even now, after the Court's well-reasoned R&R, Fraunhofer refuses to agree to a short pause to give the District Court Judge an opportunity to rule on any objections it may file, insisting that Your Honor proceed with a *Markman* hearing that SXM (and the Court, based on the R&R) expects will be meaningless. Under these circumstances, there is no reason to continue to subject SXM to such ongoing prejudice and inequity.

Fraunhofer cannot seriously claim prejudice or that it would be disadvantaged by such a postponement under the circumstances here. Indeed, Fraunhofer waited at least five years before commencing the instant action and a short pause to determine if the R&R will be adopted cannot be viewed as prejudicial in this context. *See* D.I. 18, p. 7-8, D.I. 35 at 8. While any delay to a Plaintiff can be argued to be prejudicial, a delay "alone does not warrant a finding that [a plaintiff] will be unduly prejudiced" under the analogous factors for determining whether to grant a stay. *Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, No.09-571-JJF, 2010 WL 2573925, at *3 (D. Del. June 25, 2010).

For the foregoing reasons, SXM respectfully requests that the Court postpone the *Markman* hearing until such time that the District Court Judge decides whether to adopt the R&R.

    We are available at the Court's convenience should Your Honor have any questions.

    Respectfully submitted,

    /s/ Brian E. Farnan

    Brian E. Farnan

cc: Counsel of Record (via E-Filing)