**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| FRAUNHOFER-GESELLSCHAFT ZUR FÖRDERUNG DER ANGEWANDTEN FORSCHUNG E.V., <br><br> Plaintiff, <br><br> vs. <br><br> SIRIUS XM RADIO INC., <br><br> Defendant. | ) ) ) ) ) ) Case No. 17-184-JFB-SRF ) ) ) ) ) ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF FRAUNHOFER'S MOTION
FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Dated: April 16, 2018

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Ben J. Yorks (admitted *pro hac vice*)
David McPhie (admitted *pro hac vice*)
IRELL & MANELLA, LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
byorks@irell.com
dmcphie@irell.com

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

I. INTRODUCTION ....................................................................................................1

II. BACKGROUND .....................................................................................................2

III. LEGAL STANDARD ..............................................................................................3

IV. ARGUMENT ...........................................................................................................4

    A. The Amended Complaint Includes Material Revisions That Are Directly Responsive To Issues Raised In The R&R .........................................4

    B. SXM Cannot Identify Any Legitimate Basis For Rejecting Fraunhofer's Amended Complaint ...................................................................8

    C. Fraunhofer Has Good Cause to Amend its Complaint ..................................11

V. CONCLUSION .......................................................................................................12

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Arthur v. Maersk, Inc.*,
　434 F.3d 196 (3d Cir. 2006) ...................................................................................................4

*Bechtel v. Robinson*,
　886 F.2d 644 (3d Cir. 1989) ................................................................................................4, 9

*Bigband Networks, Inc. v. Imagine Commc'ns, Inc.*,
　No. C.A. 07-351-JJF, 2010 WL 2898286 (D. Del. July 20, 2010) ......................................12

*Cordance Corp. v. Amazon.com, Inc.*,
　255 F.R.D. 366 (D. Del. 2009) ...............................................................................................8

*Debjo Sales, LLC v. Houghton Mifflin Harcourt Publ'g Co.*,
　No. 14-C-4657 (JMV) (MF), 2017 WL 4404565 (D.N.J. Oct. 4, 2017) .............................10

*Dole v. Arco Chem. Co.*,
　921 F.2d 484 (3d Cir. 1990) ...................................................................................................3

*C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*,
　654 F.3d 975 (9th Cir. 2011) ..................................................................................................9

*Foman v. Davis*.
　371 U.S. 178 (1962) ................................................................................................................3

*Inline Connection Corp. v. AOL Time Warner Inc.*,
　237 F.R.D. 361 (D. Del. 2006) .............................................................................................12

*Intercept Pharm., Inc. v. Fiorucci*,
　No. 1:14-CV-1313-RGA, 2017 WL 253966 (D. Del. Jan. 20, 2017) ..................................10

*Jacobs v. Fed. Hous. Fin. Agency*,
　No. CV 15-708-GMS, 2017 WL 740985 (D. Del. Feb. 24, 2017) ..................................3, 10

*In re Merck & Co., Inc. Vytorin/Zetia Sec. Litig.*,
　No. 08-CV-2177 DMC-JAD, 2012 WL 406905 (D.N.J. Feb. 7, 2012) ...............................12

*Ndubizu v. Drexel Univ.*,
　No. CIV.A. 07-3068, 2009 WL 3459182 (E.D. Pa. Oct. 26, 2009) .....................................10

*Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc.*,
　106 F. Supp. 2d 761 (D.N.J. 2000) .....................................................................................4, 9

*Phillips v. Cty. of Allegheny*,
    515 F.3d 224 (3d Cir. 2008) ..................................................................................3

*Pinnacle Great Plains Operating Co., LLC v. Wynn Dewsnup Revocable Tr.*,
    No. 4:13-CV-00106-EJL-CW, 2015 WL 759003 (D. Idaho Feb. 23, 2015).....................11

*Roquette Freres v. SPI Pharma, Inc.*,
    No. C.A. 06-540GMS, 2009 WL 1444835 (D. Del. May 21, 2009) ..............................8, 9

*Summerville v. Gregory*,
    No. C-14-7653-KM, 2015 WL 4623515 (D.N.J. Aug. 3, 2015) ......................................10

*Superior Offshore Int'l, Inc. v. Bristow Grp. Inc.*,
    No. 1:09-CV-00438-LDD, 2010 WL 11470613 (D. Del. Dec. 1, 2010)................3, 4, 5, 7

*Thibault v. Delaware Tech. & Cmty. Coll.*,
    No. CA 11-1080-MPT, 2012 WL 2073847 (D. Del. June 8, 2012) ..................................4

*United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co.*,
    839 F.3d 242 (3d Cir. 2016) .................................................................................8, 11

*Westinghouse Electric & Mfg. Co. v. Tri-City Radio E. Supply Co.*,
    23 F.2d 628 (8th Cir. 1927) ..............................................................................................6

**Statutes**

11 U.S.C. § 365(d)..................................................................................................................2, 7

**Other Authorities**

Brian G. Brunsvold & Dennis P. O'Reilley, *Drafting Patent License
    Agreements* (BNA 4th ed. 1998) ................................................................................1, 5

Ridsdale Ellis, *Patent Licenses* (3d ed. 1958) ......................................................................1, 6

6 Wright, Miller & Kane, *Fed. Prac. & Proc. Civ.* § 1487 (3d ed.).........................................9

**Rules**

D. Del. LR 15.1..............................................................................................................................1

Fed. R. Civ. P. 12(b)(6) ...................................................................................................1, 3, 5, 10

Fed. R. Civ. P. 15......................................................................................................................3, 11

Fed. R. Civ. P. 16.........................................................................................................................11

**I.   INTRODUCTION**

Plaintiff Fraunhofer hereby moves for leave to amend the operative complaint in this action. Fraunhofer's proposed Amended Complaint is attached as Exhibit 1 ("Amendment"), and a redline version identifying the proposed additions and deletions relative to the original complaint per Local Rule 15.1 is attached as Exhibit 2 ("Redline").

Fraunhofer respectfully submits that it should be granted leave to file its Amended Complaint. Such motions to amend are liberally granted as a general matter. It is especially common for parties to file an amended pleading following a court order identifying possible problems or omissions in an existing pleading. In this case, Fraunhofer has prepared its proposed amendments as a direct response to the Court's Report and Recommendation (D.I. 146, "R&R") regarding Defendant Sirius XM's ("SXM") motion to dismiss. For example, the Amended Complaint:

- Attaches and discusses the "Termination Letter" that Fraunhofer sent to WorldSpace, thus addressing the R&R's statement that the letter could not otherwise be "appropriately considered" in the context of a Rule 12(b)(6) motion on the pleadings;

- Attaches a new version of the "XM Radio Contract" including Exhibit D, thus demonstrating that the parties did not understand SXM to have received any patent license rights directly from Fraunhofer, contrary to the Brunsvold treatise quoted in the R&R;

- Withdraws all references to any request for an injunction that were included in the original complaint, thus eliminating the arguments based in equity raised in the R&R (quoting the Ellis treatise);

- Adds significant allegations regarding the proper interpretation of the contractual agreements as addressed in the R&R, and in response to the R&R's observation that "the allegations in Fraunhofer's [original] complaint" did not "establish[] that the continuation of the sublicense is dependent upon non-termination of the MCM License";

- Responds to the reasoning of the R&R that "SXM's sublicense was effective as of January 1, 1998" (R&R at 8) by providing additional allegations regarding the

      executory nature of the sublicense and main license and the "substantial ongoing performance" required under those agreements;

- Includes amendments that are directed to new issues and/or theories relating to the impact of the bankruptcy proceedings, including the applicability of 11 U.S.C. § 365(d) to the sublicense (which was not addressed in the original complaint or the R&R).

*See generally* Section IV.A below.

    Good cause in support of these amendments is easily established. Fraunhofer has not previously amended or sought to amend its pleadings and there is no bad faith or dilatory motive on Fraunhofer's part. Fraunhofer has been diligent and made good faith efforts to comply with the Scheduling Order and the proposed amendment would not impact the rest of the case schedule. Nor can SXM show the amended complaint would prejudice SXM or that the proposed amendments would be clearly futile. On the contrary, each of these amendments is appropriate and would assist the Court in fully resolving the parties' disputes concerning the SXM's license defense. The additional allegations in Fraunhofer's proposed Amended Complaint should be permitted to allow a complete record on which its claims can be fully and fairly evaluated on their merits.

    Accordingly, Fraunhofer submits that its motion to amend should be granted for the reasons further detailed below.

## II.   BACKGROUND

    Fraunhofer filed its initial compliant against SXM on February 22, 2017. D.I. 1. SXM did not file an answer to this complaint but instead filed a motion to dismiss based on a purported license defense. D.I. 10. The parties have since then exchanged initial patent disclosures and amendments, participated in significant discovery activities through to the deadline for "substantial completion," and have both briefed and argued claim construction issues.

On March 29, 2018, Judge Fallon issued an R&R recommending that the SXM's motion to dismiss be granted. D.I. 146. In response, Fraunhofer promptly notified both the Court and SXM that it intended to seek leave to amend the complaint in its joint letter to the Court. *See* D.I. 147 ("Fraunhofer intends to timely file objections to the recent report and recommendation, as well as a motion for leave to amend the complaint.").[1]

The parties met and conferred regarding Fraunhofer's proposed amendment on April 11, 2018, at which time counsel for Fraunhofer outlined specific contemplated amendments and the basis therefor. Counsel for SXM indicated that they would oppose the motion and requested a draft copy of the proposed amended complaint. Fraunhofer subsequently consented to SXM's request and sent a copy of the proposed amended complaint on April 13, 2018. *See* Ex. 3. SXM still did not consent to Fraunhofer's proposal, and therefore Fraunhofer proceeded to file this motion.

### III. LEGAL STANDARD

When a party seeks to amend its pleadings, leave to do so should generally be "freely given" when justice so requires. *Foman v. Davis*. 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). "The Third Circuit has adopted a policy of 'strong liberality' in the amendment of pleadings" so that "a particular claim will be decided on the merits rather than technicalities." *Jacobs v. Fed. Hous. Fin. Agency*, No. CV 15-708-GMS, 2017 WL 740985, at *1 (D. Del. Feb. 24, 2017) (quoting *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990)). Indeed, the Third Circuit has instructed that a district court ***must*** allow a curative amendment to a complaint that is vulnerable to a Rule 12(b)(6) motion to dismiss, "unless an amendment would be inequitable or futile." *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir.

---

[1] Fraunhofer timely filed objections to the R&R on April 12, 2018. D.I. 154.

2008); *Superior Offshore Int'l*, No. 1:09-CV-00438-LDD, 2010 WL 11470613, at *3 (D. Del. Dec. 1, 2010).

The most important "touchstone" in evaluating a motion to amend is whether the amendment will cause "prejudice to the non-moving party." *See Superior Offshore Int'l, Inc.*, 2010 WL 11470613, at *3 (quoting *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006)). "The non-moving party must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Thibault v. Delaware Tech. & Cmty. Coll.*, No. CA 11-1080-MPT, 2012 WL 2073847, at *4 (D. Del. June 8, 2012) (quoting *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)). Moreover, proposed amendments will not be rejected as "futile" unless a non-moving party can satisfy the "heavy burden" of proving futility. *Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citations omitted).

Where a motion to amend comes after a deadline provided in a scheduling order, courts may apply a "good cause" standard in evaluating a motion to amend. *Inline Connection Corp. v. AOL Time Warner Inc.*, 237 F.R.D. 361, 364 (D. Del. 2006) (finding "good cause" to grant amendment after scheduling order deadline given no finding of undue delay and no prejudice to non-moving party).

**IV.   ARGUMENT**

    A.   <u>The Amended Complaint Includes Material Revisions That Are Directly Responsive To Issues Raised In The R&R</u>

The Amended Complaint should be entered as it represents a meaningful, good-faith effort on the part of Fraunhofer to specifically address and favorably resolve issues raised in the R&R. Allowing the Court to consider the impact of these substantive amendments is

appropriate and necessary to achieve the "liberal" policy of allowing a full and fair opportunity for plaintiffs to have their causes heard on their merits. *Superior Offshore Int'l*, 2010 WL 11470613, at *3 (allowing the plaintiff to amend its complaint to add new allegations after motion to dismiss was granted). The Amended Complaint does this by supplementing and focusing the record on matters relating directly to SXM's license defense as adopted in the R&R.

For example, the Amended Complaint now attaches and discusses the "Termination Letter" that Fraunhofer sent to WorldSpace on or about November 13, 2015. *See* Amendment ¶ 43 & Ex. N. The R&R specifically declined to evaluate this letter as part of its analysis, ruling that it was not in the public record and therefore "not appropriately considered" in the context of a Rule 12(b)(6) motion on the pleadings. R&R at 4 n.4. However, the R&R noted that it is permissible for courts to consider "exhibits attached to the complaint" in ruling on a motion to dismiss. *Id.* at 3 n.2. The Amended Complaint now does just this with the Termination Letter.

The Amended Complaint also now attaches a full version of the "XM Radio Contract" with all exhibits. *See* Amendment ¶ 27 & Ex. E. These newly included exhibits to the XM Radio Contract—Exhibit D in particular—provide additional evidence that SXM and Fraunhofer had ***not*** entered into any direct licensing agreement with respect to the asserted patents. To the contrary, the parties expressly indicated in the XM Radio Contract that SXM's rights to those patents (if any) were through the sublicense with WorldSpace. This demonstrates that, contrary to the Brunsvold treatise quoted in the R&R (*see* R&R at 9 n.7), the sublicense to SXM ***cannot*** and should not be considered "in effect an agreement with the [original] licensor [Fraunhofer]."

As another example, the Amended Complaint withdraws all references to any request for an injunction that were included in the original complaint. *See* Redline at 15, 17-18, 20, 22-23 (deleting original paragraphs 45, 54, 63, 72, and item 4 from the prayer for relief). This amendment is responsive to the reasoning of the R&R, which relied on equitable considerations as described in the Ellis treatise. *See* R&R at 8 (noting that "it is inequitable that [a] [sub]license should be revoked" when the sublicensee has "lived up to the terms of the [sub]license … [and] has made extensive investments on the strengths of [the] [sub]license") (quoting Ellis); *see also Westinghouse Electric & Mfg. Co. v. Tri-City Radio E. Supply Co.*, 23 F.2d 628 (8th Cir. 1927) (cited in Ellis, denying injunction but awarding monetary relief). Fraunhofer's amendment to reflect that it is seeking money damages and not injunctive relief thus significantly alters the applicability of this line of reasoning in the R&R as applied to the Amended Complaint.

The Amended Complaint also adds significant allegations regarding the proper interpretation of the contractual agreements addressed in the R&R. For example, the Amended Complaint provides specific allegations that both the main license and sublicense included termination provisions. Amendment ¶¶ 23, 25. To the extent that these termination provisions are seen as raising ambiguities relative to the "irrevocable" term used in the contracts, the Amended Complaint includes allegations regarding how the parties understood the contracts and the impact of contextual evidence considering the full set of relevant contracts as a whole, along with other evidence such as contemporaneous commercial practice and understanding. *Id.* ¶¶ 30-33. Among other things, these allegations undercut the R&R's findings regarding contractual interpretation, and further address the R&R's observation that "the allegations in Fraunhofer's [original] complaint" did not "establish[] that the continuation of the sublicense is dependent upon non-termination of the MCM License." R&R at 8.

Furthermore, the Amended Complaint responds to the reasoning of the R&R that "SXM's sublicense was effective as of January 1, 1998" (R&R at 8) by providing additional allegations regarding the executory nature of the sublicense and main license. For example, the Amended Complaint not only attaches new exhibits with admissions on this issue (*see* Amended Complaint at Exs. H, I. J), but also includes allegations regarding the "substantial ongoing performance" required under those agreements, "including the obligation to continue to refrain from bringing any infringement suit against licensed parties." *Id.* ¶ 36.

One additional set of new amendments is directed to issues relating to the impact of the bankruptcy proceedings. For example, the Amended Complaint now specifically alleges (a) that there was "never any order providing for the assumption of the [] License or the [] Sublicense; (b) that the "Rejection Order" specifically noted, in connection with the sublicense, that there was a "default in license for underlying technology from Fraunhofer," and (c) that the sublicense was also rejected under 11 U.S.C. § 365(d) sixty days after initiation of the Chapter 7 proceedings. *Id.* ¶¶ 36-37, 40. By contrast (for example), the original complaint included allegations regarding 11 U.S.C. § 365(d) only with respect to the main license, without specifically mentioning any such allegation for the sublicense. *See id.* ¶ 40; Redline ¶ 40; *see also* R&R at 6-7 (addressing this theory only with respect to the main license).

The Amended Complaint thus provides a much more fulsome and complete record on which to evaluate SXM's license theories, by adding and focusing the factual and legal allegations of the complaint and even including as exhibits a number of the key documents that were not attached earlier. *See* Amended Complaint at Exs. F-N. These amendments easily satisfy the "liberal" standard for amendment of pleadings. *Superior Offshore Int'l*, 2010 WL 11470613, at *3.

B.  SXM Cannot Identify Any Legitimate Basis For Rejecting Fraunhofer's Amended Complaint

This case does not present any of the types of narrowly circumscribed circumstances in which courts sometimes decline to enter a proposed amendment.

For example, SXM does not and cannot identify any prejudice or inequity that it might suffer as a result of amendment. The primary issues in this case of infringement and validity remain completely unaffected by Fraunhofer's proposed amendments. The damages issues likewise remain the same. And although Fraunhofer's Amended Complaint now formally eliminates its claim for injunctive relief, SXM had not sought any meaningful discovery on this issue, and the parties were already well aware that the patents were due to expire before the currently scheduled trial date anyway.

As for SXM's license defense, it is not clear that Fraunhofer's new allegations would require SXM to take any substantial additional discovery, but even if so, SXM is perfectly free to pursue such efforts as the fact discovery deadline is still months away. Trial is not scheduled until July 2019, which is well over a year from now. Thus, there is plenty of time for SXM to address the proposed amendments to Fraunhofer's complaint. Other cases have allowed amendments to pleadings at much later stages of litigation. *See United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co.*, 839 F.3d 242, 252 (3d Cir. 2016), *cert. denied*, 138 S. Ct. 107 (2017) (permitting amendment sixteen months after case initiation; lapse of time "not 'so excessive as to be presumptively unreasonable'"); *Cordance Corp. v. Amazon.com, Inc.*, 255 F.R.D. 366 (D. Del. 2009) (granting leave to amend after close of discovery). Thus, Fraunhofer's proposed amendments would not unfairly disadvantage SXM, nor would it deprive SXM of the "opportunity to present facts or evidence which it would have offered had the amendments been timely." *Roquette Freres v. SPI Pharma, Inc.*, No.

C.A. 06-540-GMS, 2009 WL 1444835, at *3 (D. Del. May 21, 2009) (quoting *Bechtel v. Robinson*, 886 F.2d at 652) (no prejudice shown even where a party had to address new issues and incur additional costs).

Nor would granting Fraunhofer leave to amend its complaint impact the Scheduling Order or otherwise create any significant case management issues. *See C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (allowing amendment where it presented no significant issues with respect to case schedule). In the unlikely event that SXM concludes that it requires substantial additional discovery regarding the new allegations, Fraunhofer has already proposed pushing out a number of the pretrial dates by roughly two months. *See* D.I. 155 at 1-2 & Ex. B. This is more than enough time to fully accommodate any impact that Fraunhofer's proposed amendments might have on the scope of the case.

This case does not present a situation where a plaintiff has made repeated attempts to state a viable cause of action without success. Fraunhofer has not presented other proposed amendments to the pleadings at any earlier point in the case, and even now, its proposed amendments are limiting to issues involving a single alleged defense along with the elimination of a previously sought form of relief.

SXM also cannot show that Fraunhofer's proposed amendments should be summarily rejected as futile. "If a proposed amendment is not ***clearly*** futile, then denial of leave to amend is improper." *See* 6 Wright, Miller & Kane, *Fed. Prac. & Proc. Civ.* § 1487 (3d ed.) (emphasis added). Because the standard for amendment of pleadings is a liberal one, courts generally "place a heavy burden on opponents who wish to declare a proposed amendment futile." *Pharmaceutical Sales and Consulting Corp.*, 106 F. Supp. 2d at 764 (citations omitted). Indeed, a number of district courts in the Third Circuit have observed that, although the futility standard is in some respects similar to the Rule 12(b)(6) standard, this "***does not require the***

***parties to engage in the equivalent of substantive motion practice upon the new proposed claim or defense***." *See, e.g.*, *Ndubizu v. Drexel Univ.*, No. CIV.A. 07-3068, 2009 WL 3459182, at *3 (E.D. Pa. Oct. 26, 2009) (emphasis added); *Debjo Sales, LLC v. Houghton Mifflin Harcourt Publ'g Co.*, No. 14-C-4657 (JMV) (MF), 2017 WL 4404565, at *3 (D.N.J. Oct. 4, 2017). To the contrary, if an amendment is "sufficiently well-grounded in fact or law that it is not a frivolous pursuit," then it will not be rejected on grounds of futility. *Id.*

As relayed in detail in Section A above, Fraunhofer's amendments are hardly frivolous but rather meaningfully address several specific issues raised in the R&R.[2] To the extent SXM believes that it has a basis for dismissal even against the new allegations of the Amended Complaint, then that dispute would be better resolved in conjunction with a motion to dismiss rather than a detailed futility analysis. *See Jacobs*, 2017 WL 740985, at *1 (quoting *Summerville v. Gregory*, No. C-14-7653-KM, 2015 WL 4623515, at *3 (D.N.J. Aug. 3, 2015) (declining to "engage in a detailed futility analysis" in the "interests of judicial economy and in the absence of undue prejudice"); *Intercept Pharm., Inc. v. Fiorucci*, No. 1:14-CV-1313-RGA, 2017 WL 253966, at *2 (D. Del. Jan. 20, 2017) (granting amendment notwithstanding complicated disputes regarding futility based on "interpretation of various agreements between the parties").

---

[2] For example, as explained above, the addition of the Termination Letter as an exhibit will allow the Court to address its impact on SXM's license defense, which the R&R specifically stated it was unable to do in the first instance. *See* R&R at 4 n.4. If the Court were to dismiss Fraunhofer's complaint with prejudice, without considering the Termination Letter, it would be deprive Fraunhofer of the ability to cure this technical defect and obtain a full and fair judgment on the merits of the case. *See Jacobs*, 2017 WL 740985, at *1. The other amendments similarly address specific issues raised in the R&R.

### C.      Fraunhofer Has Good Cause to Amend its Complaint

Finally, Fraunhofer submits that its request for amendment should be granted regardless of whether it is evaluated under Rule 15 or the "good cause" standard of Rule 16. Although the formal deadline for amending the complaint under the Scheduling Order has passed, *see* D.I. 26 at 2, Fraunhofer's proposed amendments are directed to specific rulings in an R&R regarding a motion that was filed much earlier (just a couple of months after the case was filed). *See* D.I. 10. Fraunhofer promptly raised its amendments after the R&R issued and could not fairly be expected to have done so earlier. *See Victaulic Co.*, 839 F.3d at 249 ("[T]he mere fact that a defendant files a motion to dismiss is not necessarily sufficient to put a plaintiff on notice that the court will find his complaint to be deficient."). Thus, it is only equitable to consider Fraunhofer's motion to amend under the pre-deadline Rule 15 standard.

In any event, amendment is proper under Rule 16 as Fraunhofer's justifications for its Amended Complaint easily satisfy the "good cause" standard. "[A] party ordinarily will have the benefit of a responsive pleading and some discovery before it faces a deadline for amendment of pleadings." *Pinnacle Great Plains Operating Co., LLC v. Wynn Dewsnup Revocable Trust*, No. 4:13-CV-00106-EJL-CW, 2015 WL 759003, at *3 (D. Idaho Feb. 23 2015). That did not happen here as SXM has yet to provide any pleading in response to Fraunhofer's original complaint, which was filed a little over a year ago. Moreover, Fraunhofer is still awaiting at least some discovery regarding SXM's license defense, as no depositions have been taken yet and SXM has to date failed to produce ***any*** emails from the time frame of the license negotiation (despite the deadline for substantial production having expired).

In any event, given the timing of the R&R, it was not possible for Fraunhofer to respond to the specific issues raised in the R&R before the formal deadline for amendment of

pleadings. *See id.* at *2 (granting motion to amend where amendment deadline had expired months before court was able to resolve an earlier-filed motion to dismiss; no lack of diligence where plaintiff "did not know whether its complaint would be dismissed" at the time the deadline passed). Once the R&R issued, Fraunhofer acted promptly and in good faith, preparing the specific amendments detailed above and filing this motion just shortly thereafter. Therefore, if necessary, Fraunhofer respectfully requests modification of the Scheduling Order to the extent needed to allow entry of its proposed Amended Complaint. D.I. 26 at 2; *Bigband Networks, Inc. v. Imagine Commc'ns, Inc.*, No. C.A. 07-351-JJF, 2010 WL 2898286, at *2 (D. Del. July 20, 2010) ("good cause" exists when schedule could not be met "despite the diligence of the party seeking the extension"); *Inline Connection Corp*, 237 F.R.D. at 364 (finding "good cause" to grant amendment after scheduling order deadline given no finding of undue delay and no prejudice to non-moving party); *In re Merck & Co., Inc. Vytorin/Zetia Sec. Litig.*, No. 08-CV-2177 DMC-JAD, 2012 WL 406905, at *5 (D.N.J. Feb. 7, 2012) (granting motion to amend under Rule 16; "aim of procedural rules is facilitation not frustration of decisions on the merits") (quotation omitted).

## V.   CONCLUSION

For the reasons set forth above, Fraunhofer respectfully requests that the Court grant Fraunhofer's motion for leave to file an Amended Complaint.

Dated:  April 16, 2018                                        Respectfully submitted,

                                                                   FARNAN LLP

                                                                   /s/ Brian E. Farnan
                                                                   Brian E. Farnan (Bar No. 4089)
                                                                   Michael J. Farnan (Bar No. 5165)
                                                                   919 N. Market Street, 12th Floor
                                                                   Wilmington, Delaware 19801
                                                                   Telephone:  (302) 777-0300
                                                                   Facsimile:   (302) 777-0301

        bfarnan@farnanlaw.com
        mfarnan@farnanlaw.com

Ben J. Yorks (admitted *pro hac vice*)
David McPhie (admitted *pro hac vice*)
IRELL & MANELLA, LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
byorks@irell.com
dmcphie@irell.com

*Attorneys for Plaintiff*