IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRAUNHOFER-GESELLSCHAFT ZUR FÖRDERUNG DER ANGEWANDTEN FORSCHUNG E.V., <br><br> Plaintiff, <br><br> v. <br><br> SIRUS XM RADIO INC., <br><br> Defendant. | Civil Action No. 17-184-JFB-SRF |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the court in this patent infringement action is a motion to declare this case exceptional under 35 U.S.C. § 285, filed by defendant Sirius XM Radio Inc. ("SXM"). (D.I. 177) Plaintiff Fraunhofer-Gesellschaft Zur Förderung der angewandten Forschung e.V. ("Fraunhofer") opposes the motion. (D.I. 183) For the following reasons, SXM's motion is denied.

### II. BACKGROUND

Fraunhofer initiated the present litigation against SXM on February 22, 2017, asserting causes of action for infringement of the patents-in-suit. (D.I. 1) A Rule 16 scheduling conference was held on May 16, 2017, and a scheduling order was entered on May 23, 2017. (D.I. 26) On April 17, 2017, SXM filed a Rule 12(b)(6) motion to dismiss for failure to state a claim, alleging that SXM maintains a sublicense to the patents-in-suit and therefore cannot be found to infringe. (D.I. 10) On March 29, 2018, the undersigned judicial officer issued a Report and Recommendation recommending dismissal of the action. (D.I. 146) On April 16, 2018, Fraunhofer filed a motion to amend the complaint in an effort to cure the deficiencies highlighted

in the March 29, 2018 Report and Recommendation. (D.I. 156) The undersigned judicial officer issued a Memorandum Opinion on July 16, 2018 denying Fraunhofer's motion to amend. (D.I. 172)

The assigned District Judge adopted the Report and Recommendation and overruled Fraunhofer's objections to the Memorandum Opinion denying leave to amend on August 23, 2018. (D.I. 175) On September 6, 2018, SXM filed the instant motion to declare this case exceptional under 35 U.S.C. § 285. Fraunhofer appealed the ruling of the District Judge dismissing the case on September 17, 2018. (D.I. 182) The appeal remains pending before the Federal Circuit.

## III. LEGAL STANDARD

Section 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Supreme Court has defined "an 'exceptional' case [as] simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). When considering whether a case is exceptional, district courts are to exercise their discretion on a case-by-case basis, considering the totality of the circumstances. *Id.* Relevant factors for consideration include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (internal quotation marks omitted). Cases which may merit an award of attorney fees include "the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of

2

fees" or "a case presenting either subjective bad faith or exceptionally meritless claims." *Id.* at 546. A movant must establish its entitlement to attorneys' fees under § 285 by a preponderance of the evidence. *Id.* at 557.

## IV. ANALYSIS

As a preliminary matter, the record reflects that SXM is the prevailing party in the present case. On March 29, 2018, the court entered its Report and Recommendations recommending dismissal of the action. (D.I. 146) On July 16, 2018, the court entered a Memorandum Opinion and Order denying Fraunhofer's motion to amend the complaint. (D.I. 171; D.I. 172) On August 23, 2018, the assigned District Judge entered a Memorandum Order adopting the March 29, 2018 Report and Recommendations and finding Fraunhofer's proposed amended complaint futile. (D.I. 175) Thus, SXM has indisputably received relief on the merits altering the legal relationship of the parties. *See Parallel Iron LLC v. NetApp Inc.*, 70 F. Supp. 3d 585, 589 (D. Del. 2014) (holding that, "for a party to be a *prevailing party*, that party must win a dispute within the case in favor of it that materially alters the legal relationship between the parties at the time of the judgment.").

Next, the court must evaluate the totality of the circumstances to determine whether this case warrants exceptional status under § 285. In support of its motion, SXM first contends that Fraunhofer failed to conduct adequate pre-suit diligence, or disregarded the results of its pre-suit diligence, by continuing to pursue its claims despite SXM's ongoing license to the Asserted Patents. (D.I. 178 at 10) According to SXM, Fraunhofer ignored or misinterpreted both the relevant case law as well as the pertinent license and settlement agreements. (*Id.* at 12-15) In response, Fraunhofer alleges that no error in bankruptcy law controlled the outcome of the case,

3

and its position regarding the license agreements was supported by substantial authority. (D.I. 183 at 10-14)

SXM's motion to declare this case exceptional under 35 U.S.C. § 285 is denied.[1] The court is not persuaded that Fraunhofer's position on the merits in the present case was objectively unreasonable. *See Apeldyn Corp. v. Sony Corp.*, C.A. No. 11-440-SLR, 2016 WL 1268146, at *2 (D. Del. Mar. 31, 2016). The facts of this case present a unique situation not directly addressed by either party's case authorities in the briefing on the motion to dismiss. Although license defenses are routinely raised in patent infringement cases, neither party cited a case analogous to the facts before the court in which the viability of a fully paid-up sublicense was challenged after the exclusive licensee of the main executory license declared bankruptcy and rejected the exclusive license in the bankruptcy proceeding. Fraunhofer could not ignore binding authority debunking its position where none existed. *See CentusView Techs., LLC v. S&N Locating Servs., LLC*, 287 F. Supp. 3d 580, 587 (E.D. Va. 2018) (holding that infringement claims were not objectively unreasonable where "there were no governing precedents to guide [the plaintiff] that found nearly identical claims invalid."); *YYZ, LLC v. Pegasystems, Inc.*, C.A. No. 13-581-SLR, 2016 WL 1761955, at *1 (D. Del. May 2, 2016) ("The court expended considerable effort in reaching its invalidity determination. . . . Defendant's characterization of plaintiff's arguments as 'reckless' and its claims as 'clearly invalid' is in contradiction to the

---

[1] Although the court has discretion to defer a decision on the fees motion until resolution of the appeal before the Federal Circuit, the advisory committee note to Rule 54 of the Federal Rules of Civil Procedure makes clear that "[i]n many nonjury cases the court will want to consider attorneys' fees issues immediately after rendering its judgment on the merits of the case." Fed. R. Civ. P. 54(d)(2)(B) advisory committee's note to 1993 amendment. Having determined that this case is not exceptional, the court is not persuaded that the outcome of the appeal will affect the resolution of SXM's motion in this instance.

court's position that the § 101 analysis is an evolving state of the law and a difficult exercise, which does not lend itself to, e.g., shifting fees pursuant to 35 U.S.C. § 285.").

Moreover, Fraunhofer's interpretation of the various agreements governing the exclusive license and the sublicense, which Fraunhofer supported with citations to relevant authorities, was not objectively unreasonable even though Fraunhofer ultimately did not prevail on the merits. *See Gevo, Inc. v. Butamax Advanced Biofuels LLC*, C.A. No. 13-576-SLR, 2014 WL 4247735, at *2 (D. Del. Aug. 26, 2014) ("While Gevo did not ultimately prevail on summary judgment, the court's opinion was delivered after hearing oral argument on the issues and was based on the parties' briefing and the expert reports. Such an opinion does not support a conclusion that Gevo's claims were 'exceptionally meritless.'"); *Clouding IP, LLC v. EMC Corp.*, C.A. No. 13-1455-LPS, 2015 WL 5766872, at *2–3 (D. Del. Sept. 30, 2015) (holding that the case was not exceptional where the plaintiff "had a good faith, though ultimately incorrect, belief that it had standing to sue throughout the litigation."). After careful consideration of the parties' arguments, the court found the reasoning in dicta from the Federal Circuit's decision in *Rhone Poulenc Agro, S.A. v. DeKalb Genetics Corp.* persuasive. (D.I. 146 at 8-9) However, the court's reliance on persuasive authority is insufficient to render the case exceptional where, as here, Fraunhofer supported its contrary positions with other authorities.

SXM also cites Fraunhofer's continued efforts to press forward with the litigation after the recommended dismissal, and its allegedly vexatious litigation conduct, in support of its motion. (D.I. 178 at 15-18) Specifically, SXM cites Fraunhofer's motion to amend the complaint based on a theory previously rejected by the court, its opposition to SXM's requested stays, its initiation of various discovery disputes, its provision of inadequate infringement contentions, its deficient discovery responses and issuance of numerous overbroad requests for

5

production, and its request to proceed with the *Markman* hearing and additional discovery disputes pending the resolution of objections to the Report and Recommendation. (*Id.* at 16-18; D.I. 186 at 2) In response, Fraunhofer alleges that its litigation conduct was proper and unexceptional, involving routine discovery disputes and ordinary litigation events. (D.I. 183 at 16-18)

Fraunhofer's litigation conduct does not merit awarding exceptional case status under § 285. Courts imposing exceptional case status due to litigation conduct generally find that the nonmoving party took positions contrary to its own evidence or prior statements. *See Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1307 (Fed. Cir. 2017) (upholding exceptional case status where the plaintiff took positions "directly contradicted by the record evidence Bayer had obtained through early discovery" and "marched onward with a view of its case that was not supported by its witnesses."). *But see Intendis GmbH v. Glenmark Pharms. Ltd.*, 117 F. Supp. 3d 549, 581 (D. Del. 2015) (concluding that, "[t]o the extent that some of defendants' arguments were unsupported or contradictory, the court does not find that defendants' conduct in the case was so one-sided or unreasonable as to rise to the level of 'exceptional.'"). In contrast, the actions cited by SXM reflect unexceptional issues that arise in many patent infringement cases. Both parties initiated discovery disputes, and the court does not find that one party's discovery disputes were more numerous or meritless than the other's. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, C.A. No. 04-1371-LPS, 2017 WL 6206382, at *13 (D. Del. Dec. 8, 2017) ("Aggressive litigation is not necessarily vexatious litigation."). Moreover, the court considered and rejected efforts to stay the action pending resolution of objections to the Report and Recommendation in part because of the objective reasonableness of Fraunhofer's positions. Fraunhofer's opposition to SXM's efforts to stay the

litigation do not suggest an effort to needlessly drag out the litigation, but instead demonstrates Fraunhofer's "good faith belief in the merits of its case" by seeking a prompt resolution of the action. *See Parallel Networks, LLC v. Blizzard Entertainment, Inc.*, C.A. No. 13-826-RGA, 2018 WL 2744975, at *4 (D. Del. June 7, 2018).

Neither the substantive strength of Fraunhofer's unsuccessful positions nor the manner in which Fraunhofer litigated the case warrants an award of fees under § 285 in the present case. Accordingly, the court exercises its discretion to deny SXM's motion.

## V. CONCLUSION

For the foregoing reasons, SXM's motion to declare the case exceptional under 35 U.S.C. § 285 is denied. (D.I. 177) An Order consistent with this Memorandum Opinion shall issue.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: March 8, 2019

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE