IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRAUNHOFER-GESELLSCHAFT ZUR FORDERUNG DER ANGEWANDTEN FORSCHUNG E.V., | **1:17CV184** |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| SIRIUS XM RADIO INC., | |
| Defendant. | |

This matter is before the Court following a report and recommendation by Magistrate Judge Fallon on claim construction, D.I. 209.  The plaintiff filed an objection to this report and recommendation, D.I. 215, as did the defendant, D.I. 213.[1]  The standard of review is governed by 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).   Similarly, Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense of a party.

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive matters are covered by § 636(b)(1)(B). *Gomez v. United States,* 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a).   Under subparagraph (B), a district court may refer a dispositive motion to a magistrate judge "to

---

[1] The Court would like to compliment counsel for both parties for their brevity in briefing while at the same time submitting content rich argument.   The combination is most appreciated.

conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B); *see EEOC v. City of Long Branch,* 866 F.3d 93, 99–100 (3d Cir. 2017). The product of a magistrate judge, following a referral of a dispositive matter, is often called a "report and recommendation." *Id.* "Parties 'may serve and file specific written objections to the proposed findings and recommendations' within 14 days of being served with a copy of the magistrate judge's report and recommendation." *Id.* (quoting Fed. R. Civ. P. 72(b)(2)).

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *EEOC,* 866 F.3d at 99 (quoting 28 U.S.C. § 636(b)(1)).

**BACKGROUND[2]**

MCM is the method used to transmit data which splits components and sends them over separate carrier signals. Plaintiff developed patented technology related to multicarrier modulation for use in satellite radio broadcasting. On March 4, 1998, Fraunhofer entered into an exclusive license agreement with WorldSpace International Network Inc. ("WorldSpace") to license all patents for MCM technologies (the "MCM License"). Fraunhofer subsequently obtained U.S. Patent Nos. 6,314,289 ("the '289 patent"), 6,931,084 ("the '1084 patent"), 6,993,084 ("the '3084 patent"), and 7,061,997 ("the '997 patent") (collectively, the "patents-in-suit"), which relate to MCM technologies and are covered by the MCM License. Later, WorldSpace gave a sublicense to XM Satellite, and XM used the license technology to assist in the development of the XM

---

[2] After conducting a de novo review, the Court adopts the Introduction, Background and Facts set forth by the magistrate judge. D.I. 209 at pages 1-3 and incorporates the same herein.

DARS system.  XM then merged in 2008 with Sirius (hereinafter SXM).  Fraunhofer alleges infringement of United States Patent Nos. 6,314,289 ("the  '289 patent"), 6,931,084 ("the '1084 patent"), 6,993,084 ("the '3084 patent"), 7,061,997 ("the '997 patent") (collectively, the "Asserted Patents"), which are directed to apparatuses and methods used to receive and decode encoded satellite signals, identify "channel fading" effects, and correct for those offsets using a channel decoder.  The magistrate judge held a Markman hearing on April 4, 2018.[3]

As stated by the magistrate judge,

Fraunhofer is an applied research organization in Europe, encompassing over sixty institutes and research units which develop real-world innovations in the fields of health, communications, security, transportation, and energy for both privately and publicly funded projects. (D.I. 1 at, ¶ 1) In 1996, Fraunhofer developed patented technology related to multicarrier modulation (the "MCM technologies") for use in satellite radio broadcasting. (*Id.* at ¶¶ 4, 20) MCM is a method of transmitting data by splitting it into several components and sending each of the components over separate carrier signals. (*Id.* at ¶ 4)

SXM is a Delaware corporation headquartered in New York. (*Id.* at ¶ 10) SXM was formed in 2008 when XM Satellite Radio, Inc., which developed the Digital Audio Radio Services System (the "XM DARS System"), merged with SXM Satellite Radio, which developed its own satellite radio system. (*Id.* at ¶¶ 22, 26) SXM offers the XM DARS System on a subscription basis to more than 30.6 million customers. (*Id.* at ¶ 31) SXM also develops and supplies the equipment needed to use the XM DARS System, selling satellite radios directly to consumers and businesses, including auto makers. (*Id.* at 32)

Fraunhofer filed suit against SXM on February 22, 2017, alleging that SXM infringes the '289, '1084, '3084, and '997 patents. (D.I. 1) On August 10, 2017, Judge Bataillon referred this action to the undersigned magistrate judge for all dispositive and nondispositive matters on all issues, including claim construction, except for summary judgment motions, Daubert motions, and pretrial motions in limine. (D.I. 51) The parties completed briefing on claim construction of the '289, '1084, '3084, and '997 patents on March 16, 2018. (D.I. 115; D.I. 116; D.I. 136; D.I. 138)

---

[3] The briefing and other filings made in support of the parties' claim construction positions are found at D.I. 112, D.I. 114, D.I. 115, D.I. 116, D.I. 117, D.I. 136, D.I. 137, D.I. 138, D.I. 139, D.I. 148, and D.I. 149.

On March 29, 2018, the court issued a Report and Recommendation granting SXM's motion to dismiss. (D.I. 146). A Markman hearing was held on April 4, 2018. (4/4/18 Tr.) Fraunhofer filed objections to the Report and Recommendation on April 12, 2018. (D.I. 154) On August 23, 2018, the assigned District Judge issued a Memorandum and Order overruling Fraunhofer's objections. (D.I. 175) Fraunhofer filed its notice of appeal to the Federal Circuit on September 17, 2018. (D.I. 182) On October 17, 2019, the Federal Circuit vacated-in-part the ruling of the District Judge and remanded the case for further proceedings. *Fraunhofer-Gesellschaft zur Forderung der Angewandten Forschung E. V. v. Sirius XM Radio Inc.*, 940 F.3d 1372 (Fed. Cir. 2019).

D.I. 209 at 2-3. The magistrate judge likewise set forth the relevant claim construction law as applicable to this case. *Id.* at 3-8.

**DISCUSSION[4]**

**A. _Objections by SXM_**

1. Means-Plus Function Claims

Defendant argues that "Claim construction for means-plus-function claims ("MPF claims") requires that (1) the function be recited in the claim limitation and (2) the specification disclose a structure to perform the function. *Default Proof Credit Card Sys., Inc. v. Home Depot*, 412 F.3d 1291, 1298 (Fed. Cir. 2005) (for MPF claims, "one must set forth in the specification an adequate disclosure showing what is meant by that language"). D.I. 213 at 1. Where the disclosed structure is a general purpose computer or microprocessor needed to perform the function, "the disclosed structure is not the general purpose computer, but rather the special purposed computer programmed to perform the disclosed algorithm." *WMS Gaming Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1349 (Fed. Cir. 1999); *see also Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1352

---

[4] The Court likewise incorporates the legal standards for claim construction set forth by the magistrate judge in her report and recommendation. D.I. 209 at 3-8.

(Fed. Cir. 2015). Defendant contends that the magistrate judge articulated these principles but failed to follow them.

Plaintiff argues that the "means-plus-function" terms are well established by law and correctly applied by the magistrate judge. The word "means" in this regard denotes there is a presumption that 35 U.S.C. § 112(6) will apply. *Net MoneyIN, Inc. v. Verisign, Inc.*, 545 F.3d 1359, 1366 (Fed. Cir. 2008). The presumption is rebutted "if the claim itself recites sufficient structure to perform the claimed function." *Id.*; *see also Envirco Corp. v. Clestra, Inc.*, 209 F.3d 1360, 1364 (Fed. Cir. 2000); *Sage Prods., Inc. v. Devon, Inc.*, 126 F.3d 1420, 1427–28 (Fed. Cir. 1997). Further, an algorithm is not applied unless the computer or microprocessor has been "programmed to perform the disclosed algorithm." *See WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1349 (Fed. Cir. 1999).

## 2. Claim 2 of '289 Patent Means for Transmitting

Defendant contends that the magistrate judge erred in rejecting SXM's construction for Claim 2 which states "means for transmitting the output bits of the first portion via a first channel and the output bits of the second portion via a second channel, the second channel being spatially different from the first channel." D.I. 213 at 6. The magistrate judge, contends defendants, omits the second part of the channel dealing with the requirement that it be spatially different from the first channel. The magistrate judge concluded that the specification "uses the permissive term may" and "nothing in the written description pertaining to Figure 2 requires that the delay stage be part of the transmitters in all cases." D.I. 213 at 1; D.I. 209 at 11-12. This is error, argues defendants, because transmitting means with a delay stage, and thus any permissive language is error.

Second, defendants contend that the magistrate judge failed to follow the patent law and instead followed the Court in *Comark* citing a principle outside of the MPF claim construction context. *Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182 (Fed. Cir. 1998). Third, defendants contend that the Federal Circuit has stated that "under 112(6), claim differentiation does not apply to a means-plus function element beyond the structure in the specification, even if the dependent claim recites the exact same structure." *Intel Corp. v. Broadcom Corp.*, 172 F. Supp. 2d 478, 501 (D. Del. 2001) (citing *Medtronic, Inc. v. Advanced Cardiovascular Sys. Inc.*, 248 F.3d 1303, 1303 (Fed. Cir. 2001)). Thus, defendants argue that the delay stage and the delay means must not be construed as determined by the magistrate judge.

The plaintiff argues that the magistrate judge is correct in construing the term "means for transmitting the output bits of the first portion via a first channel and the output bits of the second portion via a second channel, the second channel being spatially different from the first channel." D.I. 209 at 9-14. SXM's arguments, contends plaintiff, are without merit and only try and add additional requirements. However, the R&R does the modification to the second channel while at the same time careful not to "import functional limitations." *Wenger Mfg., Inc. v. Coating Machinery Systems, Inc.*, 239 F.3d 1225, 1233 (Fed. Cir. 2001).

Plaintiff also argues that SXM's objections regarding "delay stage" are without merit. There is nothing in Figure 2 that states the only possible configuration of transmitting means is in that figure. As determined by the magistrate judge, that could also "comprise two transmitters positioned in different locations, to obtain space diversity." D.I. 209 at 11 (citing '289 patent at col. 8:12-14).

### 3. Claims 10, 13 of the '289 – Receiving Means

Defendants next contend that the magistrate judge's construction for "receiving means for" is erroneous, and the magistrate misconstrued the dispute by saying that SXM's construction ""incorporate[s] [an] algorithm . . . as part of the corresponding structure." D.I. 209, at 17, 18 (citing D.I. 112 at 3). Again, defendants argue that there must be a delay stage on the receivers.

Plaintiff contends the magistrate judge correctly construed this claim stating "receiving means for receiving the first portion of bits via a first channel and the second portion of bits via a second channel" finding the function and receiver cited in the term and specification with that function. D.I. 209 at 17-19. The patent, argues plaintiff, is not limited to achieving time in diversity, which is a separate function from receiving. Accordingly, plaintiff asks this Court to affirm the magistrate judge and overrule this objection, because there is no reason to import a "delay stage" limitation.

### 4. Claim 9 of the '1084 Patent – Means for Determining Echo Phase Offset by Elimination Phase Shift Uncertainties

Defendant next argues that the magistrate judge violated the Federal Circuit law when she construed the means for determining an echo Phase of the '1084 Patent by omitting the structure of the algorithm which defendants contend as necessary to perform the claimed function. SXM's expert stated that "Echo Phase offset correction (EPOC) algorithms" must be used with a "discarding unit" to perform the claimed function. D.I. 136 at 15-17. *See Williamson v. Citrix Online, LLC, 792 F.3d 1339,1352 (Fed. Cir. 2015)* (requiring disclosure of structure to "achieve the claimed function" where a generic module or computer requires an "algorithm for performing the claimed function").

The magistrate judge incorrectly states, contends defendants, that "only in the rare circumstances where any general-purpose computer without any special programming can perform the function" but misapplies that exception.  D.I. at 8 (citing *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1316 (Fed. Cir. 2011)).  The magistrate judge also relied on the *Mobile Telecomm* case, erroneously contends defendants, where the Court "declin[ed] to incorporate an algorithm into the corresponding structure where the specification linked the claimed function to a receiver instead of a general purpose computer."  D.I. at 26; *Mobile Telecommc'ns Techs., LLC v. LG Elecs. Mobilecomm USA, Inc.*, 2015 WL 2250418 (E.D. Tex. May 13, 2015).  Defendants argue, relying on the *Dynamic Digital case*, that *Mobile Telecommc'ns Techs.*, *LLC v. LG* is inapposite as "the identified structure was not a general purpose computer, but rather components that have specific and known functions that, when combined, perform the claimed function without the need to configure the components; therefore sufficient structure was disclosed."  *Dynamic Digital Depth Research PTY LTD v. LG Elecs., Inc.*, 2016 WL 7444569, at *8 (C.D. Cal. Nov. 7, 2016).

Plaintiff contends the recommendation of the magistrate judge is correct in this regard.  Defendant wishes to add an algorithmic method claim.  The language of claim 19 in the '289 patent does not give rise to a presumption of step-plus-function.  Plaintiff contends the magistrate judge correctly rejected this argument as inappropriate where the corresponding structure is not a general purpose computer and any algorithms are discussed in permissive terms.  D.I. 209 at 25-26.

**Findings of the Magistrate Judge – '289**

With regard to the '289 Patent, the magistrate judge concluded that Fraunhofer's proposed function be adopted as it is consistent with the claim language. She also determined, and the parties agree, that the disputed term is governed by § 112, ¶ 6. She then found that SXM's proposed function "modifies the claim language by referencing 'signals" without including specific citations to the intrinsic record in support of the modification." D.I. 209 at 10. She further found that the claimed function the phrase "the second channel being spatially different from the first channel…..modifies the first and second channels but does not provide the clarity regarding the claimed function of transmitting." Id.

The magistrate judge also concluded that SXM's proposal regarding the "delay stage" neither the claim language nor the specification dictates the narrow definition outlined by SXM, noting that the "specifications repeated references to 'time and/or space diversity illustrate the patentee's intention to leave open the option of claiming either time diversity or space diversity, without the absolute requirement that both be present." Id. at 11. She further concludes that if we apply SXM's proposed construction, the interpretation of claim 2 as to the delay stage renders claim 5 wholly duplicative of independent claim 2. Id. at 12.

The magistrate judge next determined that method claims should not be construed under § 112, ¶ 6, as argued by SXM. The Federal Circuit, she finds, is contrary to that argument. O.I. Corp., 115 F.3rd at 1583, stating that each independent claim shall be independently reviewed to see if it is subjected to the requirements of § 112, ¶ 6. The magistrate judge determined that the language of claim 19 in the '289 patent does not

give rise to a presumption that the "step of" is not equivalent to the "step for" language needed for the presumption.

The magistrate judge stated "[i]n method claims, the words "step for" signal the patentee's intent to invoke § 112, ¶ 6, but even then, step-plus-function claiming under § 112, ¶ 6, only applies if "steps plus function without acts are present." *Masco Corp. v. United States*, 303 F.3d 1316, 1326 (Fed. Cir. 2002) (citing *Greenberg v. Ethicon Endo-Surgery, Inc.*, 91 F.3d 1580, 1583 (Fed. Cir. 1996); *0.1 Corp. v. Tekmar Co. Inc.*, 115 F.3d 1576, 1582 (Fed. Cir. 1997). "[A]n element in a combination method or process claim may be recited as a step for performing a specified function without the recital of acts in support of the function." *0.1 Corp.*, at 1583. The language of claim 19 in the '289 patent does not give rise to a presumption of step-plus-function claiming in light of the Federal Circuit's holding that the "step of" language, as in the claim term before the court, is not equivalent to the "step for" language required for application of the presumption under § 112, ¶ 6." *Id.*

The magistrate judge next concludes that the Court should adopt Fraunhofer's proposed function on claims 10 and 13 of the '289 patent because they require a "receiving means for receiving the first portion of bits via a first channel and the second portion of bits via a second channel, the second channel being spatially different from the first channel." '289 patent, col. 15:44-46; col. 16-11-13. Fraunhofer's proposed structure, states the magistrate judge, is consistent with the intrinsic record. The structure is a receiver. Likewise, the magistrate judge recommends that the court decline to incorporate an algorithm as requested by SXM. "As stated by the magistrate judge, "[t]he relevant case authorities suggest that a court may only read an algorithm into the claims

after making a threshold finding that the terms are computer implemented by a generic computer or microprocessor.  *See Mobile Telecommc 'ns Techs., LLC v. LG Elecs. Mobilecomm USA, Inc.*, 2015 WL 2250418  (declining to incorporate an algorithm into the corresponding structure where the specification linked the claimed function to a receiver instead of a general-purpose computer).  The "receiver" structure corresponding to the disputed claim term in this instance does not appear to constitute a general-purpose computer or microprocessor.  *See WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1349 (Fed. Cir. 1999) ("In a means-plus-function claim, in which the disclosed structure is a computer, or microprocessor, programmed to carry out an algorithm, the disclosed structure is not the general purpose computer but rather the special purpose computer programmed to perform the claimed algorithm").  D.I. 209 at 18-19.  With regard to the "channel" construction, the magistrate judge recommended that this Court adopt SXM's "a line of sight connection between a transmitter and a receiver."  D.I. 209 at 19.

5. Claim 9 of the '1084 Patent – Means for Correcting Decoding Phase Shifts

Defendants again argue that the magistrate judge's failure to follow Federal Circuit precedent on Claim 9 of the 1084 Patent concerning construction of the phrase "means for correcting each decoded phase shift based on said averaged offset" is in error.  The magistrate judge, urges defendants, erred in adopting plaintiff's function.  Defendants argue that the magistrate judge could have looked to the specification when it construed the function which would determine that the calculated average is "the mean value."  Again, the defendants make the algorithm argument in 4. above.  Plaintiff, contends

defendants, presented no evidence other than this discarding unit is not a general-purpose computer.

Plaintiff contends the magistrate judge's determination on the construction of "means for correcting each decoded phase shift based on said averaged offset," is agreed to by all that the corresponding structure includes a "phase rotation unit." However, SXM seeks to add a limiting algorithmic limitation and vary the function in the claim term.

6. '3084 Patent, Claim 28 – Means for Generating…Comprising an Amplitude Modulation

Defendants contend they presented unrebutted evidence supporting their argument that this limitation is not an MPF claim. There is no exact claim language, states defendants, whether the amplitude modulator alone can perform the recited function for an amplitude modulation. The magistrate concluded, wrongly says defendants, that "Fraunhofer has adequately established that the disclosed structure is not merely a general-purpose computer or microprocessor, but rather an amplitude modulator in an MCM transmitter" and then erroneously applied the non-MPF claim construction from the Phillips case. D.I. 209 at 35; *Phillips v. AWH Corp.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005).

Plaintiff contends that the magistrate judge when looking at this construction relied on the well-known rule that "means for" presumption is rebutted when "the claim itself recites sufficient structure to perform the claimed function." D.I. 209 at 34 (citing *Net MoneyIN, Inc. v. Verisign, Inc.*, 545 F.3d 1359, 1366 (Fed. Cir. 2008)); *see also Envirco Corp. v. Clestra, Inc.*, 209 F.3d 1360, 1364 (Fed. Cir. 2000); *Sage Prods., Inc. v. Devon, Inc.*, 126 F.3d 1420, 1427–28 (Fed. Cir. 1997). Plaintiff argues that SXM's expert agrees that the proposed algorithm was "not required to be performed on a general-purpose

computer or processor and … that other bit sequences could satisfy the claim."  D.I. 209 at 35.  Thus, argues the plaintiff, the magistrate judge is correct in finding that the recited "amplitude modulator" is sufficient.

### Determinations by the Magistrate Judge – '1084 Patent

The magistrate judge first discussed the construction of the word "symbol" found in claims 1 and 9.  She recommended that this Court adopt plaintiff's proposed construction, as it is consistent with the intrinsic record.  The magistrate judge stated:

> The specification characterizes symbols as representations of binary information, explaining that "[i]n a MCM transmission system binary information is represented in the form of a complex spectrum, i.e. a distinct number of complex subcarrier symbols in the frequency domain." ('1084 patent, col. 1:30-33) The specification further describes the "information of a MCM symbol" as being "encoded between active carriers, respectively." (Id., col. 7 :31-32) Thus, Fraunhofer's proposed construction provides additional clarification of the claim term in a manner that is consistent with the specification and not redundant of the claim language.

D.I. 209 at 21.  She also determined that SXM failed to provide adequate support for its description of a symbol as being represented by a complex vector.

With regard to the '1084 Patent, the magistrate determined that the Court should adopt Fraunhofer's construction of "symbol."  She determined that the language offered by SXM is redundant as well as inconsistent with the use of the term in the intrinsic record. In addition, SXM failed to provide support for its assertion that symbol is being represented by a complex vector.

The magistrate judge next construed the term "a phase difference between simultaneous carriers having different frequencies" as to claims 1, 4, 9 and 12.  She determined that plaintiff's proposed alternative construction is supported by the intrinsic record. She stated that:

> The specification provides that, "[w]hen using nondifferential mapping the information carried on a sub-carrier is independent of information transmitted on any other subcarrier, and the other subcarrier may differ either in frequency, i.e. the same MCM symbol, or in time, i.e. adjacent MCM symbols." ('1084 patent, col. 2:64-3:2; Fig. 1) Fraunhofer' s proposed construction thus clarifies that "simultaneous carriers" are subcarriers in the same MCM symbol.

*Id.* at 23. She found that SCM's proposal violates the doctrine of claim differentiation.

Third, the magistrate judge determined that the disputed term is governed by § 112, ¶ 6. The parties essentially, as expressed at oral agreement, agree on the claimed function. With regard to the structure, the parties seem to agree that "discarding unit performs the function of eliminating phase shift uncertainties." *Id.* at 25. However, the parties disagree on the need for the algorithm requested by SXM's proposed construction. The magistrate judge recommended that the Court adopt the plaintiff's proposal for structure for the "means for determining an echo phase offset" is it is consistent with the intrinsic record. After a careful analysis, the magistrate judge recommended adoption of the plaintiff's construction. The magistrate stated that SXM has not provided support for the requested algorithms and failed to show that the algorithm is linked to a claimed function instead of a general-purpose computer.

Next, the magistrate judge determined that the '1084 patent, claim 9, should be construed as requested by the plaintiff. The parties agree, again, the disputed term is governed by 112, ¶ 6. However, they do not totally agree on the claimed function of the term. The magistrate judge indicated that "I recommend that the court adopt Fraunhofer's proposal for the claimed function, which more closely tracks the claim language 'correcting each decoded phase shift based on said averaged phase offset.' ('1084 patent, col. 16:46-47). SXM has offered no proof that the concepts of "average" and "mean" are

universally equivalent and, in fact, the evidence suggests that "average" is a broader concept.  D.I. 138, Exs. D-E, D.I. 209, at 27-28.  Again, the magistrate judge finds there is no support for SXM's argument that a "phase rotation unit in an MCM receiver" is a general-purpose computer or processor.

       7.  <u>Failure of magistrate judge to apply Section 112(6) to step plus function</u>
          <u>claim 19 of the '289 Patent</u>

The magistrate judge found that "the method claim element recites acts for performing the underlying function."  D.I. 209 at 16, 32.  Defendant argues that "SXM presented unrebutted testimony and evidence that both claims only recite a function to accomplish the claimed goal – for example, the transmitter claims for transmitting data to a receiver but do not disclose the acts necessary to reach that goal, thereby subjecting the claims to § 112, ¶ 6."  D.I. 213, at 14.  Defendants claim this is wrong and the magistrate judge failed to recite any evidence for her decision. Defendants also argue that these claims should be construed as step-plus-functions under § 112, ¶ 6.

Plaintiff disagrees with this objection and asks the Court to adopt the magistrate judge's construction which applies § 112, ¶ 6 to a couple of method claims in the asserted patents.  The magistrate judge determined that there is no presumption that the disputed terms are step-plus-function limitations.  D.I. 209 at 14-15.  *See e.g.*, *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 381 F.3d 1371, 1382 (Fed. Cir. 2004)).

***Objections by Plaintiff***

1.   Objection to construction of "channel" ('289 patent, claims 1-3, 5, 6, 9-11, 13, 14, 17-20, 22, 23, 26-28, 30-32, 35)

Plaintiff contends that the magistrate judge adopted the language for channel to include "a line of sight connection between a transmitter and a receiver" should be modified.  Plaintiff argues this contending that SXM might try and construe the language incorrectly "construe the construction" and interpret "line of sight connection between a transmitter and receiver" in a manner that would exclude "an uplink connection from earth to the first satellite and a downlink connection from the first satellite to a receiver on earth." D.I. 215 at 2.   The R&R, argues plaintiff, does not set forth the legal standard for lexigraphy which the Federal Circuit says is "exacting."  *See, e.g., GE Lighting Solutions, LLC v. AgiLight, Inc.*, 750 F.3d 1304, 1309 (Fed. Cir. 2014).   Plaintiff argues that the magistrate judge's definition is more characterization rather than lexicographic.  Channel, plaintiff contends, should rest on its plain and ordinary meaning and needs no special construction.  In the alternative, plaintiff requests that the Court construe the term to mean "communication link or connection between two or more points."

SXM contends that plaintiff fails to adhere to the canons of claim construction by ignoring the clear definition of channel as set forth in the '289 Patent as "the line of sight connection between a transmitter and receiver."  SXM argues that the specification clearly defines a channel.  The plaintiff, asserts SXM, repeatedly used the phrase "line of sight" at least six different times.  '289 Patent, 1:19-21; 2:36-41; 2:45-47; 7:60-63.  *See, e.g., Thorner Sony Computer Entertainment America LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012) (patentee may "set[] out a definition and act[] as his own lexicographer" in the

specification); *see also* D.I. 115 at 10; D.I. 136 at 7-8.  Further, contends SXM, the line of

sight connection is defined by the specification which makes the Claim 3 narrower and

more specific and the channel used in Claim 2, which is similar to the analysis needed in

Claim 20 which depends on Claim 19.  *See* D.I. 209 at 20.

2.   Construction of the term preambles ('3084 patent, claims 1, 6, 9, 18, 24, 28, 32, 41)

Plaintiff agrees with the magistrate judge that the '3084 are general limiting but not

with its findings that claims 6 and 28 should be partially limited, arguing that such decision

does not comply with Federal Circuit law.  The Federal Court, contends plaintiff, has

clearly found an independent claim preamble and another term in the body of an

independent claim.  *Pacing Technologies, LLC v. Garmin Intern., Inc.*, 778 F.3d 1021

(Fed. Cir. 2015).  The Court found that both preamble terms "provide antecedent basis

for and are necessary to understand positive limitations in the body of claims in the '843

patent."  *Id.* at 1024.  Plaintiff argues that certain terms provide antecedent basis for the

use of that term in dependent claims 7, 8, 29 and 30.  Plaintiff notes that SXM has not

cited a single authority for stating that an providing antecedent basis for a dependent

claim is insufficient to render a preamble limiting.  None of the cases cited, argue plaintiff,

concern a situation where the preamble term at issue provides antecedent support for

one or more dependent claims.  The terms here, for example "multi-carrier modulated

signal" is in both the preamble as well as in a number of the dependent claims.  Thus,

plaintiff asks the court to find that its objection should be sustained, and the preambles

should be found to be limiting in their entirety.

SXM argues that plaintiff uses inapposite case law and ignores caselaw in this jurisdiction explaining that a preamble my limit a dependent claim but not an independent claim as set forth in the R&R. SXM asks the Court to affirm the finding in the R&R that the claims do "not give life, meaning and vitality to the claim at issue" and that "[t]he law is well-established that a preamble is limiting when limitations in the body of the claim rely upon and derive antecedent basis from the preamble." D.I. 209, at 29-30.

SXM argues that plaintiff cannot justify why "low path filter" should be changed to "low pass filter" when the specification describes them differently. SXM contends this case is analogous to the *TQ Delta* case, wherein the Court stated: "the preamble is limiting only as to dependent claim 16," explaining that "while the preamble does not provide antecedent basis for any terms in the body of claim 11 [the independent claim], it provides antecedent basis for three terms in dependent claim 16 . . . ." *TQ Delta, LLC v. 2wire, Inc.*, 2018 WL 747390 *4 (D. Del. Aug. 27, 2018) (Andrews, J.). SXM contends also that plaintiff's objection claiming that this specification "is replete with references to multi-carrier signal." D.I. 215 at 6-7.

Last, SXM argues that the language "multi-carrier signal" must include the language referring to multi-carrier signal "having a frame structure, each frame of the frame structure comprising at least one useful symbol, a guard interval associated to the at least one useful symbol and a reference symbol . . . ." *See* e.g., '3084 Patent at 4:39-44, 5:12-16, 5:50-54, 6:26-30.

### 3. Construction of the term "low path filter" ('997 patent, claim 7)

Next, plaintiff contends that claim 7 of the '997 Patent as construed by the magistrate judge should not be adopted. Plaintiff argues there is no basis for a summary

adjudication of invalidity at this point in the proceedings.  Further, plaintiff contends that the reference to "[t]he low path filter is an impulse forming filter," is intended to refer to the same "low Pass Filter" at 312 in Fib. 6, and it is not subject to reasonable debate, and this claim should be corrected as a clerical error.

SXM argues that plaintiff cannot avoid the indefiniteness of Claim 7 of the '997 Patent.  In particular, plaintiff contends that the magistrate judge did not provide a basis for her indefiniteness finding.  The magistrate judge stated the Court could not: "appropriately correct the alleged error in the patent" because "both 'low pass filter' and 'low path filter' are described in the specification, and the correction is thus subject to reasonable debate." D.I. 209 at 40.  There is no doubt, contends SXM, that the argument this is a typo is just wrong.

### Magistrate Judge's Recommendations

The magistrate judge first determined that the "preambles of the independent claims are limiting except with respect to the phrase 'multi-carrier modulated signal' in claims 6 and 28 of the '3084 patent. (4/4/18 Tr. at 137:10-18)." D.I. 209 at 29.  The magistrate judge recommended that the Court adopt the proposal by SXM regarding the same.  The Federal Circuit has determined that a preamble is not limiting if it sets forth "a purpose or intended use for the invention," and the body of the claim "defines a structurally complete invention." *Poly-Am., L.P. v. GSE Lining Tech., Inc.*, 383 F.3d 1303, 1310 (Fed. Cir. 2004) (quoting *Rowe v. Dror*, 112 F.3d 473,478 (Fed. Cir. 1997)).  However, the preamble may limit a claim "if it recites essential structure or steps, or if it is 'necessary to give life, meaning, and vitality' to the claim." *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801,808 (Fed. Cir. 2002) (quoting *Pitney Bowes, Inc. v. Hewlett-Packard*

Co., 182 F.3d 1298, 1305 (Fed. Cir. 1999)).   A preamble may act as a necessary component of the invention, if on the other hand, the limitations rely upon and derive from the preamble.   *See Eaton Corp. v. Rockwell Int'l Corp.*, 323 F.3d 1332, 1339 (Fed. Cir. 2003).   The magistrate judge further determined that plaintiff cited no authority in support of its argument regarding the requirements of a "multi-carrier modulated signal" as a basis for the references to a "multi-carrier modulated symbol."

The magistrate judge also recommended that the Court adopt the plaintiff's construction as to "generating said reference symbol by performing an amplitude modulation of a bit sequence, an envelope of the amplitude modulated bit sequence defining a reference pattern of said reference symbol" ('3084 patent, claim 6).   D.I. 209 at 30.   The magistrate judge determined that no construction is necessary, and she based this recommendation on support in the intrinsic evidence.

Next, the magistrate judge recommends that § 112, ¶ 6, does not apply to the construction of '3084, claim 28, "means for generating said reference symbol comprising an amplitude modulator for performing an amplitude modulation of a bit sequence."   D.I. 209 at 33.   The magistrate judge stated that § 112, ¶ 6 "does not apply in this instance, despite the presumption arising from the use of the 'means for' language, because the claim itself recites sufficient structure to perform the claimed function.   D.I. 209 at 34.   *See Net Money IN, Inc. v. Verisign, Inc.*, 545 F.3d 1359, 1366 (Fed. Cir. 2008) ("The presumption [of means-plus function formatting] is rebutted, however, 'if the claim itself recites sufficient structure to perform the claimed function.'" quoting *Envirco Corp. v. Clestra Cleanroom, Inc.*, 209 F.3d 1360, 1364 (Fed. Cir. 2000).   D.I. 209 at 34.   Further, she determined that "Fraunhofer has adequately established that the disclosed structure

20

is not merely a general-purpose computer or microprocessor, but rather an amplitude modulator in an MCM transmitter.  *Id.* at 35-36.  *See Mobile Telecommunications Techs., LLC v. LG Elecs. Mobilecomm USA, Inc.*, 2015 WL 2250418, at *17 (E.D. Tex. May 13, 2015)* ("Because the specification links the claimed function to [the receiver, display and storage logic section, and display] rather than to a general-purpose computer, no algorithm is required.").

With regard to the '997 patent, entitled "Method and Apparatus for Fine Frequency Synchronization in Multi-Carrier Demodulation Systems," the magistrate recommends that the Court adopt plaintiff's construction that "Preambles of independent claims are limiting."  '997 patent, Claims 1 and 4.  Again, the magistrate judge finds this to be consistent with the intrinsic record and the law preamble is not limiting if it states, "a purpose or intended use for the invention," and the body of the claim "defines a structurally complete invention."  *Poly-Am., L.P. v. GSE Lining Tech., Inc.*, 383 F.3d 1303, 1310 (Fed. Cir. 2004)* (quoting *Rowe v. Dror*, 112 F.3d 473,478 (Fed. Cir. 1997)).  "Language in a claim preamble is of no significance to claim construction where the preamble does not limit the claim."  *Univ. of S. Fla., Bd. of Trustees v. United States*, 2018 WL 1981111, at *12 (Fed. CL Apr. 27, 2018)* (citing *Schumer v. Lab. Computer Sys., Inc.*, 308 F.3d 1304, 1310 (Fed. Cir. 2002)).  The magistrate determined that "[i]n the present case, the preambles of claims 1 and 4 of the '997 patent recite essential structure and steps relied upon during prosecution to distinguish the prior art.  D.I. 112, Ex. E at 11; Ex. F at 7-8.  *Id.* at 37."  D.I. 209 at 37.  The magistrate judge states that the written description refutes the claims made by SXM.

Also, with regard to Claim 4, of the '997 patent, the magistrate judge recommends that this Court adopt the alternative construction offered by the plaintiff, as it is consistent with the intrinsic record. The issue and analysis for this construction, states the magistrate judge, is the same as previously discussed with the '1084 patent.

Last, the magistrate judge determined that the "low path filer", '997, claim 7, is indefinite as requested by SXM's proposal regarding this disputed term. Plaintiff asserts it is a typographical error, however, the magistrate judge determined that "[t]he specification separately describes a "low pass filter," explaining that "[t]he loop filter 324 is a low pass filter for filtering superimposed interference portions of a higher frequency from the slowly varying error signal." D.I. 209 at 40. "A district court can correct a patent only if (1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims." *Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1357-58 (Fed. Cir. 2003). D.I. 209 at 40. "The court cannot appropriately correct the alleged error in the patent where, as here, both "low pass filter" and "low path filter" are described in the specification, and the correction is thus subject to reasonable debate. (4/4/18 Tr. at 195:13-196:4)." D.I. 209 at 40.

## CONCLUSION

The Court has carefully reviewed the arguments and objections of the parties, the magistrate judge's recommendations, and the relevant law. The Court finds the magistrate judge is correct in all respects and agrees with the analysis and conclusions on each of these claim constructions. The Court will adopt her report and

recommendation in its entirety. The Court also overrules the objections of both the plaintiff and SXM.

THEREFORE, IT IS ORDERED THAT:

1. Sirius XM's objections, D.I. 213, are overruled; and

2. Plaintiff's objections, D.I. 215, are overruled.

3. The report and recommendation of the magistrate judge, D.I. 209, is adopted in its entirety.

4. The Court construes the disputed terms as follows:

| Claim Term | Recommended Construction |
| --- | --- |
| "means for transmitting the output bits of the first portion via a first channel and the output bits of the second portion via a second channel, the second channel being spatially different from the first channel" ('289 patent, claim 2) | Function: transmitting the output bits of the first portion via a first channel and the output bits of the second portion via a second channel<br><br>Structure: two transmitters |
| "the step of transmitting being carried out by a first transmitter and a second transmitter spaced apart from the first transmitter" ('289 patent, claim 19) | Not subject to 35 U.S.C. § 112, ¶ 6<br><br>No construction required |
| "receiving means for receiving the first portion of bits via a first channel and the second portion of bits via a second channel" ('289 patent, claims 10, 13) | Function: receiving the first portion of bits via a first channel and the second portion of bits via a second channel<br><br>Structure: a receiver |
| "channel" ('289 patent, claims 1, 2, 3, 5, 6, 9, 10, 11, 13, 14, 17, 18, 19, 20, 22, 23, 26, 27, 28, 30, 31, 32, 35) | a line of sight connection between a transmitter and a receiver |
| "symbol" ('1084 patent, claims 1, 9) | encoded representation of binary information |
| "a phase difference between simultaneous carriers having different frequencies" ('1084 patent, claims 1, 4, 9, 12) | a phase difference between subcarriers with different frequencies in the same MCM symbol |
| "means for determining an echo phase offset for each decoded phase shift comprising means for eliminating phase shift uncertainties related to the transmitted information from said decoded phase shift" ('1084 patent, claim 9) | **(determining an echo phase offset)**<br><br>Function: determining an echo phase offset for each decoded phase shift<br><br>Structure: a discarding unit and a computing unit in an MCM receiver<br><br>**(eliminating phase shift uncertainties)**<br><br>Function: eliminating phase shift uncertainties related to the transmitted information from said decoded phase shift<br><br>Structure: a discarding unit in an MCM receiver |

| | |
|---|---|
| "means for correcting each decoded phase shift based on said averaged offset" ('1084 patent, claim 9) | Function: correcting each decoded phase shift based on said averaged phase offset<br><br>Structure: a phase rotation unit in an MCM receiver |
| [preambles] ('3084 patent, claims 1, 6, 9, 18, 24, 28, 32, 41) | Preambles are limiting except for the portions reciting multi-carrier modulated signal. |
| "generating said reference symbol by performing an amplitude modulation of a bit sequence, an envelope of the amplitude modulated bit sequence defining a reference pattern of said reference symbol" ('3084 patent, claim 6) | Definite<br><br>Not subject to 35 U.S.C. § 112, ¶ 6<br><br>No construction required |
| "means for generating said reference symbol comprising an amplitude modulator for performing an amplitude modulation of a bit sequence" ('3084 patent, claim 28) | Not subject to 35 U.S.C. § 112, ¶ 6 |
| [preambles] ('997 patent, claims 1, 4) | Preambles of independent claims are limiting |
| "phase differences between simultaneous carriers having different frequencies" ('997 patent, claim 4) | phase differences between subcarriers with different frequencies in the same MCM symbol |
| "low path filter" ('997 patent, claim 7) | Indefinite |

Dated this 24th day of April, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge