

November 10, 2020

**VIA E-FILING**
The Honorable Sherry R. Fallon
J. Caleb Boggs Federal Building
844 N. King Street
Room 3124, Unit 14
Wilmington, DE 19801-3555

Re: *Fraunhofer Gesellschaft zur Förderung der angewandten Forschung e.V. v. Sirius XM Radio Inc.*, No. 17-184-JFB-SRF

Dear Judge Fallon:

The Court should reject SXM's unauthorized motion for reconsideration of the Court's ruling at the recent hearing on October 28, 2020. As this Court already found, this Court lacks the power to compel depositions of unwilling German citizens under well-established U.S. and German law, and thus SXM must proceed (if at all) through the Hague Convention.

### I. The Court Already Resolved SXM's Issue At The October 28 Hearing

About six weeks ago, SXM requested the deposition of *seventeen* witnesses in Germany who are inventors, engineers, or otherwise alleged to have knowledge relevant to the case. Fraunhofer reached out to these witnesses, and twelve of them have now agreed to voluntarily appear for deposition. The other five declined.

In its brief for the October 28 hearing (held just 13 days ago), SXM asked the Court to either "[1] compel [the five involuntary witnesses] to appear for a deposition … or, [2] alternatively, provide SXM a reasonable accommodation to pursue them under the Hague Convention." D.I. 322 at 3-4.

The Court heard extensive argument on this issue at the hearing. Ex. A (10/28/2020 Hearing Tr.) at 25-37. In support of its motion to compel, SXM cited a few district court cases and made arguments in reliance on certain assignment agreements, *id*. at 27-28, 35-37, while admitting that it had not submitted the actual agreements to the Court. *Id*. at 37:6-10. SXM also emphasized that it was willing to proceed under the Hague Convention as an alternative:

> And if we have to proceed through the Hague, I have done that, you know, four or five times throughout my career, and, you know, it's a pretty big pain in the butt to do it, but we will do it. If that is the only mechanism we can do, we'll just do that.

*Id.* at 36:23 – 27:3.

Ultimately, the Court rejected SXM's request to compel depositions of the involuntary witnesses: "[T]here is not going to be any compelling of these witnesses." *Id*. at 19:2. However, the Court did grant SXM's alternative request for leave to attempt this discovery via the Hague Convention:

> With respect to depositions of foreign nationals, whether those foreign nationals are appearing voluntarily or whether it is necessary to institute foreign process, such as, for example, through the Hague Convention … I would instruct that Sirius XM

submit any application for foreign process … one week from today ….

*Id.* at 46:9-17; *see also id.* at 50:5-10 (allowing an extension of time to pursue relief under the Hague Convention to accommodate any delays "beyond [SXM's] control").

The Court instructed the parties that any further disputes about the deposition schedule "shall be through my normal discovery dispute procedures" and should only be brought to the Court's attention if "absolutely irreconcilable." *Id.* at 45:22-46:8.

Shortly after the Court issued its ruling, SXM wrote to Fraunhofer citing the assignment agreements and renewing its request that Fraunhofer somehow try to compel a "voluntary" deposition appearance from witnesses who had already declined to do so. In response, Fraunhofer explained a "refusal to appear voluntarily is dispositive under German law regardless of any employment, consultancy, or assignment agreement involving Fraunhofer (whether current or prior)," and that the "late-identified agreements" had no impact on the Court's ruling.

The following day, SXM unilaterally filed its letter brief without seeking leave to do so and in defiance of the Court's normal discovery dispute procedures.[1]

## II.     SXM's Letter Is Procedurally Improper

SXM's letter is an improper request for the Court to reconsider its October 28 ruling. The Court expressly stated that this ruling was a binding decision under Rule 72(a). *Id.* at 47:19-24. The Delaware Local Rules provide that "[m]otions for reargument on a ruling made by a Magistrate Judge pursuant to Fed. R. Civ. P. 72 are not permitted." D. Del. L.R. 7.1.5(b). SXM's relief is thus limited to the filing of objections pursuant to Rule 72(a). *Cornell U. v. Illumina, Inc.*, 2014 WL 12618073, at *1 (D. Del. Nov. 18, 2014) (D. Del. LR 7.1.5 is "intended to promote finality by precluding parties from objecting to a magistrate judge action and moving for reconsideration or reargument with respect to that same action"); *Liqwd, Inc. v. L'Oreal USA, Inc., et. al.*, No. 17-14-JFB-SRF, D.I. 191 (D. Del. March 12, 2018) (Fallon, J.) (letter brief was improper request for reconsideration in violation of Rule 72), *aff'd*, 2018 WL 3382927 (D. Del. June 27, 2018) (Bataillon, J.) (confirming letter brief is not an appropriate vehicle to request reconsideration).

Even if SXM had followed the proper procedure under Rule 72(a), its request for reconsideration is improper as it is based on evidence it failed to present to the Court at the last discovery hearing—as SXM admitted upon questioning from the Court. Ex. A at 37:6-10; *see also Sabinsa Corp. v. HerbaKraft, Inc.*, 2020 WL 1503061, at *4 (D. N.J. Mar. 30, 2020) ("In reviewing a magistrate judge's factual determinations [under Rule 72(a)], a district judge may not consider evidence not before the magistrate judge.") (citing *Haines v. Liggett Group Inc.*, 975 F.2d 81 (3d Cir. 1992)); *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 377 (D. Del. 2014) (objections limited to "the arguments, evidence, and issues … presented first to the Magistrate Judge"). Nor can SXM complain that the agreements were not previously available, as they were produced by

---

[1] SXM alleges that Fraunhofer has not provided addresses for the unwilling witnesses. D.I. 335 at 2 n.1. This is not true. SXM did not even ask for this information until five days *after* the hearing (D.I. 335-1, Ex. C at 3), at which point Fraunhofer immediately began investigating. Fraunhofer has now identified and provided four of the witness addresses and is working on the fifth. Ex. B.

2

Fraunhofer on January 31, 2018. SXM cannot now seek relief from this Court "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *ACLU Found. v. Dept. of Correction*, 2015 WL 1951360, at *2 (D. Del. Apr. 29, 2015).

### III. The Court Cannot Compel A "Voluntary" Deposition Under German Law

Even if SXM's request were procedurally proper (which it is not), it must also be rejected on the merits. Any order seeking to compel German nationals to appear involuntarily for deposition in Germany would be a clear *ultra vires* infringement on German sovereignty. *See In re Petition of Boehringer Pharm., Inc.*, 745 F.3d 216, 219 (7th Cir. 2014) (Posner, J.). Indeed, under German law, depositions taken in Germany for use in foreign proceedings must comport with the Hague Convention, which requires either that the witness testify voluntarily (Hague Evidence Convention, Art. 15, 16) or that the testimony is obtained through proper compulsory means (Hague Evidence Convention, Art. 18); *see also* D.I. 325, Ex. E (Decl. of Katharina Pehle). And SXM cannot evade these requirements by requesting that the Court order Fraunhofer to try to force these witnesses to testify against their will. Any such depositions would still be involuntary and therefore contrary to German law unless properly pursued under the Hague Convention. *See id.*

Precedent confirms that SXM's requested relief is beyond the power of this Court. *See Work v. Bier*, 106 F.R.D. 45, 48 (D.D.C. 1985) (where depositions are "sought to be taken within the geographic boundaries of a State which is a party to the Hague Evidence Convention, such discovery must be in accord with the procedures required by that Convention, in order to protect the territorial sovereignty of that Nation."). This point is so well-established that one appellate court took emergency interlocutory action against a district court that attempted to exercise such improper authority over a Germany national as a "clear abuse of discretion" and "judicial usurpation of power" warranting mandamus relief. *See Boehringer*, 745 F.3d at 219.[2]

Finally, SXM has not demonstrated how simply complying with the Hague Convention could cause it any prejudice under the circumstances of this case. As the Court is aware based on prior discovery disputes, the inventions at issue in this case were a collaborative effort between inventors occurring over 20 years ago, and Fraunhofer has already provided all information at its disposal regarding any known individualized contributions. Claim construction is done. There are no live disputes regarding priority dates of the asserted patents, and no viable issues of invalidity based on inventorship. Other than broad and unfounded generalities, SXM has not identified the sort of demonstrated need for discovery that is shown in its cited cases.

In short, SXM has not remotely justified its extraordinary proposal to have the Court compel the depositions of unwilling German citizens in violation of German law, rather than simply proceeding under the Hague Convention. The Court should again deny SXM's request.

---

[2] SXM cites no appellate authority in support of its contrary view, and its few cited district court cases are clearly contrary to Judge Posner's well-reasoned decision in *Boehringer*. Indeed, the Court recognized these clear limitations on its authority at the last hearing. *See* Ex. A at 18:7-19:2. In any event, there is nothing in the assignment agreements suggesting that the inventors were agreeing to be deposed at the demand of an adverse third party to those agreements. Nor can this Court compel appearance of foreign witnesses for deposition in the U.S. anyway, given the prohibitions set forth in Presidential Proclamation 9993, 85 F.R. 15045 (Mar. 11, 2020).

                                        Respectfully submitted,

                                        /s/ Michael J. Farnan

                                        Michael J. Farnan

cc: Counsel of Record (Via E-Mail)