## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

FRAUNHOFER-GESELLSCHAFT ZUR
FÖRDERUNG DER ANGEWANDTEN
FORSCHUNG E.V.,

                Plaintiff,

      v.

SIRIUS XM RADIO INC.,

                Defendant.

C.A. No. 17-cv-184-JFB-SRF

## PLAINTIFF FRAUNHOFER'S RESPONSE TO SIRIUS XM'S APPLICATION FOR THE ISSUANCE OF LETTERS OF REQUEST FOR THE EXAMINATION OF WITNESSES IN GERMANY PURSUANT TO THE HAGUE CONVENTION

Plaintiff Fraunhofer hereby submits this response to the application for the issuance of

letters of request under the Hague Convention submitted by Defendant Sirius XM ("SXM"). See

D.I. 333, 334.

The Court has already granted leave to SXM to attempt discovery under the Hague

Convention with respect to certain witnesses in Germany.  Specifically, at the discovery hearing

held on October 28, 2020, the Court ordered SXM to submit its proposed forms under the Hague

Convention with respect to the witnesses in Germany who have declined to voluntarily appear

for deposition.  (There are five such witnesses, as the other twelve witnesses in Germany

requested by SXM have agreed to appear remotely and efforts are ongoing to schedule these

depositions with the Consulate.)  This order stands as the ruling of the Court as neither party

submitted any objections within the timeline provided under the Rule 72 of the Federal Rules of

Civil Procedure.

- 1 -

Although Fraunhofer has not objected to the Court's October 28 order, Fraunhofer does have a few targeted objections to the proposed forms submitted by SXM as Exhibits A – E.  D.I. 334-1.[1] SXM did not seek substantive input from Fraunhofer or present drafts of these forms to Fraunhofer prior to their submission to the Court. Fraunhofer's objections include the following:

1.  The forms should be updated to include the address information for each witness, which Fraunhofer has already timely provided in response to SXM's request.

2.  Section 7 of each form states that "the individual subject to this Letter of Request" is someone who "worked as an employee for Plaintiff." This is not an accurate statement for all of the witnesses. For example, Robert Fischer was never a Fraunhofer employee.  His form should be corrected accordingly.

3.  Section 7 of each form further states that the individual named is an "inventor[]" on all four of the asserted patents. This is not an accurate statement for all of the witnesses. Although each witness is named as inventor on at least one of the asserted patents, not all of the witnesses are named an inventors on ***all four*** patents. Jan Stoessel is named as an inventor only on the '289 patent. Robert Fischer is named as an inventor only on the '1084 patent. Sabah Badri and Stephan Buchholz are named as inventors only on the '1084, '3084, and '997 patents. Their forms should be corrected accordingly.

4.  Section 8 of each form states that "it is expected that [the named witness] may have information relevant to the patents-in-suit, the Accused Products (including their design, development and operation) and/or license agreements relating to the patents-

---

[1] It appears that each of the five forms submitted by SXM is substantially identical but for the name of the witness.

in-suit." SXM provides no basis for this statement, and in fact it is not accurate that each witness would be "expected" to have relevant information on all of these topics. As noted above, not all witnesses were employed by Fraunhofer and not all were involved in all of the asserted patents. Moreover, SXM has not presented any basis for concluding that all of these witnesses have information regarding the "Accused Products" or "license agreements relating to the patents-in-suit." The stated scope of evidence should be limited accordingly.

5.  Section 11 of each form purports to set forth certain procedures that will govern examination under the Hague Convention. This description should be modified to acknowledge that German authorities retain full discretion to conduct the examination in the manner that they see fit that is consistent with German law and custom.

6.  Section 13 of each form is incomplete.  Under Article 11 of the Hague Evidence Convention, a witness "may refuse to give evidence in so far as he has a privilege or duty to refuse to give the evidence (a) under the law of the State of execution; or (b) under the law of the State of origin." Thus, all protections available under U.S. law and German law remain in force and may provide additional restrictions on allowable scope of evidence beyond what is currently set forth in SXM's proposed forms.  For example, Sections 383 and 384 of the Germany Code of Civil Procedure provide for a variety of privileges and protections for witnesses, and German law generally forbids use of oral examination as a "fishing expedition" (reflected in the concept of "Ausforschungsbeweis"). Thus, the request should make clear that any German witness subject to the Hague Convention will retain all rights to object to the manner and scope of any examination to the extent contemplated under U.S. or German law.

Fraunhofer further notes SXM's proposed forms fail to include a list of questions that the presiding officer may present to the witness under examination, which is customary to include with a letter of request under the Hague Convention. To the extent SXM declines to include such questions as part of its submission, this may result in a more limited scope of examination.

Finally, nothing about SXM's requested submissions under the Hague Convention should be understood as modifying or eliminating any other restrictions on discovery provided under the Court's orders in this case.

Date: November 18, 2020

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com


Ben J. Yorks (admitted *pro hac vice*)
David C. McPhie (admitted *pro hac vice*)
Kamran Vakili (admitted *pro hac vice*)
Alexis P. Federico (admitted *pro hac vice*)
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 760-0991
Facsimile: (949) 760-5200
byorks@irell.com
dmcphie@irell.com

Attorneys for Plaintiff FRAUNHOFER-GESELLSCHAFT
ZUR FÖRDERUNG DER
ANGEWANDTEN FORSCHUNG E.V