### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRAUNHOFER-GESELLSCHAFT ZUR FÖRDERUNG DER ANGEWANDTEN FORSCHUNG E.V., <br><br> Plaintiff, <br><br> v. <br><br> SIRUS XM RADIO INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 17-184-JFB-SRF |

### MEMORANDUM ORDER

At Wilmington this **8th** day of **March, 2021**, the court having considered plaintiff Fraunhofer-Gesellschaft Zur Förderung der angewandten Forschung e.V.'s ("Fraunhofer") Application for the Issuance of Letter of Request for International Judicial Assistance in the Appointment of Commissioners Pursuant to The Hague Convention (the "Application") (D.I. 402), the briefing and other filings associated with the application (D.I. 403; D.I. 404; D.I. 406; D.I. 407; D.I. 408; D.I. 409; D.I. 410; D.I. 411; D.I. 413), and the arguments presented during the March 4, 2021 status conference, IT IS HEREBY ORDERED THAT the Application is DENIED for the reasons set forth below.

**1. Background.** For more than five months, the parties have explored acceptable procedures for taking the depositions of Fraunhofer's witnesses located in Germany amidst travel restrictions and other circumstances resulting from the global pandemic.[1]  (*See, e.g.*, D.I. 312;

---

[1] Fraunhofer's letter of request is directed to securing the testimony of twelve German witnesses whose testimony may be limited under German law to less than the scope permissible under the Federal Rules of Civil Procedure and Federal Rules of Evidence. (*See* 3/4/2021 Tr.; D.I. 409 at 4; D.I. 413 at 2-4)

D.I. 322)  At a discovery dispute teleconference held on October 28, 2020, defendant Sirius XM Radio Inc. ("SXM") indicated that the depositions of Fraunhofer's German witnesses must proceed at the U.S. Consulate in Germany, which is closed due to the pandemic.  (D.I. 330 at 19:23-20:11)  Fraunhofer suggested that remote depositions outside of the U.S. Consulate might be possible based on conversations with officials from the Federal Ministry of Justice and Consumer Protection (Bundesministerium der Justiz und für Verbraucherschutz) ("BMJV").  (D.I. 325, Ex. E at ¶¶ 3-12)  The court encouraged the parties to start the process to obtain the depositions.  (D.I. 330 at 23:4-20)

2.      On December 1, 2020, the court issued SXM's Letter of Request for International Judicial Assistance Pursuant to the Hague Convention.  (D.I. 362)  On December 11, 2020, Fraunhofer filed its own application for a letter of request, seeking the appointment of a commissioner pursuant to Article 17 of the Hague Convention.  (D.I. 370)  On December 16, 2020, the court granted Fraunhofer's application and issued Fraunhofer's Letter of Request for International Judicial Assistance in the Appointment of Commissioners Pursuant to the Hague Convention.  (D.I. 378; D.I. 379)

3.      On February 11, 2021, Fraunhofer's German counsel received a letter from the Higher Regional Court of Munich (the "Munich Court") rejecting Fraunhofer's Letter of Request.  (D.I. 403 at ¶ 3)  The letter outlined four bases for the rejection.  (D.I. 403, Ex. A)  First, the Munich Court rejected Fraunhofer's proposal to have counsel for the respective parties serve as commissioners.  Instead, the Munich Court suggested that counsel select an independent third party, such as a court reporter, to fulfill the duties of the commissioner.  (*Id.* at 1-2)  Second, the Munich Court prohibited the recording of the video deposition.  (*Id.* at 2)  Third, the Munich Court stated that "[a] cross-examination is incompatible with German law and therefore

likewise cannot be approved." (*Id.*)  Fourth, the Munich Court indicated that the Letter of Request must include a provision enabling a German court to monitor the remote depositions. (*Id.*)  The Munich Court stated that, with these modifications, "[a]n approval will . . . be issued as quickly as possible." (*Id.* at 3)

4.   In response to the Munich Court's letter, Fraunhofer filed an amended application for the issuance of a letter of request in this court on February 25, 2021, which is the subject of this Memorandum Order. (D.I. 402)  SXM opposes Fraunhofer's amended application. (D.I. 404; D.I. 406)

5.   **Legal standard.**  "[T]he optional [Hague] Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 541 (1987).  But "[i]n many situations the Letter of Request procedure authorized by the Convention would be unduly time consuming and expensive, as well as less certain to produce needed evidence than direct use of the Federal Rules." *Id.*  Accordingly, the Supreme Court has directed federal courts to employ a case-by-case analysis to determine whether use of the Hague Convention is the appropriate tool for obtaining evidence in a given proceeding.  *See id.* at 544 (declining to hold "as a blanket matter that comity requires resort to Hague Evidence Convention procedures without prior scrutiny in each case of the particular facts, sovereign interests, and likelihood that resort to those procedures will prove effective.").

6.   In weighing these considerations, courts generally conclude that it is unfair to restrict one party to the limited discovery procedures available under the Hague Convention while the other party "takes full advantage of the liberal discovery provisions of the Federal Rules." *First Nat'l Bank of Cicero v. Reinhart Vertrieb's AG*, 116 F.R.D. 8, 10 (N.D. Ill. 1986).

As a result, implementation of procedures under the Hague Convention should be used as "an alternative procedure for taking evidence abroad; its procedures are not exclusive or mandatory." *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 28 (S.D.N.Y. 1984) (citing the unfair advantage a French litigant had over its U.S. adversary when no reciprocal discovery disclosure was made by the French party).

7. **Analysis.** For the reasons set forth below, Fraunhofer has not adequately established that the depositions of its German witnesses would be permitted to proceed to the full extent permitted under the Federal Rules of Civil Procedure. In contrast, Fraunhofer has had the opportunity to depose SXM's witnesses in accordance with the Federal Rules. *See First Nat'l Bank of Cicero*, 116 F.R.D. at 10. The court addresses the ramifications of each of the three substantive alterations to the Letters of Request made by the Munich Court below.

8. ***Cross examination cannot be reconciled with German law.*** In its February 11, 2021 letter, the Munich Court indicated that "[c]ross examination cannot be reconciled with German law and therefore also cannot be approved." (D.I. 408, Ex. A at 2; *see also* Ex. E) This is consistent with German legal authorities, which explain that "German and continental civil procedure has no regard for cross-examination. The Code of Civil Procedure allows a witness to give an independent account and only then to be asked additional questions, primarily by the court and only secondarily by the parties." (D.I. 408, Ex. F at § 1049) "Leading questions for example are not admissible." (*Id.*, Ex. K at § 6.4; *see also* Ex. L at 175)

9. Under these circumstances, a German judge observing the proceedings could interject to prevent lines of questioning that are compatible with the Federal Rules of Civil Procedure but are inconsistent with German law. (D.I. 407 at ¶¶ 6-7, 10-11) SXM raises the legitimate concern that the bar on cross examination "will afford Fraunhofer a preview to SXM's

line of questioning and time to prepare an answer, creating a tactical advantage for Fraunhofer over SXM." (D.I. 406 at 11)  To the extent that depositions under the Hague Convention are not of the same scope as they would be in the U.S., courts have required the depositions go forward in the U.S. or in accordance with U.S. procedures in lieu of pursuing the depositions under the Hague Convention.  *See, e.g.*, *Work v. Bier*, 106 F.R.D. 45, 56-57 (D.D.C. 1985) (stating that depositions occurring at the Embassy in Germany must be "of the same scope as if they were occurring here in the United States" and, to the extent that was not possible, defendants would be required to appear in the U.S. for deposition); *Schindler Elevator Corp. v. Otis Elevator Co.*, 657 F. Supp. 2d 525, 531 (D.N.J. 2009) ("Otis aptly observes that a 'deposition' endorsed by the Hague Convention would not comport with the general procedures and practices of a deposition recognized by the Federal Rules. . . .  The differences between the procedures applicable to a Convention deposition and those applicable to a general 'question-and-answer' deposition under the Federal Rules raise legitimate concerns about the sufficiency of a Hague deposition and the specter of prejudice to Otis.").  In accordance with these authorities, denial of Fraunhofer's application is warranted.

      10.    *A court reporter would serve as a commissioner.*  The record before the court suggests that the role of a court reporter serving as a commissioner would extend beyond the duties of administering an oath and transcribing the proceedings.  Specifically, Fraunhofer's proposed amended letter of request states "that the parties' counsel as well as any German judge in attendance and/or the appointed Commissioners . . . will ensure that no coercion is exercised" on the witnesses; "that the parties' counsel as well as any German judge in attendance and/or the appointed Commissioners . . . will ensure that the examination" of the witnesses "will not serve the purpose of obtaining a pre-trial discovery of documents;" and "that the parties' counsel as

5

well as any German judge in attendance and/or the appointed Commissioners . . . will preserve the personal rights" of the witnesses. (D.I. 402, Ex. 1 at 6)  These provisions indicate that the commissioner is intended to serve in a quasi-judicial capacity.  Requiring the court reporter to simultaneously transcribe and supervise the proceedings is untenable, particularly when the option of proceeding with depositions at the U.S. Consulate under the guidance of a consular official will be possible once the Consulate reopens.[2]

11.     ***Video recording of depositions is not permitted.***  The Federal Rules permit, but do not require, the use of video recording.  Fed. R. Civ. P. 30(b)(3)(A) ("Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means.").  In accordance with the Munich Court's instruction, Fraunhofer's amended letter of request does not permit video recording of the deposition testimony.  Instead, only a verbatim record of the examination transcribed by a stenographer is permitted.  (D.I. 402, Ex. 1 at 7)  SXM has indicated that video recording would be permitted if the depositions were to proceed at the U.S. Consulate.  (D.I. 406 at 13; Ex. N)  Because the use of video recording will be available once depositions can go forward at the U.S. Consulate, and because these depositions will require translation, the better course in this particular case is to proceed with the depositions in a manner consistent with the options available under the Federal Rules of Civil Procedure.

12.     **Conclusion.**  In view of the foregoing analysis, Fraunhofer's application (D.I. 402) is DENIED.

---

[2] During the March 4, 2021 status conference, Fraunhofer offered to eliminate the language "and/or the Commissioners" in a revised letter of request.  However, the proposed revision would not eliminate concerns that a German Judge in attendance would not be precluded from delegating authority or appointing the court stenographer to perform such quasi-judicial tasks, notwithstanding the language of the letter of request.

13. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to five (5) pages each.

14. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
United States Magistrate Judge