IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FRAUNHOFER-GESELLSCHAFT ZUR
FORDERUNG DER ANGEWANDTEN
FORSCHUNG E.V.,

                    Plaintiff,

        v.

SIRIUS XM RADIO INC.,

                    Defendant.

**1:17CV184**

**MEMORANDUM AND ORDER**

This matter is before the Court on Siriuis XM Radio's motion to dismiss for failure to state a claim, D.I. 236; and motion to file a sur-reply in opposition to defendant Sirius XM's motion to dismiss the amended complaint, D.I. 267, filed by plaintiff.[1]  The parties also filed a stipulation to extend time.  D.I. 246.  In view of the Court's determination as to the motion to dismiss, and in light of the briefing on this issue, the Court will deny the stipulation as moot.

**Background**

"MCM is the method used to transmit data which splits components and sends them over separate carrier signals.  Plaintiff developed patented technology related to multicarrier modulation for use in satellite radio broadcasting.  On March 4, 1998, Fraunhofer entered into an exclusive license agreement with WorldSpace International Network Inc. ("WorldSpace") to license all patents for MCM technologies (the "MCM License").  Fraunhofer subsequently obtained U.S. Patent Nos. 6,314,289 ("the '289

---

[1] The Court will deny the motion to file a sur-reply brief as it is unnecessary to the issues addressed herein.

patent"), 6,931,084 ("the '1084 patent"), 6,993,084 ("the '3084 patent"), and 7,061,997 ("the '997 patent") (collectively, the "patents-in-suit"),  which relate to MCM technologies and are covered by the MCM License.  Later, WorldSpace gave a sublicense to XM Case Satellite, and XM used the license technology to assist in the development of the XM DARS system.  XM then merged in 2008 with Sirius.  In 2008 WorldSpace filed a Chapter 11 bankruptcy.  A settlement agreement was approved between WorldSpace, Fraunhofer, and Yamzi and it rejected the MCM license."  D.I. 175 at 4-5.

Fraunhofer alleges infringement of United States Patent Nos. 6,314,289 ("the '289 patent"), 6,931,084 ("the '1084 patent"), 6,993,084 ("the '3084 patent"), 7,061,997 ("the '997 patent") (collectively, the "Asserted Patents"), which are directed to apparatuses and methods used to receive and decode encoded satellite signals, identify "channel fading" effects, and correct for those offsets using a channel decoder.

Sirius filed an initial motion to dismiss.  D.I. 10.  The Court granted that motion to dismiss, D.I. 175, and the plaintiff appealed to the Federal Circuit.  D.I. 182. The Federal Circuit reversed and remanded.  D.I. 193.

**<u>Standards of Review</u>**

***a.  <u>Magistrate Judge</u>***

The standard of review is governed by 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b).  The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1)(C).  Similarly, Rule 72(b)(3)

requires de novo review of any recommendation that is dispositive of a claim or defense of a party.

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive matters are covered by § 636(b)(1)(B). *Gomez v. United States,* 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). Under subparagraph (B), a district court may refer a dispositive motion to a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B); *see EEOC v. City of Long Branch,* 866 F.3d 93, 99–100 (3d Cir. 2017). The product of a magistrate judge, following a referral of a dispositive matter, is often called a "report and recommendation." *Id.* "Parties 'may serve and file specific written objections to the proposed findings and recommendations' within 14 days of being served with a copy of the magistrate judge's report and recommendation." *Id.* (quoting Fed. R. Civ. P. 72(b)(2)).

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *EEOC,* 866 F.3d at 99 (quoting 28 U.S.C. § 636(b)(1)).

### a. 12(b)(6)

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a probability but asks for more than a sheer possibility that a defendant has acted unlawfully.).

*Twombly* is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss.

*Id.* at 678-79. Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at 679. Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly,* 550 U.S. at 556; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Twombly,* 550 U.S. at 558; *Iqbal,* 556 U.S. at 679.

**DISCUSSION**

*Motion to Dismiss, D.I. 236*

Defendant moves to dismiss plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendant bases this motion on its reading of the recent Opinion by the Federal Circuit. D.I. 193-l. This Opinion, argues defendant, means that "Fraunhofer must demonstrate, as a threshold matter, that it properly terminated the License Agreement

between Fraunhofer and WorldSpace International Network Inc. ("WorldSpace") (AC at Ex. F ("MLA" or "Master Agreement")) in order to contend that SXM's sublicense terminated. *See* Opinion at 10-12. This means that if Fraunhofer did not properly terminate the MLA, there can be no termination of the sublicense. Fraunhofer fails to clear this threshold hurdle." Defendant's brief, D.I. 237 at 7. The Court disagrees and will deny the motion to dismiss this case.

The Federal Circuit clearly instructed that SXM's "license defense cannot be resolved on a motion to dismiss." D.I. 193 at 2. Further, the Federal Circuit rejected the argument that the amended complaint was futile, particularly given that certain documents could support plaintiff's version of the case. *Id.* at 18. The Court will not revisit these issues on this new motion, as none of the issues raised by the defendant can be determined in this second motion to dismiss. The Court will abide by and follow the directives of the Federal Circuit and the motion will be denied. *See Bankers Tr. Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 950 (3d Cir. 1985) ("trial court must adhere to the decision and mandate of an appellate court" and must honor "the principles of law enunciated in the appellate opinion … as law of the case"); *ArcelorMittal France v. AK Steel Corp.*, 786 F.3d 885, 888–89 (Fed. Cir. 2015) (same). We are not trying this case on the amended complaint, so the parties shall move forward with the factual and legal issues, such as termination and relevant evidence related to the contractual issues, which will most likely be resolved at the summary judgment stage or at trial.

THEREFORE, IT IS ORDERED THAT:

1.   The stipulation of the parties, D.I. 246, is denied as moot.

2.   The motion to file a sur-reply brief, D.I. 267, is denied.

3.  The motion to dismiss the amended complaint, D.I. 236, is denied.

Dated this 25th day of March, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge