## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRAUNHOFER-GESELLSCHAFT ZUR FÖRDERUNG DER ANGEWANDTEN FORSCHUNG E.V., | ) ) ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 17-184-JFB-SRF |
| | ) | |
| v. | ) | **PUBLIC VERSION** |
| | ) | |
| SIRIUS XM RADIO INC., | ) | |
| | ) | |
| Defendant. | ) | |

### LETTER TO THE HONORABLE SHERRY R. FALLON
### FROM PHILIP A. ROVNER REGARDING DEPOSITION OBJECTIONS

OF COUNSEL:

Jonathan S. Caplan
Mark A. Baghdassarian
P. Bradley O'Neill
Shannon H. Hedvat
Chase Mechanick
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

Dated: October 27, 2021
Public version dated: November 3, 2021

Philip A. Rovner (# 3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON CORROON LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
Tel: (302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendant*
*Sirius XM Radio Inc.*



1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

Philip A. Rovner
Partner
Attorney at Law
provner@potteranderson.com
302 984-6140 Direct Phone

**BY CM/ECF AND HAND DELIVERY**

The Honorable Sherry R. Fallon                    **PUBLIC VERSION**
U.S. District Court for the District of Delaware   November 3, 2021
U.S. Courthouse
844 North King Street
Wilmington, DE 19801

> Re:   *Fraunhofer-Gesellschaft Zur Forderung der angewandten Forschung e.V.*
>       *v. Sirius XM Radio Inc.* (C.A. No. 17-00184-JFB-SRF)

Dear Judge Fallon:

Defendant Sirius XM Radio Inc. ("SXM") respectfully requests Your Honor's guidance in connection with the depositions of Plaintiff Fraunhofer's ("FhG") German-based witnesses that commenced yesterday where objections were asserted that improperly suggested answers to the witness and therefore do not comply with the rules in this District. D.I. 458-1, Ex. L at 1. SXM tried to work this out before the first deposition and hoped it would not have to trouble the Court with this latest dispute, but now seeks guidance from the Court to try to ensure fair and complete depositions.

In particular, pursuant to the Local Rules and practice of this Court, "[a]ny statement of an objection should be concise, should not be argumentative, and should not suggest an answer or otherwise coach the deponent." *Tuerkes-Beckers, Inc. v. New Castle Assocs.*, 158 F.R.D. 573, 574-75 (D. Del. Nov. 5, 1993). Improper objections include, for example, the objection of "calls for speculation," which clues the witness that he or she should not speculate in responding to the question. Other exemplary improper objections include "calls for a legal conclusion," "argumentative," and "misstates the testimony or evidence."

Last week, FhG requested that SXM provide authority for why in the "District of Delaware it is supposedly 'improper' to make any non-privilege objection except by simply stating (without more) that the objection is to 'form.'" Ex. A at 7. Citing a case from the Southern District of New York, *Abu Dhabi Com. Bank v. Morgan Stanley & Co. Inc.*, 2011 WL 4526137 (S.D.N.Y. Sept. 29, 2011), FhG subsequently provided a non-exhaustive list of what it deemed to be permissible objections including "(1) compound; (2) asked and answered; (3) overbroad/calls for a narrative; (4) calls for speculation; (5) argumentative; (6) vague or unintelligible; (7) assumes facts not in evidence; (8) misstates the record; (9) calls for an opinion from an unqualified witness; (10) leading where not permitted; and (11) lack of foundation." *Id.* at 1-3. SXM explained that "the objections [FhG] . . . suggest[ed] are acceptable include those which would inappropriately coach the witness or suggest an answer (or refusal to answer) by the witness, which would be inconsistent with the Local Rules of Delaware as they govern the upcoming depositions." *Id.* at 1. SXM further explained how this Court has specifically

The Honorable Sherry R. Fallon
Page 2                              Public version dated: November 3, 2021

forewarned that these types of objections may seek to "disrupt, obfuscate and avoid proper discovery during those depositions." *Id.* at 3 (citing *LG. Philips LCD Co. v. Tatung Co.*, No. CV 04-343 JJF, 2005 WL 8170100, at *7 (D. Del. Aug. 16, 2005), *report and recommendation adopted sub nom. LG. Philips LCD Co., Ltd v. Tatung Co.*, No. CV 04-343 JJF, 2006 WL 8452351 (D. Del. Sept. 29, 2006)).

Unfortunately, during the deposition yesterday, FhG's counsel made a number of objections (amounting to no less than 50 instances)[1] that improperly coached the witness, raising concerns for SXM's ability to fairly conduct the remaining depositions during the next three weeks.[2] Below are a few examples:

> FhG Counsel:  Objection to form, and Counsel, if you can clarify what you mean by "generations of chipset."
>
> FhG Counsel:  Objection.  Calls for speculation. . . .
> A: I can only speculate . . .
>
> FhG Counsel:  Same objection.
> A: I can only speculate, but Sirius also brought its…
>
> FhG Counsel:  Objection. Misstates testimony.
> A:  I can really not recall what this was about in context, what the topic was here.
>
> FhG Counsel:  Objection.  Misstates the evidence.
> A: I can only read what it says here, but I'm missing a context of what design models this is about.
>
> FhG Counsel:  Objection to form. And there is an issue here about what is meant by "generations of chipsets," Mark.  I've got a standing objection to all your questions in this line.
> A.  Could you perhaps define the generations, the first and second generation.
>
> FhG Counsel:   Objection to the extent it calls for legal conclusion.
> A: I'm not a lawyer, of course, and not part of the license discussion with XM.

Ex. B at 50:23-25, 52:6-11, 52:18-19, 68:24-69:4, 70:15-19, 79:20-80:6, 97:9-12.

Based on the foregoing, SXM respectfully requests the Court's guidance on proper objections to ensure the parties' compliance with this Court's practice and Local Rules in the upcoming depositions and to avoid any further prejudice to SXM in the taking of these depositions.

---

[1] SXM provides herewith, as Exhibit B, a copy of the transcript from the deposition with the exemplary objections cited herein highlighted.

[2] In contrast to FhG's intransigent approach, counsel for SXM promptly addressed the few concerns raised by FhG's counsel regarding objections during depositions of SXM's witnesses.

The Honorable Sherry R. Fallon
Page 3                           Public version dated: November 3, 2021

Respectfully,

*/s/ Philip A. Rovner*

Philip A. Rovner (#3215)

Attachments
cc:  Counsel of Record – by CM/ECF and E-mail
7448394