# Exhibit A

**Hedvat, Shannon H.**

| | |
|---|---|
| **From:** | Baghdassarian, Mark |
| **Sent:** | Monday, October 25, 2021 9:07 PM |
| **To:** | McPhie, David; Caplan, Jonathan S.; provner@potteranderson.com; ~Choa, Jonathan; Hedvat, Shannon H. |
| **Cc:** | Yorks, Ben; Vakili, Kamran; Carson, Rebecca; bfarnan@farnanlaw.com; 'Michael J. Farnan'; Schuetz, Kelsey |
| **Subject:** | Re: two items re: depositions |

David,

We disagree with your e-mail below, including your contention that the parties are in agreement about the objections identified below. It is unclear how you came to that conclusion. Nevertheless, we are concerned that the objections you now suggest are acceptable include those which would inappropriately coach the witness or suggest an answer (or refusal to answer) by the witness, which would be inconsistent with the Local Rules of Delaware as they govern the upcoming depositions. To the extent Fraunhofer makes such objections (and your email suggests it will), we reserve all rights to raise improper objections with the Court. Because the parties' positions are clear at this point, we do not plan to debate the issue with Fraunhofer on the record during tomorrow's deposition (or any of the other upcoming depositions).

Thanks,
-Mark

**From:** McPhie, David <DMcPhie@irell.com>
**Sent:** Monday, October 25, 2021 7:12 PM
**To:** Baghdassarian, Mark; Caplan, Jonathan S.; provner@potteranderson.com; ~Choa, Jonathan; Hedvat, Shannon H.
**Cc:** Yorks, Ben; Vakili, Kamran; Carson, Rebecca; bfarnan@farnanlaw.com; 'Michael J. Farnan'; Schuetz, Kelsey
**Subject:** [EXTERNAL] RE: two items re: depositions

Hi Mark,

This is an attempt to provide a response to your email in very short order as requested.

The question in my original email below has not yielded from SXM any special rule or case law in Delaware that uniquely constrains deposition objections. I don't think the parties have any meaningful dispute on this point, and that is why we cited the New York case as an example of generally accepted federal practice.

It also appears the parties are agreed that at least the following objections are acceptable: "(1) compound; (2) asked and answered; (3) overbroad/calls for a narrative; (4) calls for speculation; (5) argumentative; (6) vague or unintelligible; (7) assumes facts not in evidence; (8) misstates the record; (9) calls for an opinion from an unqualified witness; (10) leading where not permitted; and (11) lack of foundation."

I also think we are agreed that this is not an exhaustive list, as SXM itself has advanced other objections during the prior depositions in this case (e.g., objections regarding scope).  There are probably others—"improper hypothetical" comes to mind—but these seem to be the ones most commonly presented, and I don't know that I expect any others to be raised beyond those cited in this email.  (Of course, instructions regarding privilege are also allowable.)

Let me know if you think there is any remaining disagreement on this topic (and if so why)—preferably before the deposition starts tomorrow as there should be no need to waste time on the record discussing these things.

I'll add that the report and recommendation cited in your email is clearly inapposite, as it involved an unusual set of facts where an extensive "pattern" of discovery abuses had been presented on numerous fronts. Notably, the Court's order adopting in part the report and recommendation says nothing about the propriety of deposition objections.

Sincerely,

David


=========================

David McPhie

Irell & Manella LLP

840 Newport Center Drive, Suite 400

Newport Beach, CA  92660

Direct: (949) 760-5216


**From:** Baghdassarian, Mark [mailto:MBaghdassarian@KRAMERLEVIN.com]
**Sent:** Monday, October 25, 2021 10:11 AM
**To:** McPhie, David; Caplan, Jonathan S.; ~Rovner, Phil; ~Choa, Jonathan; ~Hedvat, Shannon
**Cc:** Yorks, Ben; Vakili, Kamran; Carson, Rebecca; bfarnan@farnanlaw.com; 'Michael J. Farnan'; Schuetz, Kelsey
**Subject:** Re: two items re: depositions


David,

Thank you for your e-mail.  As we have discussed, depositions in this case are governed by the Local Rules of the District of Delaware and case law in this District interpreting those rules and thus it is unclear why you are relying on an S.D.N.Y. case.

While we appreciate trying to resolve potential issues ahead of time, we are concerned about your representation of the *Abu Dhabi* case where the objections it listed for the S.D.N.Y. *were* exhaustive despite your representations below.  Despite this, the District of Delaware has explained that these types of objections may seek to "disrupt, obfuscate and avoid proper discovery during those depositions." *See e.g.*, *LG. Philips LCD Co. v. Tatung Co.*, No. CV 04-343 JJF, 2005 WL 8170100, at *7 (D. Del. Aug. 16, 2005), *report and recommendation adopted sub nom. LG. Philips LCD Co., Ltd v. Tatung Co.*, No. CV 04-343 JJF, 2006 WL 8452351 (D. Del. Sept. 29, 2006).  In view of our correspondence and to make sure we are on the ssame page, we ask that you provide a complete list of the objections you contend are permissible.  We would appreciate your response today.

Thanks,

-Mark

Mark Baghdassarian
Partner

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas, New York, New York 10036
**T** 212.715.9193 **F** 212.715.8362

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

---

**From:** McPhie, David <DMcPhie@irell.com>
**Sent:** Monday, October 25, 2021 5:54 AM
**To:** Baghdassarian, Mark; Caplan, Jonathan S.; provner@potteranderson.com; ~Choa, Jonathan; Hedvat, Shannon H.
**Cc:** Yorks, Ben; Vakili, Kamran; Carson, Rebecca; bfarnan@farnanlaw.com; 'Michael J. Farnan'; Schuetz, Kelsey
**Subject:** [EXTERNAL] RE: two items re: depositions

Hi Mark,

Regarding your question about "other" objections, we are simply referring to the typical range of objections used at depositions in federal litigation, such as the objections raised at prior depositions in this case.  An exemplary (non-exclusive) list of objections can be found in case law such as *Abu Dhabi Com. Bank v. Morgan Stanley & Co. Inc.*, 2011 WL 4526137 (S.D.N.Y. Sept. 29, 2011). I hope this answers your question and that we should be good to go on this issue.

Sincerely,

David

========================

David McPhie

Irell & Manella LLP

840 Newport Center Drive, Suite 400

Newport Beach, CA  92660

Direct: (949) 760-5216

**From:** Baghdassarian, Mark [mailto:MBaghdassarian@KRAMERLEVIN.com]
**Sent:** Friday, October 22, 2021 11:33 AM
**To:** McPhie, David; Caplan, Jonathan S.; ~Rovner, Phil; ~Choa, Jonathan; ~Hedvat, Shannon
**Cc:** Yorks, Ben; Vakili, Kamran; Carson, Rebecca; bfarnan@farnanlaw.com; 'Michael J. Farnan'; Schuetz, Kelsey
**Subject:** Re: two items re: depositions

David:

Thanks for your clarifications.  So that there is no misunderstanding and since you have raised the issue, please let us know what you mean by "other" objections.  As far as the availability of exhibits introduced during the deposition, we will be using the eDepoze platform which will give full access to the documents marked during the deposition.  If you and/or the witness would like a tutorial of the platform, please let us know and we can arrange for that.  This will allow for the witness and counsel to be familiar with the platform in advance of the deposition.

If you wish to discuss any of this, please let us know.

Thanks,

-Mark

Mark Baghdassarian
Partner

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas, New York, New York 10036
**T** 212.715.9193 **F** 212.715.8362

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

**From:** McPhie, David <DMcPhie@irell.com>
**Sent:** Thursday, October 21, 2021 4:26 PM
**To:** Baghdassarian, Mark; Caplan, Jonathan S.; provner@potteranderson.com; ~Choa, Jonathan; Hedvat, Shannon H.
**Cc:** Yorks, Ben; Vakili, Kamran; Carson, Rebecca; bfarnan@farnanlaw.com; 'Michael J. Farnan'; Schuetz, Kelsey
**Subject:** [EXTERNAL] RE: two items re: depositions


Hi Mark,


On the first issue: yes, I'm familiar with the Delaware local rules and have consulted with Brian on this subject, which is exactly why I was asking the question. As far as we can tell, there's no applicable rule or authority in the District of Delaware that alters the customary practice of stating "objection" followed by the basis (e.g., "form," "compound," "lacks foundation," or others). Indeed, this is the pattern adopted by both parties in depositions so far in this case. However, I understood a few of the statements you made to Rebecca during the Friedman deposition as possibly taking a different position, in which case I'm asking that you identify the rule or authority you have in mind so we can address it now and avoid wasting time with colloquy on record on this issue. If I've misunderstood your position and we're actually on the same page, then no need to discuss further.


On the second issue, I want to be clear that what we need is the ability for both the witness and defending attorney to freely review any exhibit that is introduced on the record. This is also customary in typical deposition practice. As you know, this practice can be implemented remotely in any number of ways, including via the ExhibitShare utility or transmitting the PDF or native exhibit file in some manner (e.g., via Zoom messaging, email, FTP or other secure file-share utility) directly to counsel and the witness. To be clear, it is not adequate for the questioner to simply share his or her screen to display a portion of the exhibit, as this does not allow the witness and counsel to review other portions of the document at their convenience. I trust this should not be an issue but if so, please let me know right away so we can resolve the matter in advance rather than taking up time on the deposition record.


Sincerely,

David



========================

David McPhie

Irell & Manella LLP

840 Newport Center Drive, Suite 400

Newport Beach, CA  92660

Direct: (949) 760-5216

**From:** Baghdassarian, Mark [mailto:MBaghdassarian@KRAMERLEVIN.com]
**Sent:** Wednesday, October 20, 2021 4:01 PM
**To:** McPhie, David; Caplan, Jonathan S.; ~Rovner, Phil; ~Choa, Jonathan; ~Hedvat, Shannon
**Cc:** Yorks, Ben; Vakili, Kamran; Carson, Rebecca; bfarnan@farnanlaw.com; 'Michael J. Farnan'; Schuetz, Kelsey
**Subject:** Re: two items re: depositions

Hi David:

I'm not sure I understand why you are asking your first question as I assume you know the rules in Delaware and, if not, can obtain the answer from your local counsel.  I believe we have also discussed these rules during depositions.  Please let me know if I am missing something.

As for your second question, I am again having trouble understanding why you are asking this question.  We will be providing a deposition platform similar to the first deposition we have taken.  There was no issue with our first deposition so I'm not sure why you are raising this issue now.

Thanks,
-Mark


Mark Baghdassarian
Partner

Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas, New York, New York 10036
**T** 212.715.9193 **F** 212.715.8362

This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.


**From:** McPhie, David <DMcPhie@irell.com>
**Sent:** Tuesday, October 19, 2021 2:11 PM
**To:** Baghdassarian, Mark; Caplan, Jonathan S.; provner@potteranderson.com; ~Choa, Jonathan; Hedvat, Shannon H.
**Cc:** Yorks, Ben; Vakili, Kamran; Carson, Rebecca; bfarnan@farnanlaw.com; 'Michael J. Farnan'; Schuetz, Kelsey
**Subject:** [EXTERNAL] two items re: depositions

Hi Mark,

A couple of quick questions for you as we look ahead to the upcoming depositions:

1. During the deposition of Alan Friedman, you argued that in the District of Delaware it is supposedly "improper" to make any non-privilege objection except by simply stating (without more) that the objection is to "form." Can you please let us know what authority or support you have (if any) for this position? We'd like to avoid having this become an unnecessary point of contention during the depositions themselves.

2. Can you also please let us know what technical platform you will be using, and in particular, can you confirm that the witnesses will have full access to each exhibit that is introduced during the deposition, including the ability to freely review the entire document at their convenience? We provided this capability during the depositions of SXM witnesses and ask that our witnesses be afforded the same.

Sincerely,

David


==========================

David McPhie

Irell & Manella LLP

840 Newport Center Drive, Suite 400

Newport Beach, CA  92660

Direct: (949) 760-5216


PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Thank you.