

October 28, 2021

**VIA E-FILING**
The Honorable Sherry R. Fallon
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

**FILED UNDER SEAL**

Re: *Fraunhofer Gesellschaft zur Förderung der angewandten Forschung e.V. v. Sirius XM Radio Inc.*, No. 17-184-JFB-SRF

Dear Judge Fallon:

Fraunhofer respectfully submits that the Court should summarily deny SXM's request (D.I. 477) for failing to meet and confer. Fraunhofer reached out to SXM before the start of depositions to reach agreement concerning deposition objections. As reflected in Exhibit A to SXM's letter, SXM was more obstructive than helpful. Indeed, despite multiple requests by Fraunhofer (Ex. A at 5, 7), SXM ***never disclosed*** the sole authority cited for the first time in its letter filed with the Court (*Tuerkes-Beckers*). Instead, after the conclusion of the first deposition, without a verbal meet-and-confer or any notice of its imminent filing, SXM unilaterally filed its letter with the Court. Simply put, SXM's request for "emergency" relief is completely unjustified, and merely continues SXM's pattern of improper unilateral filings with the Court in pursuit of asymmetric strategic advantage. *See, e.g.*, D.I. 400, 335, 198. Fraunhofer respectfully submits SXM's latest violation warrants denial of its request. If SXM's request is not rejected on procedural grounds, it should nonetheless be denied for the reasons detailed below.

First, SXM's request should be denied as inconsistent with local practice. SXM seeks an order that objections in the "upcoming depositions" be limited to the words "objection, form," as opposed to the customary practice of articulating a more specific basis of objection (e.g., "vague," "asked and answered," "calls for speculation," and others). In Delaware Counsel's experience, what SXM proposes is not the practice in this Court or Delaware generally. Of course, counsel is not permitted to suggest an answer to the deponent (such as "objection, you may answer the question if you understand it," or "objection, answer only if you know"), but briefly stating the legal basis for the objection is proper. This serves the important functions of preserving the objection and providing opposing counsel an opportunity to rephrase the question. SXM's newly cited authority does not hold otherwise.[1]

---

[1] *Tuerkes-Beckers* is directed to the unusual situation of a deposition of trial counsel and does not announce any special rule for the District of Delaware. Rather, it reiterates the Federal Rules' instruction that objections should be "concise," not argumentative or suggestive. In fact, the case expressly authorizes "a brief identification of the ground, preferably in no more than three words." *Id.* at 575. Modern deposition practice in this District follows this approach. *See, e.g.*, Ex. 1 (excerpt from recent deposition transcript including specific objections based on speculation, vagueness, scope, legal conclusion, asked and answered, misstates testimony, etc.).

Second, the Federal Rules simply do not impose SXM's proposed limitation. Rule 30 states only that objections are not a basis to withhold a response and must be "stated concisely in a nonargumentative and nonsuggestive manner." Rule 32(d)(3) and the Committee Notes to Rule 30 further emphasize the importance of raising contemporaneous objections due to the serious consequence of waiver that can result for objections "on grounds that might be immediately obviated, removed, or cured, such as to the form of a question or the responsiveness of an answer."[2] Fraunhofer therefore remains in full compliance with the parties' agreement that these depositions be conducted in accordance with the "Federal Rules of Civil Procedure and the Court's orders in this case," D.I. 441 at 2, and will maintain its compliance going forward.

Third, SXM has not identified any problem or prejudice resulting from the use of the traditional form of objections. At most, SXM points to an instance where Fraunhofer's counsel briefly sought clarification of the chipset generations referred to in SXM's question (Ex. B at 50:23-25) and later offered a standing objection on that point (*id.* at 79:20-25), which was an attempt to save the parties' time. When SXM refused those requests, Fraunhofer did not prevent further questioning on the subject, nor did it attempt any protracted colloquy on the record; rather, it simply addressed the matter during redirect. In short, there is no reason to impose any special restriction beyond compliance with the Federal Rules.

Finally, it makes no sense to impose SXM's new proposed restriction now, *after* the depositions of *SXM's* witnesses have been largely completed. As the record amply demonstrates (*see, e.g.*, Ex. 2), SXM's counsel certainly did *not* limit itself to the words "objection, form" when defending the depositions of SXM's witnesses:



In summary, there is no reason whatsoever for the new prospective rule sought by SXM. Fraunhofer respectfully submits that the Court should reject SXM's request in D.I. 477.

---

[2] Indeed, some courts have found that the defending party *must* identify the specific basis for its objection to avoid waiver. *See, e.g., Fletcher v. Honeywell, Inc.*, 2017 WL 775852, at *1 (S.D. Ohio Feb. 28, 2017) ("To the extent that counsel made a generic objection to 'form,' but failed to specify the basis for the objection, the Court also considers those objections to be waived.").

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (Via E-Mail)