## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRAUNHOFER-GESELLSCHAFT ZUR FÖRDERUNG DER ANGEWANDTEN FORSCHUNG E.V., | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-184-JFB-SRF |
| | ) | |
| SIRUS XM RADIO INC., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM ORDER</u>

At Wilmington this **27th** day of **January, 2022,** the court having considered defendant Sirius XM Radio Inc.'s ("SXM") motion for leave to amend its invalidity contentions (D.I. 503), the briefing and other filings associated with the motion (D.I. 504; D.I. 505; D.I. 509; D.I. 510; D.I. 511), and the arguments presented during the January 27, 2022 telephonic motion hearing, IT IS HEREBY ORDERED THAT SXM's motion to amend is GRANTED for the reasons set forth below.

1. **Background.** Plaintiff Fraunhofer-Gesellschaft Zur Förderung der angewandten Forschung e.V. ("Fraunhofer") filed this case on February 22, 2017, alleging causes of action against SXM for infringement of U.S. Patent Nos. 6,314,289 ("the '289 patent"), 6,931,084 ("the '1084 patent"), 6,993,084 ("the '3084 patent"), and 7,061,997 ("the '997 patent;" collectively, the "patents-in-suit"). (D.I. 1 at ¶¶ 37-72) The patents-in-suit allegedly cover various aspects of SXM's satellite radio technology.

2. On May 23, 2017, the court entered a scheduling order setting a deadline of November 17, 2017 for SXM to disclose its initial invalidity contentions for each asserted claim,

along with the invalidating references.  (D.I. 26 at ¶ 1(d); Delaware Default Standard for Electronic Discovery)  The scheduling order did not set forth a deadline for final invalidity contentions.  SXM timely served its initial invalidity contentions on November 17, 2017.  (D.I. 491, Ex. 19)

3.    In February 2018, petitions for *inter partes* review ("IPR") were filed against the '289 patent (IPR2018-00690), the '997 patent (IPR2018-00681), the '3084 patent (IPR2018-00689), and the '1084 patent (IPR2018-00682).  (D.I. 417 at 8; D.I. 491, Ex. 5 at 1-2; D.I. 495, Exs. S2-S11)  The Patent Trial and Appeal Board ("PTAB") did not institute proceedings or issue a final decision on three of the four patents-in-suit.  (D.I. 427 at ¶ 9; D.I. 417 at 8)  With respect to the '289 patent, the PTAB instituted proceedings and issued a final written decision in July 2020 finding that SXM "fail[ed] to show by a preponderance of the evidence that the challenged claims are unpatentable."  (D.I. 417 at 8)

4.    On July 31, 2020, SXM served an interrogatory response identifying its prior art and invalidity arguments.  (D.I. 495, Ex. S12 at 8)  The interrogatory response incorporated by reference SXM's arguments from the IPR proceedings and initial invalidity contentions.  (*Id.*)

5.    SXM filed its answer to Fraunhofer's amended complaint on April 8, 2021.  (D.I. 421)  In its counterclaims, SXM identified the prior art references associated with its invalidity arguments for each of the four patents-in-suit.  (*Id.* at ¶¶ 24, 32, 40, 48)

6.    On April 22, 2021, the court entered a case narrowing order instructing SXM to reduce the number of prior art references to no more than 44.  (D.I. 427)  SXM made its election the following month, narrowing its invalidity case to 35 prior art references.  (D.I. 436; D.I. 491, Ex. 2)  SXM's election prompted a flurry of correspondence between the parties over the course of nearly five months, culminating in Fraunhofer's motion to strike 13 newly cited prior art

references asserted by SXM in its election. (D.I. 491, Exs. 4-15)  On December 6, 2021, the court issued an order denying Fraunhofer's motion to strike and instructing SXM to move for leave to amend its invalidity contentions. (D.I. 497)  In accordance with the order, SXM filed the instant motion to amend its invalidity contentions on December 14, 2021. (D.I. 503)

7.     **Legal standard.** SXM moves for leave to amend its invalidity contentions under the good cause standard pursuant to Rule 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." (D.I. 504 at 2)  As stated at ¶ 2, *supra*, the scheduling order in this case does not provide a deadline for amending contentions. Nonetheless, the court's case narrowing order functions as part of the court-ordered case schedule. *See, e.g.*, *In re ChanBond, LLC Patent Litig.*, C.A. No. 15-842-RGA, 2019 WL 2098316, at *1 (D. Del. May 14, 2019) (applying good cause standard to new invalidity combination introduced after case narrowing deadlines in scheduling order had expired).  The good cause framework is instructive in this case-specific inquiry and has been applied in cases governed by a scheduling order that does not provide a deadline for amending contentions. *See, e.g.*, *Intellectual Ventures I LLC v. Symantec Corp.*, C.A. No. 13-440-LPS, D.I. 233 Oral Order (D. Del. Apr. 15, 2016).

8.     In determining whether a movant has demonstrated good cause to amend its contentions, the court considers whether the movant has shown diligence, the importance of the new information, evidence of gamesmanship in the untimely disclosure, the potential prejudice to the opposing party, and the likelihood of disruption to the case schedule. *See British Telecommc'ns PLC v. IAC/InterActiveCorp.*, C.A. No. 18-366-WCB, 2020 WL 3047989, at * 2 (D. Del. June 8, 2020) (citing *Bayer Cropscience AG v. Dow AgroSciences LLC*, 2012 WL 12904381, at *2-3 (D. Del. Feb. 27, 2012)).

3

9.     **Analysis.**  On balance, the good cause factors weigh in favor of granting SXM's

motion for leave to amend its invalidity contentions.  Under the particular circumstances of this

case, SXM's previous disclosure of its prior art references and theories during fact discovery

suffices to satisfy the diligence requirement.  Specifically, SXM disclosed its reliance on

admitted prior art described in the asserted patents and its intention to rely on prior art identified

in future *inter partes* review proceedings in its initial invalidity contentions served in 2017.  (D.I.

491, Ex. 18 at 6-8)  SXM subsequently incorporated by reference the filings in each of the IPR

proceedings in response to Fraunhofer's interrogatories seeking disclosure of SXM's prior art

and invalidity arguments for each asserted claim.  (D.I. 495, Ex. S12)  SXM outlined additional

details regarding the specific disclosure of each prior art reference in its correspondence with

Fraunhofer in June 2021.  (D.I. 491, Ex. 7 at 3-8)  SXM's disclosure of the prior art references in

its initial invalidity contentions and interrogatory responses satisfied its duty to timely disclose

the references and SXM's intent to rely on those references during fact discovery.  *Cf.*

*Bridgestone Sports Ltd. v. Acushnet Co.*, C.A. No. 05-132-JJF, 2007 WL 521894, at *5 (D. Del.

Feb. 15, 2007) (denying motion for leave to supplement invalidity contentions because the

defendant did not timely identify the additional references); *Praxair, Inc. v. ATMI*, C.A. No. 03-

1158-SLR, 2005 WL 3159054, at *4 (D. Del. Nov. 28, 2005) ("Prior art references must be

disclosed during fact discovery and the parties must disclose their intent to rely thereon,

regardless of whether or not the opposing party is aware of the reference.").

10.     During oral argument, Fraunhofer conceded that invalidating references disclosed

as such in the IPR proceedings were timely, but argued that a second category of references, such

as the Eureka 147, were disclosed only as background references throughout fact discovery.

(1/27/2022 Tr.)  Although the Eureka 147 reference was disclosed in a "general high-level

4

overview of the state of the art as it relates to certain technologies and features at issue in the Asserted Claims," Fraunhofer contends that this disclosure of the Eureka 147 as a background reference was not sufficient to put it on notice of SXM's intention to rely on the Eureka 147 as an invalidating reference matched to particular claim elements.  (D.I. 491, Ex. 18 at 8, 12-13; 1/27/2022 Tr.; D.I. 509 at 6)  Fraunhofer relies on *British Telecommunications PLC v. IAC/InterActiveCorp.*, C.A. No. 18-366-WCB, 2020 WL 3047989 (D. Del. June 8, 2020), in support of its position that the belated disclosure of the Eureka 147 as an invalidating prior art reference demonstrates a lack of diligence on SXM's part.  But the *British Telecommunications* decision confirms that the diligence inquiry alone is not always dispositive.  Although the court in *British Telecommunications* determined that counsel did not act with diligence in disclosing the Welsh reference, the court proceeded to consider the remaining good cause factors, concluding that there was no gamesmanship and minimal prejudice to the plaintiff.  *Id.* at *4. Indeed, the court's ultimate denial of the motion for leave to amend the invalidity contentions was based on a lengthy discussion of the Welsh reference's lack of importance to the case, in addition to the lack of diligence.  *Id.* at *5.  For the reasons set forth in the ensuing paragraphs, the balance of factors in this case weighs in favor of permitting the amendment, despite the fact that SXM could have acted with greater diligence in disclosing certain invalidity theories.

11.     Although Fraunhofer suggests that the disclosure of prior art references and arguments must take the form of invalidity contentions to satisfy the diligence requirement, authority cited by Fraunhofer confirms that disclosure in an interrogatory response is sufficient. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, 2012 WL 2499929, at *1 (N.D. Cal. June 27, 2012) ("Even if disclosed somewhere, the parties have forced each other to comb through the extraordinarily voluminous record to find [the patent contentions], rather than simply amending

5

their contentions or interrogatory responses as they should."); *see also Gavrieli Brands LLC v. Soto Massini (USA) Corp.*, C.A. No. 18-462-MN, 2019 WL 10248462, at *2 (D. Del. Apr. 18, 2019) (finding prior art reference was timely disclosed, despite failure to include it in invalidity contentions, because it was cited in the defendants' opposition to a TRO motion and a physical sample was brought to a fact witness deposition). Indeed, courts have indicated that timely, detailed interrogatory responses setting forth invalidity arguments are sufficient to demonstrate diligence, and invalidity contentions may later be amended to align those contentions with the interrogatory responses. *See Return Mail, Inc. v. United States*, 152 Fed. Cl. 455, 458-60 (Fed. Cl. 2021). Any delay by SXM in seeking to amend its invalidity contentions and chart its prior art references is offset by its timely disclosure of prior art references and invalidity theories during fact discovery. Nonetheless, the court reiterates the importance of charting allegedly invalidating prior art references in a timely manner as a matter of best practices. (D.I. 497 at ¶ 2) As stated in *British Telecommunications*, SXM ultimately "may not use . . . non-charted references as invalidating prior art references." 2020 WL 3047989, at *6.

12.    As previously discussed, the remaining factors weigh in favor of permitting SXM's proposed amendment. (D.I. 497 at 2 n.2) Fraunhofer has failed to show that it would be prejudiced by the amended invalidity contentions where, as here, the prior art references and the majority of prior art arguments were disclosed during fact discovery and Fraunhofer had an opportunity to take discovery on them after they were disclosed. *See Return Mail*, 152 Fed. Cl. at 460 (rejecting the assertion that defendant "failed to timely identify the evidentiary bases for its contentions" based on the timing of the defendant's supplementation of its interrogatory responses identifying the invalidity theories); *Twilio, Inc. v. TeleSign Corp.*, 2017 WL 3581186, at *2 (N.D. Cal. Aug. 18, 2017). Fraunhofer suggests that SXM's delayed amendment would

6

have influenced Fraunhofer's claim construction strategies if the proposed amendment were disclosed earlier. (D.I. 509 at 8) (citing *Imperium IP Holdings v. Samsung Elecs. Co. Ltd.*, 2016 WL 3854700, at *2 (E.D. Tex. Mar. 28, 2016)). But the parties' claim construction briefing coincided with the filing of the IPR petitions in February 2018, and SXM had indicated a forward-looking intention to rely on those arguments in its initial invalidity contentions served in 2017. (*See, e.g.*, D.I. 112; D.I. 115; D.I. 116; D.I. 491, Ex. 18 at 6; D.I. 417 at 8; D.I. 491, Ex. 5 at 1-2; D.I. 495, Exs. S2-S11) Fact discovery remained open for more than two years after the IPR petitions were filed. (D.I. 280) Yet the record shows that Fraunhofer chose not to pursue certain fact discovery relevant to SXM's invalidity contentions. (D.I. 322, Ex. F at 1; Ex. G) Fraunhofer's general arguments regarding unspecified strategic decisions it would have made are not sufficient to establish prejudice, and Fraunhofer's experts will have sufficient time in this case to fully consider any newly charted invalidity theories.

13.     Moreover, the challenged prior art references are important to SXM's invalidity case, comprising more than a third of the references elected by SXM. (D.I. 491, Ex. 2; Ex. 4) This factor weighs in favor of granting leave to amend because "[c]ourts in the Third Circuit favor resolution of disputes on their merits, particularly with respect to patent validity issues, which raise public interest concerns extending beyond the immediate dispute between the parties." *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 93 (D. Del. 2016).

14.     Finally, SXM's amended invalidity contentions are not likely to disrupt the case schedule because the trial date and expert discovery deadlines were vacated pending the conclusion of fact depositions of foreign-based witnesses, and the court's efforts to set a new case schedule during the January 27, 2022 proceedings were paused by Fraunhofer's representation that it filed a petition for writ of mandamus in the Federal Circuit. (3/4/2021 Oral

Order; 1/27/2022 Tr.)  Under similar circumstances in which "trial has not been scheduled and is

not even imminent" and expert discovery has not yet begun, courts have found that this factor

weighs in favor of permitting amendment. *Bayer Cropscience AG v. Dow AgroSciences LLC*,

C.A. No. 10-1045-RMB-JS, 2012 WL 12904381, at *3 (D. Del. Feb. 27, 2012).  The fact that a

*Markman* decision has already been issued in this case does not alter the balance on this factor

under the circumstances presented by this case. *See Intellectual Ventures I LLC*, C.A. No. 13-

440-LPS, Oral Order, D.I. 233 (D. Del. Apr. 15, 2016) (finding no disruption of case schedule

where trial was a year away and the case schedule did not provide a deadline for amending

contentions, even though the *Markman* hearing was held the previous year).

    15.    SXM indicates that the proposed amended invalidity contentions submitted in

connection with the pending motion were drafted in a manner to comply with the court's 50-page

limit on exhibits.  (D.I. 497 at ¶ 3; D.I. 505, Ex. A at 2 n.1)  On or before close of business on

**February 3, 2022,** SXM shall serve fulsome amended final invalidity contentions on Fraunhofer

without constraints on the number of pages.

    16.    **Conclusion.**  In view of the foregoing analysis, SXM's motion to amend its

invalidity contentions (D.I. 503) is GRANTED.

    17.    This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R.

Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written

objections within fourteen (14) days after being served with a copy of this Memorandum Order.

Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to five (5) pages

each.

8

**18.**     The parties are directed to the court's Standing Order For Objections Filed Under

Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website,

www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge