

**VIA E-FILING**
The Honorable Sherry R. Fallon
J. Caleb Boggs Federal Building
844 N. King Street
Room 3124, Unit 14
Wilmington, DE 19801-3555

      Re:    *Fraunhofer Gesellschaft zur Förderung der angewandten Forschung e.V. v. Sirius XM Radio Inc.*, No. 17-184-JFB-SRF

Dear Judge Fallon:

Pursuant to the Court's Order of February 3, 2023, Fraunhofer submits this letter brief in advance of the discovery teleconference scheduled for February 15, 2023. The parties are in disagreement regarding the extent to which Sirius XM ("SXM") should reasonably be expected to narrow its asserted defenses under 35 U.S.C. § 112 ("Section 112") at this stage of the case. Specifically, Fraunhofer requests that the Court order SXM to **narrow its Section 112 defenses to six arguments** out of those currently identified in the opening report of its invalidity expert, and that this narrowing take place by **March 28, 2023** (the existing deadline for narrowing of prior art).

**SXM Should Narrow Its Section 112 Arguments Given The Advanced Stage Of The Case**

The parties previously raised a dispute regarding the narrowing of Section 112 arguments nearly two years ago, in conjunction with other narrowing issues directed to asserted claims and prior art invalidity arguments. *See* D.I. 417 at 4, 5; D.I. 419 at 4, D.I. 420 at 3. Fraunhofer proposed specific limits on Section 112 arguments based on SXM's (non-final) invalidity contentions. D.I. 419 at 4. By contrast, SXM argued that no restrictions on Section 112 arguments should be imposed "at this time." D.I. 420 at 3. In the alternative, SXM made a narrowing proposal with certain numerical limits, proposing that an invalidity theory "based on a particular claim limitation" should be considered a single argument for counting purposes regardless of whether it applied to "one or more claims." D.I. 417 at 4, 5; D.I. 420 at 3.

On April 22, 2021, the Court issued an Order addressing this dispute in part as follows:

> Fraunhofer has not shown that limitations on § 112 arguments may properly be imposed in a case narrowing order such as this one. Instead, the authority relied upon by Fraunhofer ***supports addressing this issue later in the case***. (D.I. 417, Ex. L at 4-5; Ex. C at 2 n.1 ("Align may reraise its request to limit 3Shape's § 112 arguments ***after*** it receives 3Shape's ***final invalidity contentions***.")). Moreover, the record before the court suggests that the parties' impasse on this issue resulted more from the deadline for the filing of the Joint Stipulation than from an unwillingness to further negotiate or compromise. For example, SXM expressed willingness to limit the number of § 112 arguments in total, to avoid multiplying the argument count when a given claim limitation appears across several claims. (D.I. 417, Ex. R at 3). Consequently, ***the court encourages the parties to continue their negotiations on this issue*** now that the other case narrowing issues have been resolved.

D.I. 427 at 7 (emphasis added).

SXM served its final set of invalidity contentions on February 3, 2022. D.I. 528. SXM's opening expert report on invalidity was served several months later on October 18, 2022. D.I. 604.

On November 4, 2022, Fraunhofer contacted SXM to reinitiate discussion regarding the narrowing of Section 112 arguments, with the goal of streamlining issues for expert discovery, summary judgment, and trial. Ex. 1 at 19. Fraunhofer's proposal cited the Court's prior order (D.I. 427) and applied the same narrowing proportions that had previously been imposed with respect to Fraunhofer's asserted claims and SXM prior art defenses. *Id.* This initial proposal encompassed a two-stage narrowing process; however, the protracted meet-and-confer process soon extended well past what Fraunhofer had originally proposed as the first narrowing date. *Id.* at 14. Accordingly, Fraunhofer dropped its request for a first stage of narrowing and retained only its second-stage proposal to have SXM narrow to no more than six arguments under Section 112 by the existing deadline for SXM to narrow its prior art arguments. *Id.*

Despite an extensive meet-and-confer process—including a full telephonic discussion on December 16, 2022—the parties were unable to reach agreement on this narrowing issue. *See* Ex. 1 at 1-19. Notably, unlike the parties' previous effort in 2021, SXM did not offer any counter-proposal with specific numerical limits for narrowing its Section 112 arguments, nor did SXM propose any specific alternative date.

Fraunhofer submits that the time is now ripe for SXM to narrow its Section 112 arguments. The case has substantially progressed since this issue was last presented to the Court. Significantly, SXM served its final round of invalidity contentions long ago and the parties now have made a full exchange of expert reports on matters pertaining to validity. Moreover, the parties are about to undertake a second round of narrowing directed to asserted claims and prior art arguments, which will take place next month. D.I. 427, 624. It makes little sense to selectively streamline only the asserted claims and SXM's prior-art-based invalidity arguments without also requiring a similar narrowing of the numerous outstanding Section 112 invalidity arguments. Narrowing on *all* issues will significantly help focus the parties' preparation of their summary judgment motions, which are due on April 4, 2023. It will also reduce the burden on the parties and the Court in preparation for trial (currently scheduled for October 16, 2023).

**The Court Should Adopt Fraunhofer's Proposal For Counting Section 112 Arguments**

The primary "dispute" that SXM has raised with respect to Fraunhofer's narrowing proposal centers on its accusation that Fraunhofer has failed to offer a concrete proposal for how Section 112 arguments are to be counted. *See, e.g.*, Ex. 1 at 5, 7-8, 9-10. But this is plainly not true.

Fraunhofer has repeatedly explained that its counting method simply uses each of the specific arguments identified in the headings of SXM's invalidity expert report ("Lyon Invalidity Report"), which results in a baseline of 36 arguments that are currently asserted by SXM. *See, e.g.*, Ex. 1 at 19 (identifying "36 arguments" based on SXM's "recently submitted invalidity report"), 12-13 ("it is evident that SXM is currently advancing at least 36 distinct arguments under Section 112 [which] can be illustrated by looking at the headings and subheadings of the Lyon 'Invalidity' Report as set forth in the table of contents").

Counsel for Fraunhofer further reiterated this proposed counting method during the parties' telephonic meet-and-confer on December 16, 2022, at which time opposing counsel confirmed that SXM "did not have any further questions regarding how Fraunhofer's proposal defines 'Section 112 argument.'" *Id*. at 11. However, SXM later disputed this account of the meet-and-confer and asserted that Fraunhofer's counsel had been unable to "answer what Fraunhofer was defining as a 112 argument." *Id*. at 9-10.

Fraunhofer then explained—again—that it was proposing to use the itemization of the 36 arguments in the SXM's invalidity report, and even provided a summary "Narrowing Worksheet" reproducing verbatim each of those 36 arguments along with the claim(s) corresponding to each argument. *Id*. at 8-9; Ex. 2. Yet SXM still argued that "Fraunhofer has yet to answer [the] question" of how it was "defining 112 argument in its narrowing proposal." Ex. 1 at 7.

Fraunhofer once more responded by restating its proposal that "Section 112 arguments are to be counted and applied to groups of claims in the same manner set forth in SXM's expert report," and provided a specific illustrative example in an attempt to eliminate any possible misunderstanding:

> For example, if SXM were to select the first Section 112 argument in Dr. Lyon's report as one of its six Section 112 arguments going forward, that would mean that SXM may argue that "The Limitation of 'the Receiver' Renders '289 Patent Claims 2-5 and 19-22 Indefinite," an argument that is presented in a subsection of Dr. Lyon's report starting on page 196. To use the language of SXM's counting proposal, this argument that certain claims are indefinite "based on a particular claim limitation" (i.e., "the receiver") would "count as a single argument" for narrowing purposes – even though this argument encompasses multiple claims (i.e., claims 2-5 and 19-22).

*Id.* at 6; *see also* Ex. 2 at 1. Thus, Fraunhofer expressly confirmed that a single "argument" could apply to multiple claims as reflected in the Lyon Invalidity Report. *Id*. Nevertheless, SXM claimed in response that Fraunhofer had still "refus[ed] to provide a concrete definition for 112 argument." Ex. 1 at 5. At this point, Fraunhofer noted that the parties would have to proceed to seek the assistance of the Court as they clearly were at an impasse. *Id.* at 4.

Based on this record, the Court can and should reject SXM's argument that Fraunhofer's proposal fails to identify a "concrete" counting method for Section 112 arguments. Fraunhofer has clearly and repeatedly articulated its counting method, going so far as to provide a specific example as well as a comprehensive worksheet identifying all 36 of SXM's currently asserted arguments and the specific claims corresponding to each argument. *See* Ex. 2.

Moreover, because Fraunhofer's counting proposal expressly permits SXM to apply a single Section 112 argument to multiple claims as indicated in the Lyon Invalidity Report, it avoids any possible concern about "multiplying the argument count when a given claim limitation appears across several claims" (D.I. 427 at 7) and therefore resolves what appears to have been the primary uncertainty that prevented the parties from reaching an agreement on this issue in 2021. *See* D.I. 420 at 3.

In this respect, Fraunhofer's approach for counting arguments appears to align with the main features of the proposal previously urged by SXM (*see* Ex. 1 at 7) but with the additional benefit

of specifying exactly which claim(s) correspond to each of SXM's 36 arguments currently raised under Section 112. This helps to eliminate any possible ambiguity and further disputes regarding the narrowing process.

Finally, SXM has made no counter-proposal to the numerical limit proposed by Fraunhofer (six arguments), which was calculated based on the narrowing percentages that had already been applied to Fraunhofer's asserted claims and SXM's prior art arguments. *See* Ex. 1 at 19. Nor has SXM identified any alternative date for narrowing Section 112 arguments other than the narrowing date for SXM that is already on calendar (March 28). *See* D.I. 427, 624 ("Step 4").

Accordingly, Fraunhofer respectfully submits that SXM should be ordered to elect **six arguments** under Section 112 using the counting method outlined above (and summarized in Exhibit 2) no later than **March 28, 2023**.

Respectfully submitted,

/s/ Michael J. Farnan

Michael J. Farnan

cc: Counsel of Record (Via E-Filing)