

1313 North Market Street
Wilmington, DE 19899-0951
302 984 6000

Philip A. Rovner
Partner
provner@potteranderson.com
302 984-6140 Direct Phone

February 10, 2023

**BY CM/ECF AND HAND DELIVERY**

The Honorable Sherry R. Fallon
U.S. District Court for the District of Delaware
U.S. Courthouse
844 North King Street
Wilmington, DE 19801

        Re:    *Fraunhofer-Gesellschaft Zur Forderung der angewandten Forschung e.V. v. Sirius XM Radio Inc.* (C.A. No. 17-00184-JFB-SRF)

Dear Judge Fallon:

SXM respectfully submits this letter in response to FhG's opening letter (D.I. 630) regarding the narrowing of § 112 arguments and sets forth its proposal herein. Specifically, SXM's proposed definition of a § 112 argument and proposal to narrow those arguments to 36 total is a reasonable and balanced approach. It takes into consideration that SXM has already substantially reduced its number of § 112 arguments. Under this approach, SXM will be able to present its defenses while, at the same time, minimize the burden on the Court and the parties. As explained below, SXM's proposal affords SXM an average of two § 112 arguments per asserted claim. This is fewer arguments than what this Court has permitted SXM to make per claim for its § 102 anticipation and § 103 obviousness defenses. D.I. 427.

By contrast, FhG's proposal fails to take into account, *inter alia,* the overlap with the remaining claim construction issues to be addressed during summary judgment. Indeed, FhG's proposal limits SXM to a total of six § 112 arguments, in other words only one-third of an argument per asserted claim. Tellingly, FhG cites to no authority for its proposal (because there is none) and resorts to unproductive (and at times, misleading) rhetoric regarding the parties' correspondence leading to the present dispute. SXM addresses, herein, the merits of its proposal and why the Court should adopt it.[1]

---

[1] FhG claims that SXM failed to provide a counter-proposal. However, the correspondence makes clear that, despite SXM's *repeated* requests for FhG to set forth a concrete proposal, it never did. D.I. 630, Ex. 1 at 5, 11-12, 15, 18. Indeed, contrary to FhG's misrepresentations, FhG's proposal was ever-changing, starting with a proposal that SXM narrow its § 112 arguments *before the completion of expert reports*. *Id.* at 18-19. FhG also ignored SXM's request that FhG provide its proposed definition for a § 112 argument so that SXM could fully assess the proposal and provide a counter-proposal, if appropriate. *See e.g.*, *id.* at 11-12. It was only after contending that the parties "have clearly reached an impasse" that FhG even attempted to provide a "definition" (i.e. the "worksheet") (*id.* at 7-8), but that, as explained below, is insufficient.

The Honorable Sherry R. Fallon
Page 2

To begin, the table below sets forth the competing proposals by each party:

| SXM's Proposal | FhG's Proposal |
|---|---|
| <u>Definition</u>: A § 112 argument shall mean an argument by Defendant that one or more claims fail to satisfy the one or more requirements of § 112. By way of example, if Defendant argues that one or more claims are invalid under one or more of the requirements of § 112 based on a particular claim limitation, that shall count as a single argument. If other claims have the same limitation that comprises the basis for the given invalidity argument under § 112, that shall not count as an additional § 112 argument. | <u>Definition</u>: "[T]hose currently identified in the opening report of [SXM's] invalidity expert." D.I. 630 at 1.<br><br>"[C]ounting method simply us[ing] each of the specific arguments identified in the headings of SXM's invalidity expert report." D.I. 630 at 2. |
| <u>Number</u>: 36 § 112 arguments | <u>Number</u>: 6 § 112 arguments |

Since the parties' initial briefing on case narrowing, SXM has consistently maintained that a § 112 argument should be defined as follows:

> A § 112 argument shall mean an argument by Defendant that one or more claims fail to satisfy the one or more requirements of § 112. By way of example, if Defendant argues that one or more claims are invalid under one or more of the requirements of § 112 based on a particular claim limitation, that shall count as a single argument. If other claims have the same limitation that comprises the basis for the given invalidity argument under § 112, that shall not count as an additional § 112 argument.

D.I. 417 at 4; *see also* D.I. 420 at 3; D.I. 630, Ex. 1 at 7. SXM's definition clearly sets forth the bounds of what constitutes a § 112 argument and, as this Court previously observed, "avoid[s] multiplying the argument count when a given limitation appears across several claims." D.I. 427 at 7 (citing D.I. 417, Ex. R at 3). While FhG previously agreed with this definition, it has backtracked at least twice. *See e.g.*, D.I. 420 at 3 (citing Ex. M at 13-14) (Fraunhofer previously represented that "it seems we agree on the possibility of overlap and therefore a §112 argument across a number of different claims should not count as separate arguments for case narrowing purposes."); *see also* D.I. 630, Ex. 1 at 10.[2]

Now, FhG has, at best, set forth a moving target for the definition of a § 112 argument. *See e.g.*, D.I. 630, Ex. 1 at 5, 7, 11-12. Setting aside that FhG's lack of clarity has impeded SXM's meaningful attempts at resolution (*see generally*, D.I. 630, Ex. 1), it is clear that FhG's approach greatly prejudices SXM's presentation of its § 112 defenses. In particular, FhG (at 2) does not put forth a definition but rather a "counting method simply us[ing] each of the specific arguments identified in the headings of SXM's invalidity expert report." FhG's proposed "counting method"

---

[2] Tellingly, citing its own e-mail, FhG (at 3) contends that it "reiterated [its] proposed counting method during the parties' telephonic meet and confer. The relevant correspondence, however, makes clear that FhG never provided a concrete proposed § 112 argument definition and its counsel, during the meet and confer, indicated that it "could" agree with SXM's definition (which it later retracted). D.I. 630, Ex. 1 at 10.

The Honorable Sherry R. Fallon
Page 3

imposes unnecessary restrictions on SXM's §112 arguments without taking into account that, as the Court previously instructed, additional claim construction will likely take place subsequent to FhG's second narrowing of asserted claims.[3]  D.I. 427 at 4-5 ("the standard practice in this district is to address additional claim construction disputes in conjunction with summary judgment and *Daubert* motions. . . . Deferring additional claim construction until after dispositive motions are filed will allow the parties to first complete the case narrowing process, as well as fact and expert discovery.").

Specifically, there are currently at least eight means-plus-function claims that FhG is asserting that will require construction should FhG continue to assert them after its next election of asserted claims on March 21.  This is further demonstrated by the "worksheet" FhG created (D.I. 630, Ex. 2) based on "section headings" of SXM's invalidity expert report.  In particular, as shown in the highlighted Exhibit A hereto, at least 11 of the 36 "arguments" FhG identifies relate to the remaining means-plus-function claims that have not yet been construed.  But, because these claims have yet to be construed, and in order to preserve its § 112 arguments under FhG's "definition," SXM would be required to include them in its § 112 argument narrowing but could not given FhG's six argument limit.  By contrast, SXM's definition and number proposal ensure that SXM can pursue such arguments including those pending claim construction by the Court.

Similarly inappropriate is FhG's attempt to reduce the number of §112 arguments to a tiny number that would effectively preclude SXM from presenting an invalidity defense based on §112 for each asserted claim.[4]  This is highlighted by comparing the case narrowing that the Court has already set in connection with SXM's anticipation and obviousness defenses.

For example, the Court's Case Narrowing Order (D.I. 427) requires that, across 18 asserted claims, SXM may elect 23 prior art references with 63 prior art arguments, amounting to an average of 3.5 arguments per asserted claim.  SXM's proposal here is consistent with this in that it narrows its § 112 arguments to 36 arguments – that is, an average of 2 arguments per claim.[5]  Notably, SXM has already reduced the § 112 arguments it is asserting by about three quarters from the 136 § 112

---

[3] FhG's counsel previously acknowledged that § 112 arguments implicating means-plus-function claims are to be addressed during summary judgment briefing. Ex. B at 20:24-21:4 ("This attempt to use this excess of claim terms as a lever to get an early summary judgment motion on a whole bunch of means-plus-function claims and have them dismissed from the case at a premature stage is not improper, it's unprecedented, and it's extremely prejudicial to [FhG].").

[4] While certain of the § 112 arguments may become moot upon FhG's next narrowing of asserted claims (to the extent it elects to not pursue unconstrued means-plus-function claims), there is no basis to prejudice SXM's pursuit of its invalidity defenses under § 112 at this point.  *See Huber Engineered Woods LLC v. Louisiana-Pacific Corp.*, Case No. 1:19-cv-00342-GBW-SRF, D.I. 492 at 26 (D. Del. Nov. 17, 2022) (Ex. C) ("[Plaintiff's] concerns about the number of § 112 invalidity arguments asserted [] are likely to be addressed by [Plaintiff's] own reduction in the number of asserted claims.").

[5] In total, this would amount to an average of 5.5 arguments per claim consistent with precedent in this District.  *See e.g., TQ Delta LLC v. 2Wire Inc.,* Civ. No. 1:13-cv-01835-RGA, D.I. 1415 (D. Del. Oct. 30, 2020) (Ex. D) (reducing, three months before trial, invalidity defenses under §§ 102, 103 and 112 to six per claim); *see also* D.I. 417, Ex. K at 3.

The Honorable Sherry R. Fallon
Page 4

arguments in its invalidity contentions (a point which FhG ignores).  SXM's proposal is also reasonable in light of its prior proposal during the parties' initial round of briefing on case narrowing in which SXM proposed a final narrowing of § 112 arguments to 68 across its proposed 14 asserted claims (*i.e.*, an average of 4-5 § 112 arguments per asserted claim).  D.I. 417 at 2, 5.  In short, SXM has already self-narrowed its § 112 arguments and now seeks to have a reasonable number of arguments consistent with the narrowing this Court already ordered in connection with the anticipation and obviousness analyses.

By contrast, FhG's current proposal presents a drastic reduction from its prior proposal to the Court while making matters worse in disregarding the fact that SXM has already narrowed these arguments to a very reasonable amount.  FhG now seeks to limit SXM to less than one § 112 argument per asserted claim (that is, a total of six § 112 arguments across 18 asserted claims or one-third of an argument per asserted claim).  Yet, its previous proposal narrowed the § 112 arguments to 20 across its proposed 25 asserted claims (although still an unreasonable proposal as it provides less than one argument per asserted claim but not nearly as low as one-third per claim).  D.I. 417 at 2, 5.  Notably, it appears FhG seeks to take advantage of SXM's self-narrowing, hoping this Court may split the difference and impose even more restrictions to minimize a finding that its asserted claims violate § 112.  Such an unbalanced and prejudicial approach is telling and should be rejected.

For these reasons, SXM respectfully requests that its proposal be adopted.

Respectfully,

*/s/ Philip A. Rovner*

Philip A. Rovner (#3215)

Attachments
cc:  Counsel of Record – by CM/ECF and E-mail