IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRAUNHOFER-GESELLSCHAFT ZUR FÖRDERUNG DER ANGEWANDTEN FORSCHUNG E.V.,<br>Plaintiff,<br>vs.<br>SIRIUS XM RADIO INC.,<br>Defendant. | 1:17CV184<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's, Fraunhofer-Gesellschaft zur Förderung der angewandten Forschung e.V. ("Fraunhofer"), Motion for Clarification. D.I. 837.

## I. LEGAL STANDARDS

"[A]ny order or other decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). Likewise, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for various reasons, including mistake inadvertence, surprise, newly discovered evidence, excusable neglect, or fraud, among others. Fed. R. Civ. P. 60(b). The Court has discretion to grant a motion for clarification or reconsideration, but such motions are "sparingly granted." D. Del. L.R. 7.1.5; *see also Invitae Corp. v. Natera, Inc.*, No. CV 21-1635-GBW, 2023 WL 3996609 (D. Del. June 14, 2023).

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." See *Jackson v. NuVasive, Inc.*, No. CV 21-53-RGA, 2024 WL 3534820, at *1 (D. Del. July 25, 2024) (quoting *Resol. Tr. Corp. v. KPMG Peat Marwick*, No. CIV. A. 92-1373, 1993 WL 211555, at *2 (E.D. Pa. June 8, 1993)). The purpose of a motion for reconsideration "is to correct manifest errors of law

1

or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal quotations and citation omitted). "A party may seek reconsideration only if it can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice." *AgroFresh Inc. v. Essentiv LLC*, No. CV 16-662 (MN), 2019 WL 2745723, at *1 (D. Del. July 1, 2019) (citing *Max's Seafood Cafe ex rel. Lou-Ann, Inc.*, 176 F.3d at 677).

II.     **DISCUSSION**

On September 15, 2025, the Court issued a Memorandum and Order ("Order") setting a bench trial in this case. D.I. 836. Fraunhofer seeks clarification or reconsideration of the September 15, 2025, Order. D.I. 837.

First, Fraunhofer argues that the Court's Order is based in part on a misapprehension of Fraunhofer's current position regarding termination theories and infringement. D.I. 837 at 1–2. In particular, it argues it has expressly confirmed in its Notice of Withdrawal filed on August 21, 2025, that "it will no longer affirmatively pursue this 2010 termination theory in this litigation." *Id.* at 1. The Court disagrees with Fraunhofer's assessment. The Court's Order setting a bench trial is unambiguous. In its Order, the Court wrote "Fraunhofer believes equitable estoppel is not case dispositive because it will not preclude all its infringement theories. The Court is skeptical." D.I. 836 at 6. Thus, the Court understood Fraunhofer's argument and directly addressed it, holding that the Court "need not resolve this specific dispute in this posture." *Id.* Yet, Fraunhofer argues clarification is warranted to clarify "whether a bench trial is needed to

2

evaluate SXM's alleged reliance between 2010 and 2015 if it is assumed that the Sublicense terminated in 2010." D.I. 842 at 2. Fraunhofer argues "the answer to that question is 'no,' because both parties are now agreed that the Sublicense did not terminate in 2010," and thus there is no need to "resolve a hypothetical dispute that is now irrelevant to this case." Id. As Sirius XM observes,

> The Court understood Fraunhofer's argument and directly addressed it, holding that while "[t]he Court is skeptical" of Fraunhofer's position that "equitable estoppel is not case dispositive because it will not preclude all its infringement theories," the Court "need not resolve this specific dispute in this posture." (D.I. 836 at 6). Accordingly, the Court directed the parties to "address whether this defense is case dispositive in their post-trial briefing." (Id.). After the bench trial, SXM will show that even in light of Fraunhofer's attempt to abandon its 2010 termination theory, equitable estoppel bars Fraunhofer's entire case. Fraunhofer will be free to make its own arguments at the appropriate time. In any event, Fraunhofer's dissatisfaction with the Court's Order provides no basis to change it.

D.I. 841 at 2. Thus, the Court's Order setting a bench trial is unambiguous and is not based on a misapprehension of Fraunhofer's current positions on these points. Fraunhofer's motion for clarification is denied.

Second, Fraunhofer seeks reconsideration "to the extent that the outcome of the Order was based in part on a misapprehension of Fraunhofer's current positions on these points." D.I. 837 at 1–2. As already discussed above, the Court's Order is not based on a misapprehension of Fraunhofer's current position. Further, Fraunhofer's withdrawal of its 2010 termination theory does not rise to the level of a clear error of fact. The Court directed the parties "to address whether this defense is case dispositive in their post-trial briefing." D.I. 836 at 6. Therefore, the parties will be free to make their own arguments during and after the bench trial, regardless of whether they pursue certain theories. Thus, Fraunhofer's motion for reconsideration is denied.

## III. CONCLUSION

For the foregoing reasons, the Court denies Fraunhofer's Motion. The one-day bench trial on the issue of reliance, consistent with the Federal Circuit's opinion, will be on November 4, 2025.

IT IS ORDERED:

1. Plaintiff's Motion for Clarification, D.I. 837, is denied.

Dated this 8th day of October, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge