IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FRAUNHOFER-GESELLSCHAFT ZUR
FÖRDERUNG DER ANGEWANDTEN
FORSCHUNG E.V.,
        Plaintiff,

vs.

SIRIUS XM RADIO INC.,
        Defendant.

1:17CV184

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's, Fraunhofer-Gesellschaft zur Förderung der angewandten Forschung e.V.'s ("Fraunhofer's"), Motions in Limine, D.I. 851; D.I. 852; D.I. 853; and Defendant's, Sirius XM Radio, Inc's (SXM's), Motions in Limine, D.I. 856; D.I. 857; D.I. 858. On October 28, the Court held an off-the-record pretrial conference during which it gave its rulings on the motions in limine as outlined herein.

## I.    LEGAL STANDARDS

"A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules." *Toledo Mack Sales & Serv., Inc. v. Mack Trucks, Inc.*, 386 F. App'x 214, 218 (3d Cir. 2010) (quoting *United States v. Abel*, 469 U.S. 45, 54 (1984)). "A *motion in limine* is a vehicle to exclude inadmissible or prejudicial evidence before it is offered at trial." *Novartis AG v. Actavis Elizabeth LLC*, No. CV 14-1487-LPS, 2017 WL 1398347, at *2 (D. Del. Apr. 17, 2017). "Trial courts [are] [often] more reluctant to exclude evidence in a bench trial than a jury trial." *Wright v. Elton Corp.*, No. CV 17-286-JFB, 2022 WL 1091280, at *1 (D. Del. Apr. 12, 2022) (citing *First Am. State Bank v. Cont'l Ins. Co.*, 897 F.2d 319, 328 (8th Cir. 1990)).

1

## II. ANALYSIS

### A. Fraunhofer's First Motion in Limine

Fraunhofer first moves to prevent SXM from introducing specific testimony from its witness Patrick Donnelly because he refused to testify on certain matters during his deposition on the grounds such matters were privileged. The Court grants Fraunhofer's first motion in part. SXM cannot be permitted to invoke privilege to avoid having a witness testify and then blindside Fraunhofer with the supposedly privileged testimony at trial. Therefore, Donnelly is permitted to testify but will not be allowed to testify about any matters not disclosed or testified to during his deposition, including those for which he invoked privilege.

### B. Fraunhofer's Second Motion in Limine

Fraunhofer moves to preclude SXM from introducing certain evidence that it claims SXM failed to timely identify during discovery. Fraunhofer argues SXM did not disclose certain exhibits (royalty summaries, audio encoding technologies documents, and communications involving Ernest Eberlein) in response to an interrogatory asking for its "complete bases" for its affirmative defenses, including equitable estoppel. It likewise argues Pat Donnelly, SXM's former general counsel, was not properly disclosed as a witness on the reliance element of equitable estoppel.

Federal Rule of Civil Procedure 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

First, Fraunhofer should have filed a motion to compel if it believed SXM's discovery responses were incomplete or lacking in any way rather than waiting until the eve of trial to attempt to raise discovery issues under the guise of a motion in limine. Nevertheless, it would cause Fraunhofer harm and is not substantially justified to allow SXM to present evidence not previously disclosed in discovery. Accordingly, the motion is granted in part. SXM is prohibited from presenting evidence not previously produced or disclosed, unless in rebuttal. The motion is denied to the extent the previously produced or disclosed evidence may not have identified it as specifically relating to the remaining reasonable reliance issue.

**C. Fraunhofer's Third Motion in Limine**

Fraunhofer's third motion limine seeks to prevent SXM from posing hypothetical questions to its trial witnesses in an attempt to elicit improper and speculative testimony that is outside their personal knowledge as fact witnesses.

"Although a lay witness may testify to facts within his personal knowledge, a lay witness may not offer testimony as to events that 'would have occurred.'" *AVM Techs., LLC v. Intel Corp.*, 927 F. Supp. 2d 139, 146 (D. Del. 2013) (quoting *Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 82–84 (3d Cir. 2009)).

Accordingly, the Court grants Fraunhofer's motion to the extent that fact witnesses will not be permitted to answer hypotheticals outside their firsthand knowledge or job responsibilities. Such fact witnesses will not be permitted to speculate about what would have happened, only what they in their job position would have been required to do based on their personal knowledge.

**D. SXM's First Motion in Limine**

SXM moves to preclude Fraunhofer from presenting evidence and arguments that are inconsistent with prior rulings and beyond the scope of the limited bench trial on the reliance prong of equitable estoppel. Fraunhofer agrees that the bench trial is only focused on the issue of reliance and argues its evidence does not contradict the trial's limited scope.

The Court agrees the trial is limited to the narrow issue of reliance under equitable estoppel. At this point in time, the nature of the supposed evidence identified by SXM as exceeding the scope of the trial is too speculative to warrant exclusion on a prospective basis. Accordingly, this motion is denied as premature without prejudice, and SXM should make a relevance objection to specific evidence it believes is irrelevant as it is adduced at trial.

**E. SXM's Second Motion in Limine**

SXM moves to preclude testimony and evidence from witnesses it contends lack factual knowledge regarding the narrow issue for trial: reliance. It argues four experts did not disclose their opinion on reliance in their expert reports. It further argues two non-expert witnesses, Alan Friedman and Michael Schlicht, lack a factual basis to testify as to reliance.

A retained expert witness must provide a written report disclosing "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B). Accordingly, the expert witnesses will be permitted to testify about any expert opinion disclosed in their report relevant to reliance. Expert witnesses will not be permitted to testify about reliance if such opinion was not properly disclosed.

Friedman can testify to matters within his firsthand knowledge, such as his interaction with SXM, but he cannot testify about what SXM should have known. Importantly, Friedman was not designated as an expert and therefore cannot provide his opinion on matters outside the scope of his direct factual knowledge. Additionally, he cannot testify about any conversations occurring following the filing of the instant suit because such evidence is irrelevant to the question of reliance subsequent to litigation.

Schlicht will be permitted to testify about any interaction he had with SXM during the five-year hiatus as that is a matter demonstrated to be within his personal knowledge. Accordingly, SXM's second motion in limine is granted in part and denied in part.

### F. SXM's Third Motion in Limine

Lastly, SXM seeks to exclude the testimony of two of Fraunhofer's expert witnesses, Mark Chandler and Jurgen Basedow, because it argues they did not opine on SXM's reliance. As with the other expert witnesses at issue in its second motion in limine, Rule 26 provides the answer: the expert witnesses can testify about any expert opinion properly disclosed in their report that is relevant to the question of reliance.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED:

1. Plaintiff's Motion in Limine No. 1, D.I. 851, is granted and denied in part as set forth herein.

2. Plaintiff's Motion in Limine No. 2, D.I. 852, is granted and denied in part as set forth herein.

3. Plaintiff's Motion in Limine No. 3, D.I. 853, is granted as set forth herein.

4. Defendant's Motion in Limine No. 1, D.I. 856, is denied without prejudice to reassertion at trial as set forth herein.

5. Defendant's Motion in Limine No. 2, D.I. 857, is granted in part and denied in part as set forth herein.

6. Defendant's Motion in Limine No. 3, D.I. 858, is granted in part and denied in part as set forth herein.

Dated this 29th day of October, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge